JEFFREY L. ADAMS, Bar No. 148393
ANNE-MARIE WAGGONER, Bar No. 173407
TARUN MEHTA, Bar No. 262886
LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
Telephone:    925.932.2468
Facsimile:    925.946.9809
jadams@littler.com
awaggoner@littler.com
tmehta@littler.com

Attorneys for Defendant
R.J. REYNOLDS TOBACCO CO.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA MCCARTHY, KATHERINE SCHMITT, Plaintiffs, v. R.J. REYNOLDS TOBACCO CO., and DOES 1-10, Defendants. | Case No.  09-cv-02495-WBS-DAD **OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR LEAVE OF COURT TO FILE AN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND TO RESET DATE(S) FOR HEARING ON SAME** |

I.      INTRODUCTION

        Defendant R.J. Reynolds Tobacco Company ("Defendant") files this opposition to Plaintiffs Victoria McCarthy and Katherine Schmitt's (collectively "Plaintiffs") improper and untimely "*Ex Parte* Application For Leave Of Court To File An Opposition To Defendant's Motion For Summary Judgment And To Reset Date(s) For Hearing On Same."  Plaintiffs Application should be denied for a myriad of reasons: Most notably, because Plaintiffs' already filed an opposition to Defendant's motion for summary judgment (albeit late).  Plaintiffs are asking for one of two forms of relief: (1) Plaintiffs request that this Court accept their untimely filed papers in opposition to Defendant's motion for summary judgment; (2) In the alternative, Plaintiffs request that this Court

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

OPPOSITION TO PLAINTIFFS' EX PARTE
APPLICATION (NO.  09-CV-02495-WBS-DAD)

1  take the extraordinary step of continuing the hearing date on the motion for summary judgment

2  (which is scheduled for March 14, 2011), and allowing Plaintiffs to file a **second** opposition to the

3  motion for summary judgment—this time with the benefit of having reviewed Defendant's reply to

4  their opposition papers.  No legal authority for such a request is cited, and the Application should

5  therefore be denied.

6  **II.    ARGUMENT**

7         **A.    Plaintiffs' *Ex Parte* Application Lacks A Declaration.**

8              Local Rules 144(c) and (e) require Plaintiffs to file an affidavit in support of their *ex*

9  *parte* application.  Plaintiffs fail to do so and their request should be denied for this reason alone.

10        **B.    Plaintiffs Should Not Be Heard In Opposition To The Motion For Summary**

11  **Judgment Because The Opposition Was Not Timely Filed.**

12             Plaintiffs' opposition to summary judgment was due on February 28, 2011.  Yet,

13  Plaintiffs filed their opposition at two minutes before midnight on March 1, 2011 (essentially giving

14  Defendant two less days to draft its reply papers).  "No party will be entitled to be heard in

15  opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that

16  party. L.R. 230(c).  *See Hernandez v. KSM Props.*, 2007 U.S. Dist. LEXIS 40588, *3 (E.D. Cal.

17  May 25, 2007) (viewing motion as unopposed because opposition untimely filed pursuant to L.R.

18  230).

19             Plaintiffs  acknowledge their papers filed in opposition to Defendant's Motion For

20  Summary Judgment were not timely filed because counsel "miscalendared the due date for this

21  opposition by misreading and misapplying the Federal Rules of Civil Procedure . . . ."  Declaration

22  of Aldon Balanos Filed in Support of Opposition to Summary Judgment (Docket No. 22) ¶ 5.

23  Plaintiffs argue this constitutes "excusable neglect".  Application For *Ex Parte* Relief at 2-3.

24  However, miscalendering a response date due to a failure to read and apply clear legal rules is not

25  excusable neglect.  *See Lewis v. School Dist. #70*, 523 F.3d 730, 740 (7th Cir. 2008).  Because

26  miscalendaring does not constitute excusable neglect, Local Rule 230(c) mandates that Plaintiffs not

27  be heard in opposition to the motion at oral argument.

28             Moreover, Federal Rule of Civil Procedure 6(b) requires a showing of both excusable

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

OPPOSITION TO PLAINTIFFS' EX PARTE
APPLICATION (NO.  09-CV-02495-WBS-DAD)                    2.

1  neglect and good cause where an extension of time is sought *after* the time period for filing has

2  expired.  *See Murphy v. Eddie Murphy Productions, Inc.*, 611 F.3d 322 (7th Cir. 2010); *Staley v.*

3  *Owens*, 367 Fed. Appx. 102, 105 (11th Cir. 2010) (Unpublished).  Plaintiffs, however, have failed to

4  meet the requirement of good cause in their Application.

5  **C.    Plaintiffs' Should Not Be Allowed To File A Second Opposition Brief.**

6          Plaintiffs request, in the alternative, that the Court grant them leave to file a second

7  opposition brief.  However, the requested relief would be highly prejudicial to Defendant as

8  Defendant has already prepared and filed reply papers in response to Plaintiffs opposition papers.

9  *See U.S. v. Denkers*, 2010 U.S. Dist. LEXIS 95711, *2-6 (N.D. Cal. Aug. 13, 2010) (denying

10  plaintiff's request for what would amount to a second opposition to the motion for summary

11  judgment); *RMA Ventures Cal. V. Sunamerica Life Ins. Co.*, 2008 U.S> Dist. LEXIS 23531, *5-6

12  (D. Utah Mar. 25, 2008) (denying plaintiff's request to file a second opposition brief in opposition to

13  defendant's motion for attorneys' fees and explaining: "By filing both a motion to strike and a

14  memorandum in opposition . . . Plaintiff has foreclosed the opportunity to address the purported

15  'defects' in Plaintiff's motion.  The local rules do not contemplate a second opposition brief in the

16  event that arguments made in the first are not well-taken by the Court.").  By filing their opposition

17  papers, thereby necessitating Defendant's counsel to quickly draft a reply brief, Plaintiffs foreclosed

18  their opportunity to seek an extension to file additional papers in opposition to the motion.  *See id.*

19          In addition, a request for an extension of time must be brought "as soon as the need

20  for an extension becomes apparent.  Requests for Court-approved extension brought on the required

21  filing date for the pleading or other document are looked upon with disfavor."  L.R. 144(d).  Here,

22  Plaintiffs did not seek an extension on or before the February 28, 2011, due date.  Indeed, they did

23  not even seek an extension when Plaintiffs, on March 1, were notified by the Court through counsel

24  that the opposition papers had not been timely filed.  Rather, they opted to file the opposition papers,

25  let the time available to Defendant to prepare a reply to that opposition pass, and then reviewed

26  Defendant's reply papers before seeking an extension of time to file additional opposition papers.

27  Hence, Plaintiffs likewise failed to seek the extension as soon as the alleged need for an extension

28  became apparent as required by Local Rule 144(d).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

OPPOSITION TO PLAINTIFFS' EX PARTE
APPLICATION (NO. 09-CV-02495-WBS-DAD)                    3.

1    **III.    CONCLUSION**

2         For the foregoing reasons, the *ex parte* application should be denied.

3

4    Dated: March 10, 2011

5

6                                              _____/S/_____

7                                              Tarun Mehta
                                               LITTLER MENDELSON
8                                              A Professional Corporation
                                               Attorneys for Defendant
9                                              R.J. REYNOLDS TOBACCO CO.

10   Firmwide:100608581.1 006886.1028

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

OPPOSITION TO PLAINTIFFS' EX PARTE
APPLICATION (NO.  09-CV-02495-WBS-DAD)                    4.