UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

VICTORIA McCARTHY, KATHERINE SCHMITT,

       Plaintiffs,

  v.

R.J. REYNOLDS TOBACCO CO., and DOES 1-10,

       Defendants.
_____/

NO. CIV. 2:09-2495 WBS DAD

MEMORANDUM AND ORDER RE: EVIDENTIARY OBJECTIONS

----oo0oo----

      Defendant has filed twenty-one objections to deposition testimony plaintiffs submitted in opposition to defendant's motion for summary judgment. Federal Rule of Civil Procedure 56, as amended on December 1, 2010, now states that "[a] party may object that the material cited to support or dispute a fact <u>cannot be presented in a form that would be admissible in evidence</u>." Fed. R. Civ. P. 56(c)(2) (emphasis added). The Advisory Committee notes to the amended rule explain that an

1

objection to evidence on a motion for summary judgment "functions much as an objection at trial, adjusted for the pretrial setting. <u>The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated.</u>" <u>Id.</u> advisory committee's note to 2010 amendment (emphasis added). The Advisory Committee notes also correct a commonly-held misunderstanding by lawyers by noting that, "[i]f the case goes to trial, failure to challenge admissibility at the summary-judgment stage does not forfeit the right to challenge admissibility at trial." <u>Id.</u>

This amendment addresses the increasingly common practice in federal courts of objecting to evidence on summary judgment. While the new rule establishes a procedure for those objections, it also implicitly limits objections to those that could not be cured at trial. <u>See</u> <u>Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163, 168 (1993) ("<u>Expressio unius est exclusio alterius</u>.").

Allowing only an objection that evidence cannot be presented in a form that would be admissible in evidence is consistent with precedent. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986) (holding that the summary judgment standard requiring a nonmoving party to designate specific facts showing a genuine issue for trial "d[id] not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment"); <u>Fraser v. Goodale</u>, 342 F.3d 1032, 1036-37 (9th Cir. 2003) (evidence, such as a written diary, may be considered on summary judgment even if its <u>form</u> would not be admissible at trial, so long as its <u>contents</u> would be

2

admissible at trial in some other form, such as testimony from the writer); Hughes v. United States, 953 F.2d 531, 543 (9th Cir. 1992) (an affidavit may be considered on summary judgment despite hearsay and best evidence rule objections if the facts underlying the affidavit are the type that would be admissible as evidence).

The court is hopeful that the amended rule, by clarifying which objections may be properly made, will ultimately result in fewer unnecessary evidentiary objections.  Defendant is cautioned that specific types of objections are particularly improper on summary judgment.  See Burch v. Regents of Univ. of Cal., 433 F. Supp. 2d 1110, 1119-20 (E.D. Cal. 2006).  Objections to evidence on the ground that the evidence is irrelevant, speculative, argumentative, or constitutes an improper legal conclusion are all duplicative of the summary judgment standard itself.

A court can award summary judgment only when there is no genuine dispute of material fact.  It cannot rely on irrelevant facts, and thus relevance objections are redundant.  Instead of objecting, parties are better advised to argue that certain facts are not material.  Similarly, statements based on speculation, improper legal conclusions, or argumentative statements, are not facts and can only be considered as arguments, not as facts, on a motion for summary judgment.  Objections on any of these grounds are superfluous.  Instead of challenging the admissibility of this evidence, lawyers should challenge its sufficiency.

In light of defendant's objections, plaintiffs may take limited depositions of Jared Lelonde, Keith Johnson, and

3

"Nicole," whose last name is unknown.  The depositions shall be limited to the subjects referenced in those portions of plaintiffs' deposition testimony to which defendant objects. See Fed. R. Civ. P. 56(d) (previously Fed. R. Civ. P. 56(f)) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . allow time to obtain affidavits or declarations or to take discovery . . . .").

Following the standard set out in the Advisory Committee's notes, for each objection, plaintiffs shall (a) withdraw the objectionable deposition testimony, (b) "show that the material is admissible as presented" (by arguing that it falls within a hearsay exception, for example), or (c) "explain the admissible form that is anticipated." See Fed. R. Civ. P. 56(c)(2) advisory committee's note to 2010 amendment.  The last option can be accomplished in several ways.  For example, plaintiffs may submit declarations or other materials to make the deposition testimony admissible, such as providing the basis for personal knowledge currently missing from plaintiffs' deposition testimony.  Plaintiffs could also submit declarations or deposition testimony from witnesses they intend to call at trial in order to submit what is currently hearsay in an admissible form.  Finally, counsel could submit an affidavit describing the witnesses plaintiffs could call at trial, the questions they would ask those witnesses, the answers they would receive, and what basis they have for believing in good faith that they would receive those answers.

Plaintiffs are cautioned that affidavits or

1  declarations "used to support or oppose a motion must be made on
2  personal knowledge, set out facts that would be admissible in
3  evidence, and show that the affiant or declarant is competent to
4  testify on the matters stated."  Fed. R. Civ. P. 56(c)(4).
5           Plaintiffs shall submit their responses to defendant's
6  evidentiary objections on or before April 18, 2011.  Defendant
7  shall then submit any reply to plaintiffs' responses on or before
8  April 25, 2011.  The hearing on defendant's motion for summary
9  judgment is rescheduled and will be heard at the Pretrial
10 Conference on May 2, 2011, at 2:00 p.m. in Courtroom No. 5.
11          IT IS SO ORDERED.
12 DATED:  March 31, 2011

                        WILLIAM B. SHUBB
                        UNITED STATES DISTRICT JUDGE