JEFFREY L. ADAMS, Bar No. 148393
ANNE-MARIE WAGGONER, Bar No. 173407
TARUN MEHTA, Bar No. 262886
LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard, Suite 600
Walnut Creek, CA  94597
Telephone:     925.932.2468
jadams@littler.com
awaggoner@littler.com
tmehta@littler.com

Attorneys for Defendant
R.J. REYNOLDS TOBACCO COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA MCCARTHY, KATHERINE SCHMITT,<br><br>Plaintiffs,<br><br>v.<br><br>R.J. REYNOLDS TOBACCO CO., and DOES 1-10,<br><br>Defendants. | Case No.  09-cv-02495-WBS-DAD<br><br>**DEFENDANT R.J. REYNOLDS TOBACCO COMPANY'S TRIAL BRIEF**<br><br>Date:  June 1, 2011<br>Time:  9:00 a.m.<br>Courtroom 5; 14th Floor<br>The Honorable William B. Shubb<br><br>Action Filed:  September 4, 2009 |

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S TRIAL BRIEF

(No.  09-cv-02495-WBS-DAD)

# TABLE OF CONTENTS

**PAGE**

I.  INTRODUCTION ................................................................................................. 1

II. STATEMENT OF FACTS ................................................................................... 1

    A.  Background ................................................................................................ 1

    B.  Plaintiffs' Declining Job Performance in Summer 2007 ......................... 1

        1.  McCarthy's Performance ................................................................ 1

        2.  Schmitt's Performance ................................................................... 1

    C.  Plaintiffs' Complaint to Human Resources and R.J. Reynolds' Immediate Investigation and Response ................................................... 2

    D.  January 2008 Reprimands To Plaintiffs .................................................. 3

    E.  Plaintiffs' Work under Bryan Fedewa's Supervision .............................. 4

    F.  Schmitt's Resignation and McCarthy's Termination .............................. 4

III. ADMISSIONS AND STIPULATIONS ................................................................ 5

IV. POINTS OF LAW ................................................................................................ 5

    A.  Sexual Harassment under Title VII ......................................................... 5

        1.  Plaintiffs Were Not Harassed Because of Their Gender ............... 6

        2.  Plaintiffs Were Not Subject to a Hostile Work Environment ......... 7

        3.  Defendant Has a Complete Defense Under Faragher/Ellerth .......... 8

    B.  Retaliation under Title VII ....................................................................... 8

    C.  Tortious Adverse Employment Action ..................................................... 9

V.  DISPUTED LEGAL ISSUES AND MOTIONS IN LIMINE ............................ 9

    A.  Allow Challenges for Cause at Side-Bar ................................................. 9

    B.  Preclusion of Evidence Regarding Settlement Discussions ..................... 9

    C.  Preclusion of Evidence of Plaintiffs' Claimed Damages ....................... 11

    D.  Preclusion of Presentation of Expert Testimony by Plaintiffs ............... 14

    E.  Preclusion or Limitation of Testimony of Jared LaLonde ..................... 15

    F.  Preclusion of Evidence Regarding the Court's Rulings on Pre-trial Motions ........ 17

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY
INSTRUCTIONS (NO. 09-CV-02495-WBS-

i.

## TABLE OF CONTENTS
### (CONTINUED)

PAGE

G.  Preclusion of Negative Characterizations of Defendant's Products ........................... 18

H.  Preclusion of Evidence re Plaintiffs' Dismissed Claims for Disability Discrimination, Failure to Accommodate, and Failure to Engage in the Interactive Process ........................................................................................................ 19

I.  Preclusion of Evidence Regarding Net Worth or Profits of Defendant And No Punitive Damages ...................................................................................................... 21

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY
INSTRUCTIONS (NO. 09-CV-02495-WBS-

ii.

# TABLE OF AUTHORITIES

PAGE

## CASES

*Adams v. Murakami,*
54 Cal.3d 105, 110 (1991) ................................................................. 21

*Adusumilli v. City of Chicago.,*
164 F.3d 353, 361-62 (7th Cir. 1998) .................................................. 8

*Barnes v. Logan,*
122 F.3d 820, 824 (9th Cir. 1997) ....................................................... 21

*Bessemer & Lake Erie Railroad Company v. Seaway Marine Transport,*
596 F.3d 357, 369-70 (6th Cir. 2010) .................................................. 13

*Bibby v. Philadelphia Coca Cola Bottling Co.,*
260 F.3d 257, 264 (3rd Cir. 2001) ....................................................... 9

*Burlington Indus., Inc. v. Ellerth,*
524 U.S. 742 (1998) ............................................................................ 8

*Campbell Indus. v. M/V Gemini,*
619 F.2d 24, 27 (9th Cir. 1980) ........................................................... 10

*Carmen v. San Francisco Unified School Dist.,*
237 F.3d 1026, 1028 (9th Cir. 2001) ................................................... 21

*Claar v. Burlington Northern Railroad Co.,*
29 F.3d 499 (9th Cir.1994) .................................................................. 14

*Davis v. Harris,*
2006 U.S. Dist. LEXIS 88000, *9-12 (C.D. Ill. Dec. 5, 2006) ............. 21

*EEOC v. Lennar Homes of Ariz., Inc.,*
2006 U.S. Dist. LEXIS 42865, *10-14 (D. Ariz. June 23, 2006) .......... 14

*Estate of Gonzalez v. Hickman,*
2007 U.S. Dist. LEXIS 84390, *15-17 (C.D. Cal. June 28, 2007) ........ 21

*Faragher v. City of Boca Raton,*
524 U.S. 775, 787 (1998) ............................................................ 5, 7, 8

*Garcia v. Qwest Corporation,*
2008 U.S. Dist. LEXIS 84755 (D. Ariz. Oct. 3, 2008) ........................ 12

*Hollman v. State of Indiana,*
211 F.3d 399, 403 (7th Cir. 2000) ....................................................... 6

*Hudspeth v. Commission of I.R.S.,*
914 F.2d 1207, 1213-14 (9th Cir. 1990) .............................................. 10

*Kortan v. Cal. Youth Auth.,*
217 F.3d 1104, 1109-10 (9th Cir. 2000) .............................................. 5

*Luce v. United States,*
469 U.S. 38, 40 n.2 (1984) ................................................................. 10

*Manatt v. Bank of America NA,*
339 F.3d 792, 800 (9th Cir. 2003) ....................................................... 9

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY
INSTRUCTIONS (NO. 09-CV-02495-WBS-

iii.

# TABLE OF AUTHORITIES
### (CONTINUED)

**PAGE**

*McEwen v. City of Norman, Okla.*
  926 F.2d 1539, 1548 (10th Cir. 1991) ................................................ 10

*McKenna v. City of Philadelphia,*
  636 F. Supp. 2d 446, 466-67 (E.D. Pa. 2009) ................................ 14

*Nasser v. AT&T Corp.,*
  2007 U.S. Dist. LEXIS 27956, *26 (N.D. Cal. Apr. 16, 2007) .......... 8

*Nichols v. Azteca Rest. Enters., Inc.,*
  256 F.3d 864, 872 (9th Cir. 2001) .................................................. 5

*Oncale v. Sundowner Offshore Servs., Inc.,*
  523 U.S. 75, 79 (1998) .............................................................. 5, 6

*Oracle USA, Inc. v. SAP AG,*
  264 F.R.D. 541 (N.D. Cal. 2009) ................................................ 13

*Patt v. Family Health Sys., Inc.,*
  280 F.3d 749, 754 (7th Cir. 2002) ................................................ 7

*Pavao v. Ocean Ships, Inc.,*
  1998 U.S. Dist. LEXIS 20431, *3-6 (N.D. Cal. Dec. 30, 1998) .......... 6

*Schmidt v. Canadian Nat'l RR Corp.,*
  2007 U.S. App. LEXIS 6233, *7 (7th Cir. 2007) .............................. 7

*St. George v. Home Depot U.S.A., Inc.,*
  2007 U.S. Dist. LEXIS 12530, *34 (D. Ariz. Feb. 22, 2007) .......... 14

*Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.,*
  982 F.2d 363, 368 (9th Cir. 1992) .............................................. 10

*United States v. Contra Costa County Water Dist.,*
  678 F.2d 90, 92 (9th Cir. 1982) ................................................ 10

*Walker v. Boeing Corp.,*
  218 F. Supp. 2d 1177, 1187 (C.D. Cal. 2002) ................................ 21

*Yeti By Molly, Ltd. v. Deckers Outdoor Corp.,*
  259 F.3d 1101, 1106 (9th Cir. 2001) ...................................... 12, 13

## RULES

Federal Rules of Evidence

  Rule 401 ........................................................................................ 18

  Rule 402 ........................................................................ 17, 18, 19, 20

  Rule 403 .............................................................................. 17, 18, 19

  Rules 701, 702, 703, or 705 ............................................................ 14

Federal Rule of Civil Procedure

  Rule 26(a)(1) .................................................................. 11, 12, 15, 21

  Rule 26(a)(2) .................................................................................. 14

  Rule 26(e) .................................................................................. 11, 15

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY
INSTRUCTIONS (NO. 09-CV-02495-WBS-

iv.

# TABLE OF AUTHORITIES
### (CONTINUED)

PAGE

Rule 37(c)(1)................................................................................................................. 11, 13, 15

Rule 56 ................................................................................................................................. 17

U.S. Dist. Ct., Eastern Dist, L.R. 285 ............................................................................... 1, 9

## STATUTES

California Code of Civil Procedure

§ 437c(n)(3) ........................................................................................................................ 17

§ 3294................................................................................................................................... 21

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY
INSTRUCTIONS (NO. 09-CV-02495-WBS-

v.

I.      **INTRODUCTION**

Defendant R.J. Reynolds Tobacco Company ("Defendant" or "R.J. Reynolds") files this trial brief pursuant to the Court's pre-trial order and L.R. 285.

II.     **STATEMENT OF FACTS**

A.      **Background.**

Plaintiffs Victoria McCarthy and Katherine Schmitt (collectively "Plaintiffs") were employed by Defendant as Trade Marketing Representatives ("TMRs")  As TMRs, their job was to market cigarettes to various retail stores throughout their region, and develop and maintain relationships with those retailers at the local level to increase sales.

Schmitt was employed by Defendant as a TMR in Reno, Nevada from August 14, 2006, until her resignation on October 27, 2008.  McCarthy was also employed as a TMR in Reno from August 14, 2006, until she was terminated on February 24, 2009, after she failed to return to work following a lengthy, paid leave of absence.  Although they lived and worked in Reno, Nevada, until December 31, 2007, Plaintiffs were part of the Sacramento Division and reported to Senior Division Manager, Michelle Madsen.  On January 1, 2008, following a reorganization, Plaintiffs became members of the newly-created Reno Division, and they no longer reported to Madsen. Instead, they reported to Bryan Fedewa, the Senior Division Manager of the Reno Division, from January 1, 2008, until their respective employments ended.

B.      **Plaintiffs' Declining Job Performance in Summer 2007.**

1.      **McCarthy's Performance.**

In early July or late August 2007, Mark Sullivan, who was the Senior Director and Madsen's direct supervisor, visited Reno.   He did a "work with" with McCarthy during this time. (A "work with" is when a supervisor observes the TMR at work in his or her territory and coaches and critiques the TMR's performance.)  As a result of the work with, Sullivan concluded that McCarthy was not ready to be promoted to another position in 2007.

2.      **Schmitt's Performance.**

Schmitt's performance was also declining in Summer 2007.  In July 2007, Madsen telephoned Schmitt to coach her on improving her performance.  After this conversation, Schmitt e-

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925 932 2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S TRIAL BRIEF

1.

(No. 09-cv-02495-WBS-DAD)

mailed Madsen telling her that she was "awesome" and committing to improve her performance.

## C. Plaintiffs' Complaint to Human Resources and R.J. Reynolds' Immediate Investigation and Response.

In late August or early September 2007, McCarthy and Schmitt separately called Defendant's Employment Practices hotline to report allegedly inappropriate behavior by Madsen. After they called the hotline, a human resources representative, Rene Duszynski, contacted and spoke with each of them in turn. Both McCarthy and Schmitt contend they told Duszynski that Madsen had made inappropriate remarks regarding the sexual orientation of a co-worker, John Walker. They also claim they expressed a belief that Madsen had recently terminated Walker's employment because he is homosexual. In addition and secondary to their concerns about Walker, Plaintiffs also allege they told Duszynski that Madsen had used vulgar language in their presence.

In response to Plaintiffs' complaints, Duszynski traveled immediately to Sacramento from Defendant's Winston-Salem headquarters to conduct an in-depth investigation. On September 12, 2007, she held an Open Dialogue with all eight or nine TMRs in the Sacramento Division, including Plaintiffs. Madsen was not in attendance. During the meeting, which lasted all day, almost all of the TMRs in attendance voiced complaints regarding Madsen, including complaints about her use of vulgar language. In fact, McCarthy testified that virtually every employee (male and female) complained that Madsen "sexually harassed" them.

After the September 12 meeting, Sullivan spoke with Madsen regarding the allegations, but he did not tell her who had made them. In fact, Madsen did not know that McCarthy and Schmitt had initiated the investigation until many months later, long after she was no longer their supervisor. Nor would she have reason to believe Plaintiffs made the complaints, as the entire Division voiced similar concerns about her vulgar language.

At the conclusion of the investigation, Sullivan issued Madsen a final written reprimand, a very serious disciplinary step for a first offense, and the most severe form of written discipline, short of termination.

Plaintiffs admit that after they participated in the Open Dialogue in September 2007, Madsen never made any inappropriate statements to either of them. However, McCarthy contends

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S TRIAL BRIEF

2.

(No. 09-cv-02495-WBS-DAD)

1  that during a "work with" in late October 2008, Madsen touched her on the leg once, touched

2  McCarthy's pants with her foot, and stood "creepily close" to her.  McCarthy did not report this

3  alleged conduct to R.J. Reynolds until July 2008 – nearly 7 months after Madsen ceased being her

4  supervisor and almost 9 months after the alleged incident occurred.

5  **D.     January 2008 Reprimands To Plaintiffs.**

6            On December 3, 2007, over two months after the Open Dialogue, Madsen performed

7  a routine inquiry in the electronic Account Maintenance System ("AMS") to review Plaintiffs' and

8  all other TMRs' sales and other activities for the week of November 26 – November 30, 2007.  This

9  action was nothing new, as Madsen frequently, in the course of performance of her job duties, made

10  these inquiries. Madsen discovered that Plaintiffs and two other female TMRs had not reported any

11  activities, i.e., sales calls, for this time period.  This discovery was significant because even though

12  they are exempt, TMRs (who work out of their homes without direct supervision most of the time)

13  are required to record their work activities, as well as sick and vacation days, in AMS.    Madsen

14  contacted Plaintiffs and the other TMRs to inquire why they had not reported any activities.

15            The other two TMRs immediately apologized and downloaded their entries, which

16  showed they had made a sufficient number of retail calls during that week.  Plaintiffs, however, were

17  extremely defensive.  After their entries were downloaded, Madsen discovered that McCarthy had

18  visited only two retail stores on November 30, 2007, while Schmitt had made only one sales call in

19  the morning on November 29, 2007, and none on November 30, 2007.  Both McCarthy and Schmitt

20  told Madsen that the reason they had such low call volume on those days was because they had been

21  working on their expense reports – together.  In fact, on November 30, 2007, Plaintiffs claimed they

22  had worked together the entire day doing nothing but completing expense reports.  Madsen found

23  this allegation incredible, as it is not necessary to spend 8 hours completing the limited expense

24  reports expected of TMRs.

25            Madsen decided to issue written corrective action, the first step in the company's

26  disciplinary process, to McCarthy and Schmitt for failure to follow her instructions.  Specifically, at

27  the September 26, 2007, meeting, all TMRs in attendance, including McCarthy and Schmitt, had

28  been instructed that if they were going to be out of the field for more than 2 hours they needed to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S TRIAL BRIEF                    3.                    (No.  09-cv-02495-WBS-DAD)

contact Madsen to let her know. Subsequently, in October 2007, McCarthy had e-mail exchanges with Schmitt and McCarthy reiterating this requirement, and their responses to her e-mails indicated she understood. In addition, Madsen told the TMRs at the September 26, 2007, meeting that they needed her prior approval before working together. Neither McCarthy nor Schmitt had contacted Madsen to let her know they would be out of the field for over 2 hours on November 29 or 30, 2007, nor did they seek approval to work together on November 30, 2007.

Before the corrective actions could be issued, both Schmitt and McCarthy went on almost simultaneous medical leaves of absence in mid-December 2007, and then did not return to work until the second week of January 2008. Although Madsen was no longer their supervisor, she gave them their corrective actions on January 18, 2008, because the discipline was for misconduct that occurred while she was their supervisor.

Importantly, Madsen did not know about the complaints McCarthy and Schmitt had made to Human Resources at the time she issued the corrective actions on January 18, 2008.

### E.   Plaintiffs' Work under Bryan Fedewa's Supervision.

On January 1, 2008, Senior Division Manager Bryan Fedewa became Plaintiffs' supervisor in the newly-created Reno Division. Plaintiffs never reported to Madsen again.

Plaintiffs had limited interaction with Fedewa, as they were both on leaves of absence most of the time they reported to him. In March 2008, Fedewa's supervisor, Daniel Harrington, was in Reno, and Fedewa and Harrington did an Area Analysis of McCarthy's territory and those of other TMRs. During the Area Analysis, they discovered an array of very serious deficiencies in pricing and merchandizing in McCarthy's stores. These issues were so serious and so consistent across her stores, especially given McCarthy's tenure and experience, that Fedewa decided to discipline her.

### F.   Schmitt's Resignation and McCarthy's Termination.

Neither Schmitt nor McCarthy returned to work at the end of their final leaves of absence.

Schmitt resigned her employment on October 27, 2008, by sending an e-mail to Fedewa. At the time she resigned, Schmitt had been on a leave of absence for almost 5 months,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S TRIAL BRIEF

4.

(No. 09-cv-02495-WBS-DAD)

1    since June 2, 2008.

2    McCarthy contends she never returned to work because she was and remains totally

3    and permanently disabled and cannot work; in fact, McCarthy is currently receiving Social Security

4    benefits and has been declared by the Social Security Administration to be completely disabled since

5    <u>April 2008</u> – while she was an R.J. Reynolds employee.  McCarthy was terminated on February 24,

6    2009.

7    **III.    ADMISSIONS AND STIPULATIONS**

8    The Court granted R.J. Reynolds' motion for summary judgment on Plaintiffs'

9    disability discrimination claims.  The claims remaining for trial are:

10           1.    Title VII of the Civil Rights Act – Sexual harassment and retaliation

11           2.    Tortious Adverse Employment Acton.

12   There are no admissions or stipulations which are not recited in the pretrial order.

13   **IV.    POINTS OF LAW**

14       **A.    Sexual Harassment under Title VII**

15   As alleged in the Complaint and recognized in the Court's Order on summary

16   judgment, Plaintiffs' sexual harassment claim is a hostile workplace claim.  To prevail on a hostile

17   workplace claim under Title VII, Plaintiffs must show: (1) they were subjected to verbal or physical

18   conduct of a harassing nature; (2) the conduct was unwelcome; and (3) the conduct was sufficiently

19   sever or pervasive to alter the conditions of the Plaintiffs' employment and create an abusive work

20   environment.  *See Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1109-10 (9th Cir. 2000).  Sexual

21   harassment is only actionable to the extent that it occurs "because of" plaintiff's sex.  *Oncale v.*

22   *Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 79 (1998); *Nichols v. Azteca Rest. Enters., Inc.*, 256

23   F.3d 864, 872 (9th Cir. 2001).  The sexually objectionable environment must be both objectively and

24   subjectively offensive.  *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998).  Because

25   Plaintiffs and Madsen are female, the Court's Order on summary judgment explains that Plaintiffs

26   must establish that they were treated "in a sex-specific manner which suggests hostility toward"

27   women.  (Order (Docket No. 59) at pp. 13-14).

28

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S TRIAL BRIEF                    5.                    (No.  09-cv-02495-WBS-DAD)

### 1.   Plaintiffs Were Not Harassed Because of Their Gender

Plaintiffs' alleged "harassment" was not based on their protected status as females, and therefore, the claim for sexual harassment under Title VII fails as a matter of law. Plaintiffs must establish that they were harassed ***because*** they were members of a protected class.   Plaintiffs do not even attempt to establish a causal link between their gender and the alleged harassment, nor can they do so.   As a unanimous Supreme Court held: "Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at *discrimination* . . . because of . . . sex." *Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 80 (1998) (emphasis in original) (internal quotations omitted).   The Court further explained:

> We have never held that workplace harassment . . . is automatically discrimination because of sex merely because the words used have sexual content or connotations.   The critical issue, Title VII's text indicates, is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which to which members of the other sex are not exposed.

*Id.* (internal citations and quotations omitted).   The Court also stated that where there is same-sex harassment between heterosexual women, the plaintiff would have to proffer comparative evidence showing that the female supervisor treated men differently, otherwise plaintiff could prove gender harassment if she could demonstrate, for example, that "a female victim is harassed in such sex-specific and derogatory terms by another woman as to make it clear that the harasser is motivated by general hostility to the presence of women in the workplace." *Id.*

Plaintiffs in this case admit that other Trade Marketing Representatives – both male and female – complained of Madsen's alleged behavior.   Plaintiffs explicitly concede that "virtually the entire Sacramento Division reported harassing conduct by Madsen."   In fact, McCarthy testified at her deposition that every TMR, including males, complained to Human Resources at the September 12, 2007, meeting that Madsen had "sexually harassed" them.   Plaintiffs cannot make a *prima facie* case of sexual harassment because they cannot proffer any evidence that Madsen's alleged conduct was based on Plaintiffs' gender. *Ibid.; Hollman v. State of Indiana*, 211 F.3d 399, 403 (7th Cir. 2000). *See also, Pavao v. Ocean Ships, Inc.*, 1998 U.S. Dist. LEXIS 20431, *3-6 (N.D. Cal. Dec. 30, 1998).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S TRIAL BRIEF

6.

(No. 09-cv-02495-WBS-DAD)

### 2.   Plaintiffs Were Not Subject to a Hostile Work Environment

Even if Plaintiffs could establish they were subjected to harassment because they are female, they cannot prove they were subjected to hostile work environment sexual harassment. Plaintiffs overstate and exaggerate their own deposition testimony in a tortured effort to create a triable issue of disputed material fact.   However, a reading of Plaintiffs' deposition testimony shows that the alleged conduct, assuming *arguendo* it occurred, was not sufficiently severe or pervasive to alter the conditions of Plaintiffs' employment and create an abusive working environment. *Faragher v. City of Boca Raton,* 524 U.S. 775, 786 (1998).

Viewed in the light most favorable to Plaintiffs, Madsen's alleged misconduct consisted of inappropriate, off-color comments during "work withs" with Schmitt and McCarthy and touching McCarthy's leg with her hand and touching her leg with her foot on a single occasion.   As discussed in the moving papers, the alleged conduct occurred over a short period of time and is far less severe than that which has been held by the courts to not constitute sexual harassment as a matter of law.

McCarthy was not subjected to a hostile work environment.   McCarthy testified that after the September 26, 2007, meeting with Human Resources, Mark Sullivan (Madsen's supervisor) and the entire division, Madsen never made any improper statements to her.   McCarthy's only complaints post-September 2007 are that on a single occasion, Madsen touched her on the leg, touched her pants with her foot, and stood "creepily close" to her.   Although Madsen said nothing sexual, McCarthy testified that she supposedly interpreted this conduct to be sexual in nature.   None of this alleged conduct, even if it were sexual in nature **and** based on McCarthy's gender, is sufficient to demonstrate severe and pervasive conduct. *See, e.g., Schmidt v. Canadian Nat'l RR Corp.,* 2007 U.S. App. LEXIS 6233, *7 (7th Cir. 2007) ("Neither vulgar banter, nor occasional, non-extreme instances of short physical contact or staring are generally sufficient to allow an inference of an objectively hostile environment . . . .") (internal citations omitted); *Patt v. Family Health Sys., Inc.,* 280 F.3d 749, 754 (7th Cir. 2002) (holding that plaintiff's complaints of eight gender-related comments during the course of her employment, including that "the only valuable thing to a woman is that she has breasts and a vagina," was insufficient to demonstrate a hostile work environment);

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S TRIAL BRIEF

7.

(No. 09-cv-02495-WBS-DAD)

*Adusumilli v. City of Chicago.*, 164 F.3d 353, 361-62 (7th Cir. 1998) (holding that plaintiff's complaints of teasing; ambiguous comments about bananas, rubber bands, and low-neck tops; staring and attempts to make eye contact; and four isolated incidents where a co-worker briefly touched her arm, fingers, or buttocks did not constitute sexual harassment).   Hence, McCarthy cannot demonstrate sexual harassment merely because Madsen allegedly talked about sex or occasionally made her feel uncomfortable with two alleged instances of brief touching.

Schmitt's allegations are also insufficient to demonstrate the existence of a hostile work environment. Plaintiffs' state that Schmitt was subjected to the "usual banter" from Madsen regarding her favorite sexual positions, whether she was a "top girl" or a "bottom girl," whether openly gay employee John Walker "liked to 'take it' or 'receive it' and how having one of 'those people' [a gay] was detrimental to the team . . . ."   However, "banter" does not constitute sexual harassment as a matter of law.   *See Nasser v. AT&T Corp.*, 2007 U.S. Dist. LEXIS 27956, *26 (N.D. Cal. Apr. 16, 2007) (*aff'd* at 307 Fed. Appx. 103 (9th Cir. 2009)) (the "occasional vulgar banter, tinged with sexual innuendo" does not constitute sexual harassment).

For these reasons, neither Plaintiff can establish that Madsen's conduct, even if it was sexual in nature, constitutes sexual harassment.

### 3.     Defendant Has a Complete Defense Under *Faragher/Ellerth*

Because R.J. Reynolds has a strong anti-harassment policy and the company took immediate and appropriate corrective action in response to Plaintiffs' complaints, R.J. Reynolds is not liable for sexual harassment as a matter of law, even if the alleged conduct occurred, was sufficiently severe or pervasive and was based on Plaintiffs' gender.   *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

### B.     Retaliation under Title VII

To establish their retaliation claim, Plaintiffs must prove all of the following: (1) they engaged in protected conduct under Title VII (e.g., by complaining to Workplace Practices that Madsen had unlawfully harassed them or other employees); (2) they suffered an adverse employment action; and (3) there was a causal link between the protected activity and the adverse

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S TRIAL BRIEF                         8.                         (No. 09-cv-02495-WBS-DAD)

1   employment action. *Manatt v. Bank of America NA*, 339 F.3d 792, 800 (9th Cir. 2003).

2            Plaintiffs cannot demonstrate that their complaint to human resources is protected

3   conduct because they complained about John Walker's alleged termination for being homosexual.

4   This is not protected conduct under Title VII. *Bibby v. Philadelphia Coca Cola Bottling Co.*, 260

5   F.3d 257, 264 (3rd Cir. 2001). Similarly, the conduct of which they complain of does not establish

6   an adverse employment action is a matter of law. Finally, there could have been no causal link

7   between the alleged protected conduct and the alleged adverse employment action because neither

8   Madsen nor Fedewa knew of Plaintiffs' complaints about Madsen at the time they issued any

9   disciplinary action to Plaintiffs. Moreover, even if they had such knowledge, there were legitimate

10  non-retaliatory reasons for their actions.

11       **C.     Tortious Adverse Employment Action**

12            Pursuant to the Court's Order on summary judgment, Plaintiffs' common law claim

13  for tortious adverse employment action is derivative of their statutory claims under Title VII.

14  (Docket No. 59, at p. 24.) The claim stands or fails on the merits of the sexual harassment and

15  retaliation claims.

16  **V.     DISPUTED LEGAL ISSUES AND MOTIONS *IN LIMINE***

17            Pursuant to L.R. 285(a)(3), Defendant reasonably anticipates the following

18  evidentiary issues could occur at trial, and asks the Court to resolve them at this stage to avoid

19  unfairly prejudicing Defendant.

20       **A.     Allow Challenges for Cause at Side-Bar**

21            Due to the inherent danger that an unsuccessful challenge for cause to the seating of a

22  prospective juror may prejudice that juror against the challenging party, Defendant respectfully

23  requests that the parties be allowed to present their challenges for cause at side-bar.

24       **B.     Preclusion of Evidence Regarding Settlement Discussions**

25            Defendant hereby moves the Court, *in limine*, to issue an order precluding Plaintiffs,

26  their counsel, and/or witnesses, from introducing, testifying about, or referring to statements made

27  during the course of settlement negotiations or mediation, including any offers of judgment made

28  pursuant to Rule 68 of the Federal Rules of Civil Procedure, whether such offers were accepted by

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S TRIAL BRIEF

9.

(No. 09-cv-02495-WBS-DAD)

1   any party or not.  This motion is made on the grounds that such evidence is proscribed under Federal

2   Rule of Evidence 408.

3   A district court is "vested with broad discretion to make . . . evidentiary rulings

4   conducive to the conduct of a fair and orderly trial." *Campbell Indus. v. M/V Gemini*, 619 F.2d 24,

5   27 (9th Cir. 1980) (citations omitted); *see also Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg.*

6   *Corp.*, 982 F.2d 363, 368 (9th Cir. 1992).  A court may exercise this discretion to grant a motion *in*

7   *limine* to "exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v.*

8   *United States*, 469 U.S. 38, 40 n.2 (1984).  The purpose of a motion *in limine* is to avoid the futile

9   attempt to "unring the bell" when highly prejudicial evidence is offered and then stricken at trial.

10  *See McEwen v. City of Norman, Okla.* 926 F.2d 1539, 1548 (10th Cir. 1991).

11  Federal Rule of Evidence 408 bars the admission into evidence of efforts to settle or

12  compromise a claim.  Rule 408 states in pertinent part:

13  Evidence of (1) furnishing or offering or promising to furnish, or
    (2) accepting or offering or promising to accept, a valuable
14  consideration in compromising or attempting to compromise a claim
    which was disputed as to either validity or amount, is not admissible to
15  prove liability for or invalidity of the claim or its amount.  Evidence of
    conduct or statements made in compromise negotiations is likewise
16  not admissible. Fed. R. Evid. 408.

17  There are two primary principles underlying Rule 408.  First, any evidence of

18  compromise is irrelevant, since the offer may be motivated by a desire for peaceful resolution rather

19  than from any concession of weakness of position.  Second, the rule promotes the public policy

20  favoring the compromise and settlement of disputes.  *See Hudspeth v. Commission of I.R.S.*, 914

21  F.2d 1207, 1213-14 (9th Cir. 1990) (citing Fed. R. Evid. 408 Adv. Comm. Note); *See also, United*

22  *States v. Contra Costa County Water Dist.*, 678 F.2d 90, 92 (9th Cir. 1982).

23  As such evidence is irrelevant and its admission would be contrary to public policy,

24  the parties should not be allowed to introduce any evidence of statements made or demands or offers

25  made or given by or on behalf of the parties in an attempt to settle this dispute.

26  Defendant therefore requests that the Court issue an order excluding all evidence and

27  argument by the parties, their counsel, or their witnesses of any statement made during the course of

28  settlement negotiations.  Defendant also requests that the parties, their counsel, and witnesses be

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S TRIAL BRIEF                    10.                    (No. 09-cv-02495-WBS-DAD)

1  ordered to avoid any mention of such evidence while the jury is present at any time, including *voir*

2  *dire*, opening statements, the presentation of evidence and closing arguments.

3  **C.     Preclusion of Evidence of Plaintiffs' Claimed Damages**

4       Defendant hereby moves the Court, *in limine*, to issue an order precluding Plaintiffs,

5  their counsel, and/or their witnesses, from offering testimony or other evidence at trial of the

6  damages Plaintiffs' claim to have suffered as a result of the alleged actions of Defendant.  Defendant

7  moves to exclude such evidence on the grounds that Rule 37(c)(1) of the Federal Rules of Civil

8  Procedure mandates that such evidence be excluded because Plaintiffs failed to disclose any

9  calculations of damages or the documents supporting such calculations, as required under

10  Rules[1] 26(a)(1) and 26(e).

11       Plaintiffs never served the disclosures required by Rules 26(a)(1) and 26(e) and by

12  the Status (Pretrial Scheduling) Order, dated February 2, 2010.  Consequently, Plaintiffs failed to

13  comply with Rule 26(a)(1)(A)(iii), which requires each party to disclose "a computation of each

14  category of damages claimed" and to identify any documents that supported such damages

15  calculations.

16       The consequence of a failure to make a disclosure required under Rule 26 is clear.

17  Rule 37(c)(1) <u>mandates</u> exclusion at trial of any information that a party failed to disclose in their

18  Rule 26 disclosures.  The rule states unequivocally:

19          If a party fails to provide information or identify a witness as required
        by Rule 26(a) or 26(e), <u>the party is not allowed to use that information</u>

20          <u>or witness to supply evidence on a motion, at a hearing, or at a trial,</u>
        unless the failure was substantially justified or is harmless.

21          Rule 37(c)(1) (emphasis added).

22

23  The Ninth Circuit has emphasized that the Rule 37 exclusion is "self-executing," even when the

24  results are harsh:

25          [Rule 37(c)(1)], implemented in the 1993 amendments to the
        Rules, is a recognized broadening of the sanctioning power.

26          *Klonoski v. Mahlab*, 156 F.3d 255, 269 (1st Cir. 1998) ("The new

27          rule clearly contemplates stricter adherence to discovery

28

---

[1] Unless specified otherwise, the terms "Rule" and "Rules" refer to the Federal Rules of Civil Procedure.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S TRIAL BRIEF

11.

(No.  09-cv-02495-WBS-DAD)

1      requirements, and harsher sanctions for breaches of this rule . . .
2      ."). The Advisory Committee Notes describe it as a "self-
executing," "automatic" sanction to "provide[]a strong inducement
3      for disclosure of material . . . ." Fed. R. Civ. P. 37 advisory
committee's note (1993). Courts have upheld the use of the
4      sanction even when a litigant's entire cause of action or defense has
been precluded. . . . Thus, even though [the party] never violated
5      an explicit court order to produce the Vuckovich report and even
absent a showing in the record of bad faith or willfulness,
6      exclusion is an appropriate remedy for failing to fulfill the required
disclosure requirements of Rule 26(a).

7 *Yeti By Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (internal case

8 citations omitted). *See also Garcia v. Qwest Corporation*, 2008 U.S. Dist. LEXIS 84755 (D. Ariz.

9 Oct. 3, 2008) (excluding *pro se* plaintiff from offering any exhibits or witnesses other than himself at

10 trial, except for impeachment, because plaintiff failed to file any initial disclosures).

11        The only exceptions to this mandatory evidence preclusion apply if the failure to

12 disclose damages calculations and the documents on which those calculations were based was either:

13 (1) substantially justified or (2) harmless. Rule 37(c)(1). Plaintiffs cannot establish either exception

14 in this instance.

15        It has been more than a year since this Court ordered "The parties shall serve the

16 initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) by no later than February 26,

17 2010." (*See* Status (Pretrial Scheduling) Order at p. 2.) Had Plaintiffs forgotten about this order

18 from the Court, certainly their receipt of Defendant's initial disclosures, which it served on February,

19 26, 2010, or receipt of Defendant's supplemental disclosures, which it served on September 29,

20 2010, should have served as reminders. Yet, Plaintiffs never made any of the required Rule 26(a)

21 disclosures in this case. Plaintiffs have no excuse for their failure to comply with the basic initial

22 disclosure requirements in Rule 26 or the terms of the Court's Status (Pretrial Scheduling) Order.

23 Therefore, Plaintiffs' failure to disclose their damages calculations and the documents on which such

24 calculations were based was not "substantially justified."

25        Furthermore, Plaintiffs' failure to disclose their damages calculations and the

26 evidence upon which such calculations were based was far from "harmless." By not disclosing their

27 calculations of damages, Defendant was not on notice of such, which prevented Defendant from

28 considering potential counter-arguments, and prevented Defendant from preparing contrary evidence

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA. 94597
925 932 2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S TRIAL BRIEF

12.

(No. 09-cv-02495-WBS-DAD)

1   for presentation at trial. In other words, Plaintiffs' failure to disclose their damages calculations has

2   severely prejudiced Defendant's ability to prepare a defense to any such calculations that are

3   presented at trial. Multiple federal courts have precluded evidence of damages because the party's

4   failure to disclose such damages prejudiced the defendant's ability to analyze and rebut plaintiff's

5   claims. For instance, in *Bessemer & Lake Erie Railroad Company v. Seaway Marine Transport*, 596

6   F.3d 357, 369-70 (6th Cir. 2010), the Sixth Circuit Court of Appeals upheld the District Court's

7   exclusion of evidence regarding the plaintiff's claim for lost-profits under Rule 37(c)(1). Plaintiff

8   had filed initial disclosures, but the portion of the disclosures related to damages referred the

9   defendant to its pre-suit demand and its intent to claim damages as discovery revealed the extent of

10   such damages. Plaintiff then failed to provide any computations of damages in discovery responses

11   and at deposition. The Circuit Court upheld the lower-court's determination that plaintiff's failure to

12   disclose its lost-profits claim was not harmless because the defendant was prevented from exploring

13   the basis of the claim during depositions and discovery and was precluded from having its expert

14   analyze the claim. *Id.* at 370. As another example, in *Oracle USA, Inc. v. SAP AG*, 264 F.R.D. 541

15   (N.D. Cal. 2009), the District Court precluded plaintiffs from providing evidence at hearing or trial

16   regarding portions of their lost profits damages, under Rules 16 and 37(c)(1) because plaintiffs failed

17   to disclose its claim for lost profit damages in its initial disclosures and discovery responses. The

18   Court held that such failures were not substantially justified because such damages were known to

19   plaintiffs when they filed their lawsuit. Furthermore, such failures were not harmless because

20   defendants would not be able to adequately analyze the claim or prepare to defend against it and

21   reopening discovery would prejudice the Court's ability to manage the case. *Id.* at 557.

22         Plaintiffs' failure to disclose their damages calculations and the evidence on which

23   such calculations is based was neither justified nor harmless. Accordingly, under Rule 37(c)(1),

24   Plaintiffs <u>cannot</u> present any damages evidence at trial. *See Yeti By Molly, Ltd. v. Deckers Outdoor

25   Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

26         For the above reasons, Defendant requests that the Court issue an order excluding all

27   evidence and argument by Plaintiffs, their counsel, or witnesses of any damages Plaintiffs claim to

28   have suffered. Defendant also requests that Plaintiffs, their counsel, and witnesses be ordered to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S TRIAL BRIEF

13.

(No. 09-cv-02495-WBS-DAD)

1   avoid any mention of such evidence while the jury is present at any time, including *voir dire*,

2   opening statements, the presentation of evidence and closing arguments.

3   ### D.   Preclusion of Presentation of Expert Testimony by Plaintiffs

4   Defendant hereby moves the Court, *in limine*, to issue an order precluding Plaintiffs,

5   their counsel, and/or their witnesses from offering expert testimony or other evidence of any expert

6   opinions on any subject, on the grounds that Plaintiffs did not identify *any* witnesses they intended to

7   use for the presentation of expert testimony, as required by Rules 26(a)(2) and 26(e).   Indeed,

8   Plaintiffs never identified any potential expert witnesses at any time during this case, nor produced

9   any expert report.  Plaintiffs' witnesses should be precluded from offering testimony or arguments in

10   the form of opinions or inferences that are based on "scientific, technical, or other specialized

11   knowledge within the scope of [Federal] Rule [of Evidence] 702."  *See* Fed. R. Evid. 701.  Such

12   evidence includes testimony regarding the calculation of damages, which (other than lost back

13   wages) requires specialized knowledge. *See EEOC v. Lennar Homes of Ariz., Inc.*, 2006 U.S. Dist.

14   LEXIS 42865, *10-14 (D. Ariz. June 23, 2006).

15   Moreover, Plaintiffs' failure to list themselves as expert witnesses precludes Plaintiffs

16   themselves from testifying about their potential future lost wages (even if they were qualified as

17   experts in the field of vocational rehabilitation—which they are not).  *Id.*  Thus, Plaintiffs are barred

18   from offering testimony regarding future wage earning potential and other vocational issues because

19   this requires specialized knowledge (and without such testimony front-pay is barred).  *See id;*

20   *McKenna v. City of Philadelphia*, 636 F. Supp. 2d 446, 466-67 (E.D. Pa. 2009).  Plaintiffs are also

21   precluded from offering testimony regarding mental, emotional, or physical distress (other than self-

22   reported symptoms), which requires specialized knowledge. *St. George v. Home Depot U.S.A., Inc.*,

23   2007 U.S. Dist. LEXIS 12530, *34 (D. Ariz. Feb. 22, 2007) (citing *Claar v. Burlington Northern*

24   *Railroad Co.*, 29 F.3d 499 (9th Cir.1994)).

25   Based on the above, Defendant requests that the Court issue an order precluding

26   Plaintiffs, Plaintiffs' counsel, and Plaintiffs' witnesses from offering any testimony or evidence of

27   matters governed by Federal Rules of Evidence 702, 703, or 705. Defendant further requests that the

28   Court's order specify that, as a result of this preclusion, Plaintiffs, their counsel, and their witnesses

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S TRIAL BRIEF                               14.                    (No.  09-cv-02495-WBS-DAD)

1    may not provide testimony in the form of opinions or inferences that are based on "scientific,

2    technical, or other specialized knowledge" including, *inter alia*, testimony regarding the calculation

3    of damages; the physical, mental or emotional states of Plaintiffs (beyond their own perceptions of

4    such states); and Plaintiffs' future wage earning potential or other vocational issues.  And, leaving

5    aside for the purposes of this motion that such statements would be hearsay, Defendants also request

6    that the Court order that Plaintiffs may not offer testimony regarding statements about expert

7    opinions that were previously made by non-testifying experts, such as Plaintiffs' physicians.

8    Defendant also requests that Plaintiffs, their counsel, and witnesses be ordered to avoid any mention

9    of any of the above evidence while the jury is present at any time, including *voir dire*, opening

10   statements, the presentation of evidence and closing arguments.

11           **E.      Preclusion or Limitation of Testimony of Jared LaLonde**

12                   Defendant is mindful that the Court has declined to modify its Final Pretrial Order to

13   preclude Plaintiffs from calling Jared LaLonde as a witness at trial.  Defendant has separately stated

14   its objections to the Court's ruling and will reiterate those objections here.

15                   However, Defendant respectfully requests that the Court issue an order to preclude

16   the testimony of Mr. LaLonde on any subject other than those topics Plaintiffs represented to the

17   Court were needed from Mr. LaLonde to oppose Defendant's motion for summary judgment.  This

18   motion is based on grounds that Rule 37(c)(1) mandates exclusion from use at trial of any witness

19   not disclosed as required under Rule 26(a) and Rule 26(e).  Even assuming, *arguendo*, Plaintiffs'

20   failure to disclose Mr. LaLonde falls within the "substantial justification" exception to Rule 37(c)(1),

21   his testimony should be limited to those subjects Plaintiffs' counsel provided late notice to the Court

22   and Defendant that Mr. LaLonde would be needed to testify on, to mitigate the prejudice to

23   Defendant as much as possible.

24                   Plaintiffs failed to serve their initial disclosures as required by Federal Rules of Civil

25   Procedure 26(a)(1) and 26(e) and by the Status (Pretrial Scheduling) Order, dated February 2, 2010.

26   Consequently, Plaintiffs never disclosed the identity of Mr. LaLonde as a witness that had

27   discoverable information regarding their claims, as required by Rule 26(a)(1)(A)(i).

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S TRIAL BRIEF                              15.                        (No. 09-cv-02495-WBS-DAD)

1    However, at the March 28, 2011, hearing on Defendant's summary judgment motion,

2    the Court reopened discovery for the limited purpose of allowing Mr. LaLonde to be deposed by

3    Plaintiffs, but not by Defendant, in order for Plaintiffs to respond to Defendant's objections to

4    evidence that the Plaintiffs offered in opposition to Defendant's motion.   The Court ordered,

5    however, that the deposition would be limited solely to Mr. LaLonde's testimony regarding the

6    hearsay statements Plaintiffs had testified to in their depositions and that Defendant objected to at

7    summary judgment. (Memorandum and Order re Evidentiary Objections, Docket No. 46, p. 4.)

8    Those subjects were: (1) whether Michelle Madsen confronted Mr. LaLonde about complaints that

9    had been filed with Defendant about Madsen; and (2) whether Mr. LaLonde told Madsen that

10   Plaintiffs were the ones that submitted those complaints.   (Memorandum and Order re: Motion for

11   Summary Judgment, Docket No. 59, fn. 4.)

12    Plaintiffs represented to the Court at the May 2, 2011, pretrial conference, and in their

13   late-filed Pretrial Statement, that they were "substantially justified" in not disclosing LaLonde as a

14   witness in any initial disclosures because they did not learn of the need to call him as a witness until

15   receiving Defendant's papers in support of their motion for summary judgment.   Indeed, it is on the

16   basis of these representations by Plaintiffs that the Court has ordered they may call LaLonde as a

17   witness at trial.  (*See* Final Pretrial Order section VII(A).)    However, Plaintiffs have offered no

18   justification whatsoever for failing to list LaLonde as a witness in initial disclosures on any topics

19   other than those identified above.   The failure to list LaLonde as a witness on other topics also is not

20   "harmless," as Defendant has not had the opportunity to depose LaLonde and has no idea what he

21   might testify to at trial.[2]   Accordingly, Defendant respectfully requests the Court issue an *in limine*

22   order limiting LaLonde's testimony to the following subjects: (1) whether Michelle Madsen

23   confronted Mr. LaLonde about complaints that had been filed with Defendant about Madsen; and (2)

24   whether Mr. LaLonde told Madsen that Plaintiffs were the ones that submitted those complaints.

25   (Memorandum and Order re: Motion for Summary Judgment, Docket No. 59, fn. 4.)

26

27   _____

[2] For example, and without limitation, what if LaLonde were to take the witness stand and testify that he personally
28   witnessed examples of allegedly harassing conduct by Madsen toward Plaintiffs?  This is not a topic on which he was
disclosed to testify in the pretrial statement.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

**F.    Preclusion of Evidence Regarding the Court's Rulings on Pre-trial Motions**

Defendant hereby moves the Court, *in limine*, to issue an order precluding Plaintiffs, their counsel, and/or their witnesses from offering testimony or other evidence concerning the Court's rulings on pre-trial motions, including the Court's order denying in part and granting in part Defendant's motion for summary judgment.  Such evidence should be excluded under Federal Rules of Evidence 402 and 403 because it is both irrelevant and would be unfairly prejudicial to Defendant.

Federal Rule of Evidence 402 provides that only "relevant evidence" is admissible in an action.  Relevant evidence is evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Furthermore, Federal Rule of Evidence 403 requires exclusion of evidence, even if it is relevant, where its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

The fact that R.J. Reynolds filed a pre-trial motion for summary judgment has no tendency to prove any fact that is of consequence to the determination of this action.  The only purpose of introducing evidence pertaining to pretrial motions would be to submit impermissible argument to the jury.  For example, Plaintiffs may seek to argue that R.J. Reynolds attempted to "throw out their case," but the Court denied the motion.  This type of an appeal would mislead the jury into thinking that the Court has ruled that Plaintiffs' allegations are meritorious when, in fact, the Court's ruling only signals the finding of a disputed fact that the jury must resolve.

Although Rule 56 of the Federal Rules of Civil Procedure does not expressly forbid reference to summary judgment proceedings and the rulings thereon, the high probability of jury confusion has prompted other legislative bodies to expressly forbid reference to the grant or denial of a summary judgment motion. *See, e.g.,* Cal. Code Civ. Proc. section 437c(n)(3).  Assuming, *arguendo*, that the fact that R.J. Reynolds filed a pretrial motion has any relevance (which is inconceivable), the probative value of this evidence is far outweighed by the prejudicial and misleading effect, and therefore, should be excluded.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S TRIAL BRIEF                              17.                        (No. 09-cv-02495-WBS-DAD)

1    Defendant therefore respectfully requests that the Court issue an order excluding all

2    evidence and argument by Plaintiffs, their counsel, or their witnesses regarding the Court's rulings

3    on pre-trial motions.  Defendant also requests that Plaintiffs, their counsel, and their witnesses be

4    ordered to avoid any mention of such evidence while the jury is present at any time, including *voir*

5    *dire*, opening statements, the presentation of evidence and closing arguments.

6    **G.    Preclusion of Negative Characterizations of Defendant's Products**

7    Defendant hereby moves the Court to issue an order excluding all evidence and

8    arguments by Plaintiffs, Plaintiffs' counsel, and Plaintiffs' witnesses concerning whether the tobacco

9    products sold by Defendant are either addictive or cause negative health effects, or references to

10   Defendant as "Big Tobacco" or other such references, on the grounds that such evidence and

11   arguments would be irrelevant, inflammatory, and unfairly prejudicial.

12   Federal Rule of Evidence 402 provides that only "relevant evidence" is admissible in

13   an action.  Relevant evidence is evidence "having any tendency to make the existence of any fact

14   that is of consequence to the determination of the action more probable or less probable than it

15   would be without the evidence." Fed. R. Evid. 401.

16   Furthermore, Federal Rule of Evidence 403 requires exclusion of evidence, even

17   when it is relevant, where its probative value is substantially outweighed by the danger of unfair

18   prejudice, confusion of the issues, or misleading the jury.

19   Testimony or arguments concerning whether the tobacco products sold by Defendant

20   are either addictive or cause negative health effects are not relevant to prove any fact of consequence

21   to Plaintiffs' claims of sexual harassment, retaliation or tortuous adverse employment action in

22   violation of public policy.  Furthermore, even assuming, *arguendo*, that such evidence had any slight

23   probative value in this case (which is inconceivable), such value would be substantially outweighed

24   by the danger of unfairly prejudicing the jury against Defendant.

25   Defendant therefore respectfully requests that the Court issue an order excluding all

26   evidence and argument by Plaintiffs, Plaintiffs' counsel, and Plaintiffs' witnesses concerning

27   whether the tobacco products sold by Defendant are either addictive or cause negative health effects.

28   Defendant also requests that Plaintiffs, their counsel, and their witnesses be ordered to avoid any

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S TRIAL BRIEF

18.

(No. 09-cv-02495-WBS-DAD)

1   mention of such evidence while the jury is present at any time, including *voir dire*, opening

2   statements, the presentation of evidence and closing arguments.

3   **H.   Preclusion of Evidence re Plaintiffs' Dismissed Claims for Disability**
4   **Discrimination, Failure to Accommodate, and Failure to Engage in the**
    **Interactive Process**

5         Defendant hereby moves the Court, *in limine*, to issue an order precluding Plaintiffs,

6   their counsel, and/or their witnesses, from offering testimony or other evidence at trial concerning

7   Plaintiffs' allegations that Defendant discriminated against them based on their alleged disabilities

8   and/or failed to accommodate such disabilities.  This motion is based on the grounds that such

9   evidence and arguments are irrelevant to the claims to be tried and would unfairly prejudice the jury

10  against Defendant.

11        Federal Rule of Evidence 402 provides that only "relevant evidence" is admissible in

12  an action.  Relevant evidence is evidence "having any tendency to make the existence of any fact

13  that is of consequence to the determination of the action more probable or less probable than it

14  would be without the evidence." Fed. R. Evid. 401.

15        Furthermore, Federal Rule of Evidence 403 requires exclusion of evidence, even

16  when it is relevant, where its probative value is substantially outweighed by the danger of unfair

17  prejudice, confusion of the issues, or misleading the jury.

18        Plaintiffs' Complaint alleged claims under the Fair Employment and Housing Act

19  ("FEHA"), for disability discrimination, failure to engage in the interactive process, and failure to

20  provide a reasonable accommodation (hereinafter collectively referred to as the "disability claims").

21  The Court granted Defendant's motion for summary judgment with respect to Plaintiffs' disability

22  claims. (*See* Memorandum and Order re: Motion for Summary Judgment, Section III.C.)  The Court

23  found that, in addition to failing to exhaust her administrative remedies, Plaintiff Schmitt "provided

24  no evidence suggesting that she even has a disability, much less that she was subject to an adverse

25  employment action because of a disability." (*Id.* at p.21.)  With respect to Plaintiff McCarthy, the

26  Court found that she had failed to establish a prima facie case on her disability claims because she

27  had not shown that she could perform the essential duties of her job with reasonable

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S TRIAL BRIEF                    19.                    (No. 09-cv-02495-WBS-DAD)

1  accommodations or that she was subjected to any adverse employment action because of her

2  disability. (*Id.* at p.22.)  Furthermore, the Court found that Plaintiff McCarthy had, in fact, been

3  accommodated by Defendant and provided no evidence that she asked for or needed any other

4  accommodations to perform her job. (*Id.* at p.23.)

5          By granting Defendant's motion for summary judgment with respect to Plaintiffs'

6  disability claims, the Court has narrowed the claims for trial to Plaintiffs' claims for "1) sexual

7  harassment under Title VII, 2) retaliation under Title VII, and 3) tortious adverse employment action

8  in violation of public policy." (*See* Final Pretrial Order, Section VI.)  Any testimony or other

9  evidence offered to show that Defendant discriminated against Plaintiffs based on their alleged

10 disabilities are irrelevant to these remaining claims.[3]  As a result, such evidence must be excluded.

11 Fed. R. Evid. 402.

12         Besides the fact that any evidence offered to show disability discrimination has no

13 probative value in this case, testimony from Plaintiffs or argument from Plaintiffs' counsel regarding

14 such discrimination presents a significant danger of misleading the jury, who will not be aware of

15 the Court's prior merits determinations on Plaintiffs' disability claims.  For the same reason,

16 allowing introduction of such evidence would pose a significant risk of confusing the issues for the

17 jury.  Because evidence regarding Plaintiff's disability claims is irrelevant and could only serve the

18 purpose of inflaming or confusing the jury, presentation of any such evidence would also be unfairly

19 prejudicial to Defendant.

20         Defendant therefore respectfully requests that the Court issue an order precluding any

21 offer of testimony, evidence or argument by Plaintiffs, Plaintiffs' counsel, or Plaintiffs' witnesses

22 concerning Plaintiffs' claims that Defendant discriminated against them based on their alleged

23

24 [3] A claim for tortious adverse employment action in violation of public policy could theoretically encompass a claim for
   violations of public policies against disability discrimination.  But, Plaintiffs did not allege violation of such public

25 policies in their Complaint.  (*See* Complaint ¶¶ 45-47, limiting allegations to adverse employment actions taken in
   violation of public policies based on Plaintiffs' reporting of unlawful employment practices, Plaintiffs' making of

26 internal complaints "opposing Madsen's harassment based on their sex," and based on Plaintiffs' sex.)  In addition, as
   discussed above, this Court has already found that, as a matter of law, Plaintiff Schmitt was not disabled and that

27 Plaintiff McCarthy was provided with all accommodations required under the law and was not subject to any adverse
   employment actions due to her disability.  As the Court has made a merits determination that neither Plaintiff was

28 discriminated against based on a disability, Plaintiffs' cannot rely on a violation of policies regarding disability
   discrimination to support their tortuous adverse employment claim.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925 932 2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S TRIAL BRIEF                    20.                    (No. 09-cv-02495-WBS-DAD)

disabilities, that Defendant failed to accommodate their alleged disabilities, and/or that Defendant failed to engage in the interactive process regarding their alleged disabilities. Defendant also requests that Plaintiffs, their counsel, and their witnesses be ordered to avoid any mention of such evidence while the jury is present at any time, including *voir dire*, opening statements, the presentation of evidence and closing arguments.

## I.   Preclusion of Evidence Regarding Net Worth or Profits of Defendant And No Punitive Damages

The Court has ordered that the trial not be bifurcated in its pre-trial order. Defendant objected to this ruling and still does. However, Plaintiffs have failed to list any witness who could testify to the financial condition of Defendant and therefore cannot establish such financial condition. This precludes Plaintiffs from seeking punitive damages under their state law claim pursuant to California Code of Civil Procedure section 3294. Under California law, proof of defendant's finances is prerequisite to a punitive damages award. *Adams v. Murakami*, 54 Cal.3d 105, 110 (1991); *Barnes v. Logan*, 122 F.3d 820, 824 (9th Cir. 1997). This applies to Plaintiffs' tortious employment action claim. Plaintiffs have no evidence of Defendant's finances, and they cannot introduce such evidence at trial, as it was not included on their exhibit list. Hence, Plaintiffs are not entitled to punitive damages on their sole state law claim.

Moreover, Plaintiffs failed to comply with Rule 26(a)(1)(A)(iii), which required them to provide a computation of damages in their initial disclosures. By failing to provide any computation of damages, Plaintiffs are barred from seeking punitive damages, even on their Title VII claim. *See Estate of Gonzalez v. Hickman*, 2007 U.S. Dist. LEXIS 84390, *15-17 (C.D. Cal. June 28, 2007); *Davis v. Harris*, 2006 U.S. Dist. LEXIS 88000, *9-12 (C.D. Ill. Dec. 5, 2006).

As Plaintiffs are not entitled to punitive damages, there is no basis for them to introduce testimony regarding Defendant's financial condition. More importantly, even if Plaintiffs were entitled to punitive damages, they have not listed any witness who could competently testify about Defendant's financial condition. The only testimony Plaintiffs (and possibly Mr. LaLonde) can offer is, by definition, speculative. Speculation is not competent testimony, nor does it constitute evidence. *See, e.g., Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1028

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925 932 2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S TRIAL BRIEF

21.

(No. 09-cv-02495-WBS-DAD)

1  (9th Cir. 2001); *Walker v. Boeing Corp.*, 218 F. Supp. 2d 1177, 1187 (C.D. Cal. 2002) (speculation

2  insufficient to defeat summary judgment because it is not competent testimony).   Because

3  speculation does not constitute competent evidence, Plaintiffs (and Mr. LaLonde) should be

4  precluded from testifying/speculating about Defendant's financial condition.

5        Defendant therefore respectfully requests that the Court issue an order excluding all

6  evidence and argument by Plaintiffs, Plaintiffs' counsel, and Plaintiffs' witnesses concerning the

7  Defendant's purported financial condition.  Defendant also requests that Plaintiffs, their counsel, and

8  their witnesses be ordered to avoid any mention of such evidence while the jury is present at any

9  time, including *voir dire*, opening statements, the presentation of evidence and closing arguments.

10  Dated: May 18, 2011

11

12                                    /s/ Jeffrey L. Adams
                                      _____
13                                    JEFFREY L. ADAMS
                                      LITTLER MENDELSON
14                                    A Professional Corporation
                                      Attorneys for Defendant
15                                    R.J. REYNOLDS TOBACCO CO.

16
   Firmwide:101763370.1 006886.1028
17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO          22.            (No. 09-cv-02495-WBS-DAD)
COMPANY'S TRIAL BRIEF