JEFFREY L. ADAMS, Bar No. 148393
ANNE-MARIE WAGGONER, Bar No. 173407
TARUN MEHTA, Bar No. 262886
LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard, Suite 600
Walnut Creek, CA  94597
Telephone:     925.932.2468
jadams@littler.com
awaggoner@littler.com
tmehta@littler.com

Attorneys for Defendant
R.J. REYNOLDS TOBACCO CO.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA MCCARTHY, KATHERINE SCHMITT,<br><br>                    Plaintiffs,<br><br>          v.<br><br>R.J. REYNOLDS TOBACCO CO., and DOES 1-10,<br><br>                    Defendants. | Case No.  09-cv-02495-WBS-DAD<br><br>**DEFENDANT R.J. REYNOLDS TOBACCO COMPANY'S PROPOSED JURY INSTRUCTIONS**<br><br>Trial Date:  June 1, 2011<br>Time:  9:00 a.m.<br>Courtroom 5; 14th Floor<br>The Honorable William B. Shubb<br><br>Action Filed:  September 4, 2009 |

Pursuant to the Court's Final Pretrial Order filed May 4, 2011, Defendant R.J. Reynolds Tobacco Company ("Defendant") separately submits the following proposed Jury Instructions.

Dated: May 20, 2011

/s/ Anne-Marie Waggoner
JEFFREY L. ADAMS
ANNE-MARIE WAGGONER
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
R.J. REYNOLDS TOBACCO CO.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS

(No.  09-cv-02495-WBS-DAD)

**PRELIMINARY INSTRUCTIONS**

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1.

**Duty of Jury**

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Supporting Authority**

Ninth Circuit Model Civil Jury Instructions, 1.1A Duty of Jury (Court Reads and Provides Written Instructions).


GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS

2.

(No. 09-cv-02495-WBS-DAD)

1    DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2.

2    **Claims And Defenses**

3    To help you follow the evidence, I will give you a brief summary of the positions of

4    the parties:

5    The Plaintiffs claim that they were sexually harassed and retaliated against by

6    Defendant. The Plaintiffs have the burden of proving these claims.

7    The Defendant denies those claims and also contends that Plaintiffs failed to mitigate

8    their damages and that Defendant had anti-harassment policies in place and Plaintiffs failed to utilize

9    those policies to avoid or stop harassment. The Defendant has the burden of proof on these defenses.

10   **Supporting Authority**

11   Ninth Circuit Model Civil Jury Instructions, 1.2 Claims and Defenses (as modified).

12

13   GIVEN:          _____

14   REFUSED:        _____

15   MODIFIED:       _____

16   WITHDRAWN:      _____

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS         3.         (No.  09-cv-02495-WBS-DAD)

1    DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3.

2    **Burden Of Proof—Preponderance Of The Evidence**

3          When a party has the burden of proof on any claim or affirmative defense by a

4    preponderance of the evidence, it means you must be persuaded by the evidence that the claim or

5    affirmative defense is more probably true than not true.

6          You should base your decision on all of the evidence, regardless of which party

7    presented it.

8    **Supporting Authority**

9    Ninth Circuit Model Civil Jury Instructions, 1.3 Burden of Proof – Preponderance of the Evidence

10   (as modified).

11

12   GIVEN:            _____

13   REFUSED:          _____

14   MODIFIED:         _____

15   WITHDRAWN:        _____

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS          4.          (No.  09-cv-02495-WBS-DAD)

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4.</u>

**<u>Two Or More Parties—Different Legal Rights</u>**

You should decide the case as to each Plaintiff separately. Unless otherwise stated, the instructions apply to all parties.

**Supporting Authority**

Ninth Circuit Model Civil Jury Instructions, 1.5 Two or More Parties – Different Legal Rights (as modified).

GIVEN:          _____

REFUSED:        _____

MODIFIED:       _____

WITHDRAWN:   _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS

5.

(No. 09-cv-02495-WBS-DAD)

1     DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5.

2                        **What Is Evidence**

3          The evidence you are to consider in deciding what the facts are consists of:

4          1. the sworn testimony of any witness;

5          2. the exhibits which are received into evidence; and

6          3. any facts to which the lawyers have agreed.

7

8     **Supporting Authority**

9     Ninth Circuit Model Civil Jury Instructions, 1.6 What is Evidence.

10

11    GIVEN:              _____

12    REFUSED:            _____

13    MODIFIED:           _____

14    WITHDRAWN:          _____

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS          6.                    (No.  09-cv-02495-WBS-DAD)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6.

**What Is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Supporting Authority**

Ninth Circuit Model Civil Jury Instructions, 1.7 What is Not Evidence (as modified).

GIVEN:  _____

REFUSED:  _____

MODIFIED:  _____

WITHDRAWN:  _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS

7.

(No.  09-cv-02495-WBS-DAD)

1

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7.

2

**Evidence For Limited Purpose**

3

Some evidence may be admitted for a limited purpose only.

4

When I instruct you that an item of evidence has been admitted for a limited purpose,

5

you must consider it only for that limited purpose and for no other.

6

7

**Supporting Authority**

8

Ninth Circuit Model Civil Jury Instructions, 1.8 Evidence for Limited Purpose (as modified).

9

10

GIVEN:                _____

11

REFUSED:              _____

12

MODIFIED:             _____

13

WITHDRAWN:            _____

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS

8.

(No.  09-cv-02495-WBS-DAD)

1    <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8.</u>

2    **<u>Direct And Circumstantial Evidence</u>**

3          Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact,

4    such as testimony by a witness about what that witness personally saw or heard or did.

5    Circumstantial evidence is proof of one or more facts from which you could find another fact. You

6    should consider both kinds of evidence. The law makes no distinction between the weight to be

7    given to either direct or circumstantial evidence. It is for you to decide how much weight to give to

8    any evidence.

9    **Supporting Authority**

10   Ninth Circuit Model Civil Jury Instructions, 1.9 Direct and Circumstantial Evidence.

11

12   GIVEN:            _____

13   REFUSED:          _____

14   MODIFIED:         _____

15   WITHDRAWN:        _____

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS

9.

(No.  09-cv-02495-WBS-DAD)

1    DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9.

2    **Ruling On Objections**

3            There are rules of evidence that control what can be received into evidence. When a

4    lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it

5    is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the

6    question may be answered or the exhibit received. If I sustain the objection, the question cannot be

7    answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you

8    must ignore the question and must not guess what the answer might have been.

9            Sometimes I may order that evidence be stricken from the record and that you

10   disregard or ignore the evidence. That means that when you are deciding the case, you must not

11   consider the evidence that I told you to disregard.

12

13   **Supporting Authority**

14   Ninth Circuit Model Civil Jury Instructions, 1.10 Ruling on Objections.

15

16   GIVEN:            _____

17   REFUSED:          _____

18   MODIFIED:         _____

19   WITHDRAWN:    _____

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS                10.              (No.  09-cv-02495-WBS-DAD)

1    <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10.</u>

2    **<u>Credibility Of Witnesses</u>**

3    In deciding the facts in this case, you may have to decide which testimony to believe

4    and which testimony not to believe. You may believe everything a witness says, or part of it, or none

5    of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

6    In considering the testimony of any witness, you may take into account:

7    (1) the opportunity and ability of the witness to see or hear or know the things

8    testified to;

9    (2) the witness's memory;

10    (3) the witness's manner while testifying;

11    (4) the witness's interest in the outcome of the case and any bias or prejudice;

12    (5) whether other evidence contradicted the witness's testimony;

13    (6) the reasonableness of the witness's testimony in light of all the evidence; and

14    (7) any other factors that bear on believability.

15    The weight of the evidence as to a fact does not necessarily depend on the number of

16    witnesses who testify about it.

17

18    **Supporting Authority**

19    Ninth Circuit Model Civil Jury Instructions, 1.11 Credibility of Witnesses.

20

21    GIVEN:          _____

22    REFUSED:        _____

23    MODIFIED:       _____

24    WITHDRAWN:      _____

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS

11.

(No. 09-cv-02495-WBS-DAD)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11.

**Conduct Of The Jury**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

**Supporting Authority**

Ninth Circuit Model Civil Jury Instructions, 1.12 Conduct of the Jury (as modified).

GIVEN:  _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS

12.

(No.  09-cv-02495-WBS-DAD)

1    REFUSED:          _____

2    MODIFIED:         _____

3    WITHDRAWN:    _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS        13.                   (No.  09-cv-02495-WBS-DAD)

1          DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12.

2                    **No Transcript Available To Jury**

3                During deliberations, you will have to make your decision based on what you recall

4    of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the

5    testimony as it is given.

6                If at any time you cannot hear or see the testimony, evidence, questions or arguments,

7    let me know so that I can correct the problem.

8

9    **Supporting Authority**

10   Ninth Circuit Model Civil Jury Instructions, 1.13 No Transcript Available to Jury.

11

12   GIVEN:           _____

13   REFUSED:         _____

14   MODIFIED:        _____

15   WITHDRAWN:       _____

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS                14.                     (No.  09-cv-02495-WBS-DAD)

1  <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 13.</u>

2  **<u>Taking Notes</u>**

3       If you wish, you may take notes to help you remember the evidence. If you do take

4  notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the

5  case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room.

6  No one will read your notes. They will be destroyed at the conclusion of the case.

7       Whether or not you take notes, you should rely on your own memory of the evidence.

8  Notes are only to assist your memory. You should not be overly influenced by your notes or those of

9  your fellow jurors.

10

11  **Supporting Authority**

12  Ninth Circuit Model Civil Jury Instructions, 1.14 Taking Notes (as modified).

13

14  GIVEN:            _____

15  REFUSED:          _____

16  MODIFIED:         _____

17  WITHDRAWN:        _____

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS

15.

(No.  09-cv-02495-WBS-DAD)

1       <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 14.</u>

2       **<u>Bench Conferences And Recesses</u>**

3       From time to time during the trial, it may become necessary for me to talk with the

4 attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is

5 present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are

6 working. The purpose of these conferences is not to keep relevant information from you, but to

7 decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and

8 error.

9       Of course, we will do what we can to keep the number and length of these

10 conferences to a minimum. I may not always grant an attorney's request for a conference. Do not

11 consider my granting or denying a request for a conference as any indication of my opinion of the

12 case or of what your verdict should be.

13

14 **Supporting Authority**

15 Ninth Circuit Model Civil Jury Instructions, 1.18 Bench Conferences and Recesses (as modified).

16

17 GIVEN:       _____

18 REFUSED:     _____

19 MODIFIED:    _____

20 WITHDRAWN:  _____

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS    16.     (No. 09-cv-02495-WBS-DAD)

1

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 15.

2

**Outline Of Trial**

3   Trials proceed in the following way: First, each side may make an opening statement.

4   An opening statement is not evidence. It is simply an outline to help you understand what that party

5   expects the evidence will show. A party is not required to make an opening statement.

6   The Plaintiffs will then present evidence, and counsel for the Defendant may cross-

7   examine. Then the Defendant may present evidence, and counsel for the Plaintiffs may cross-

8   examine.

9   After the evidence has been presented, I will instruct you on the law that applies to

10   the case and the attorneys will make closing arguments.

11   After that, you will go to the jury room to deliberate on your verdict.

12

13   **Supporting Authority**

14   Ninth Circuit Model Civil Jury Instructions, 1.19 Outline of Trial.

15

16   GIVEN:            _____

17   REFUSED:          _____

18   MODIFIED:         _____

19   WITHDRAWN:        _____

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 16.

**Impeachment Evidence—Witness**

The evidence that a witness has been convicted of a crime or lied under oath may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**Supporting Authority**

Ninth Circuit Model Civil Jury Instructions, 2.8 Impeachment Evidence – Witness (as modified).

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS

18.

(No.  09-cv-02495-WBS-DAD)

1    DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 17.

2    **Expert Opinion**

3          Some witnesses, because of education or experience, are permitted to state opinions

4    and the reasons for those opinions.

5          Opinion testimony should be judged just like any other testimony. You may accept it

6    or reject it, and give it as much weight as you think it deserves, considering the witness's education

7    and experience, the reasons given for the opinion, and all the other evidence in the case.

8

9    **Supporting Authority**

10   Ninth Circuit Model Civil Jury Instructions, 2.11 Expert Opinion.

11

12   GIVEN:       _____

13   REFUSED:     _____

14   MODIFIED:    _____

15   WITHDRAWN:  _____

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS
19.
(No.  09-cv-02495-WBS-DAD)

1    DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 18.

2    **Evidence In Electronic Format**

3       Those exhibits capable of being displayed electronically will be provided to you in

4    that form, and you will be able to view them in the jury room. A computer, projector, printer and

5    accessory equipment will be available to you in the jury room.

6       A court technician will show you how to operate the computer and other equipment;

7    how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be

8    provided with a paper list of all exhibits received in evidence. (Alternatively, you may request a

9    paper copy of an exhibit received in evidence by sending a note through the clerk/bailiff.) If you

10   need additional equipment or supplies, you may make a request by sending a note.

11      In the event of any technical problem, or if you have questions about how to operate

12   the computer or other equipment, you may send a note to the clerk/bailiff, signed by your foreperson

13   or by one or more members of the jury. Be as brief as possible in describing the problem and do not

14   refer to or discuss any exhibit you were attempting to view.

15      If a technical problem or question requires hands-on maintenance or instruction, a

16   court technician may enter the jury room with the clerk, bailiff, or me present for the sole purpose of

17   assuring that the only matter that is discussed is the technical problem.  When the court technician or

18   any non-juror is in the jury room, the jury shall not deliberate. No juror may say anything to the

19   court technician or any non-juror other than to describe the technical problem or to seek information

20   about operation of equipment. Do not discuss any exhibit or any aspect of the case.

21      The sole purpose of providing the computer in the jury room is to enable jurors to

22   view the exhibits received in evidence in this case. You may not use the computer for any other

23   purpose. At my direction, technicians have taken steps to make sure that the computer does not

24   permit access to the Internet or to any "outside" website, database, directory, game, or other

25   material. Do not attempt to alter the computer to obtain access to such materials. If you discover that

26   the computer provides or allows access to such materials, you must inform me immediately and

27   refrain from viewing such materials. Do not remove the computer or any electronic data from the

28   jury room, and do not copy any such data.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS          20.          (No.  09-cv-02495-WBS-DAD)

**Supporting Authority**

Ninth Circuit Model Civil Jury Instructions, 2.14 Evidence in Electronic Format (as modified).


GIVEN:              _____

REFUSED:            _____

MODIFIED:           _____

WITHDRAWN:      _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS

21.

(No.  09-cv-02495-WBS-DAD)

**FINAL SET OF INSTRUCTIONS – TO BE GIVEN AFTER CLOSING ARGUMENTS**

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 19.

**Duty of Jury**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Supporting Authority**

Ninth Circuit Model Civil Jury Instructions, 1.1C Duty of Jury (Court Reads and Provides Written Instructions at End of Case) (as modified).


GIVEN:            _____

REFUSED:          _____

MODIFIED:         _____

WITHDRAWN:        _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS

22.

(No.  09-cv-02495-WBS-DAD)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 20.

**<u>Claims And Defenses</u>**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiffs claim that they were sexually harassed and retaliated against by Defendant. The Plaintiffs have the burden of proving these claims.

The Defendant denies those claims and also contends that Plaintiffs failed to mitigate their damages and that Defendant had anti-harassment policies in place and Plaintiffs failed to utilize those policies to avoid or stop harassment. The Defendant has the burden of proof on these defenses.

**Supporting Authority**

Ninth Circuit Model Civil Jury Instructions, 1.2 Claims and Defenses (as modified).


GIVEN:              _____

REFUSED:           _____

MODIFIED:          _____

WITHDRAWN:      _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS

23.

(No. 09-cv-02495-WBS-DAD)

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 21.

### **Burden Of Proof—Preponderance Of The Evidence**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Supporting Authority**

Ninth Circuit Model Civil Jury Instructions, 1.3 Burden of Proof – Preponderance of the Evidence (as modified).

GIVEN:              _____

REFUSED:            _____

MODIFIED:           _____

WITHDRAWN:     _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS          24.                    (No.  09-cv-02495-WBS-DAD)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 22.

**<u>Two Or More Parties—Different Legal Rights</u>**

You should decide the case as to each Plaintiff separately. Unless otherwise stated, the instructions apply to all parties.

**Supporting Authority**

Ninth Circuit Model Civil Jury Instructions, 1.5 Two or More Parties – Different Legal Rights (as modified).

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS

25.

(No.  09-cv-02495-WBS-DAD)

1         <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 23.</u>

2                          <u>**What Is Evidence**</u>

3       The evidence you are to consider in deciding what the facts are consists of:

4       1. the sworn testimony of any witness;

5       2. the exhibits which are received into evidence; and

6       3. any facts to which the lawyers have agreed.

7

8 **Supporting Authority**

9 Ninth Circuit Model Civil Jury Instructions, 1.6 What is Evidence.

10

11 GIVEN:            _____

12 REFUSED:        _____

13 MODIFIED:      _____

14 WITHDRAWN:   _____

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS    26.          (No.  09-cv-02495-WBS-DAD)

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 24.

### **What Is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Supporting Authority**

Ninth Circuit Model Civil Jury Instructions, 1.7 What is Not Evidence (as modified).

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS

27.

(No. 09-cv-02495-WBS-DAD)

1    <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 25.</u>

2    **<u>Evidence For Limited Purpose</u>**

3    Some evidence may be admitted for a limited purpose only.

4    When I instructed you that an item of evidence has been admitted for a limited

5    purpose, you must consider it only for that limited purpose and for no other.

6

7    **Supporting Authority**

8    Ninth Circuit Model Civil Jury Instructions, 1.8 Evidence for Limited Purpose (as modified).

9

10   GIVEN:              _____

11   REFUSED:            _____

12   MODIFIED:           _____

13   WITHDRAWN:          _____

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS

28.

(No.  09-cv-02495-WBS-DAD)

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 26.</u>

**<u>Direct And Circumstantial Evidence</u>**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Supporting Authority**

Ninth Circuit Model Civil Jury Instructions, 1.9 Direct and Circumstantial Evidence.

GIVEN:              _____

REFUSED:           _____

MODIFIED:          _____

WITHDRAWN:     _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS

29.

(No.  09-cv-02495-WBS-DAD)

1    <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 27.</u>

2    **<u>Credibility Of Witnesses</u>**

3    In deciding the facts in this case, you may have to decide which testimony to believe

4    and which testimony not to believe. You may believe everything a witness said, or part of it, or none

5    of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

6    In considering the testimony of any witness, you may take into account:

7    (1) the opportunity and ability of the witness to see or hear or know the things

8    testified to;

9    (2) the witness's memory;

10    (3) the witness's manner while testifying;

11    (4) the witness's interest in the outcome of the case and any bias or prejudice;

12    (5) whether other evidence contradicted the witness's testimony;

13    (6) the reasonableness of the witness's testimony in light of all the evidence; and

14    (7) any other factors that bear on believability.

15    The weight of the evidence as to a fact does not necessarily depend on the number of

16    witnesses who testify about it.

17

18    **Supporting Authority**

19    Ninth Circuit Model Civil Jury Instructions, 1.11 Credibility of Witnesses (as modified).

20

21    GIVEN:              _____

22    REFUSED:            _____

23    MODIFIED:           _____

24    WITHDRAWN:          _____

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS                30.                (No.  09-cv-02495-WBS-DAD)

1    DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 28.

2    **Bench Conferences And Recesses**

3           From time to time during the trial, it became necessary for me to talk with the

4    attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was

5    present in the courtroom, or by calling a recess. Please understand that while you were waiting, we

6    were working. The purpose of these conferences is not to keep relevant information from you, but to

7    decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and

8    error.

9           Of course, we have done what we could to keep the number and length of these

10   conferences to a minimum. I did not always grant an attorney's request for a conference. Do not

11   consider my granting or denying a request for a conference as any indication of my opinion of the

12   case or of what your verdict should be.

13

14   **Supporting Authority**

15   Ninth Circuit Model Civil Jury Instructions, 1.18 Bench Conferences and Recesses (as modified).

16

17   GIVEN: _____

18   REFUSED: _____

19   MODIFIED: _____

20   WITHDRAWN: _____

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS          31.          (No.  09-cv-02495-WBS-DAD)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 29.

**Impeachment Evidence—Witness**

The evidence that a witness has been convicted of a crime or lied under oath may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**Supporting Authority**

Ninth Circuit Model Civil Jury Instructions, 2.8 Impeachment Evidence – Witness (as modified).

GIVEN:             _____

REFUSED:           _____

MODIFIED:          _____

WITHDRAWN:         _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS

32.

(No.  09-cv-02495-WBS-DAD)

1         <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 30.</u>

2                         **<u>Expert Opinion</u>**

3         Some witnesses, because of education or experience, were permitted to state opinions

4 and the reasons for those opinions.

5         Opinion testimony should be judged just like any other testimony. You may accept it

6 or reject it, and give it as much weight as you think it deserves, considering the witness's education

7 and experience, the reasons given for the opinion, and all the other evidence in the case.

8

9 **Supporting Authority**

10 Ninth Circuit Model Civil Jury Instructions, 2.11 Expert Opinion.

11

12 GIVEN:        _____

13 REFUSED:      _____

14 MODIFIED:     _____

15 WITHDRAWN:   _____

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

1            DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 31.

2                          **Evidence In Electronic Format**

3          Those exhibits capable of being displayed electronically will be provided to you in

4   that form, and you will be able to view them in the jury room. A computer, projector, printer and

5   accessory equipment will be available to you in the jury room.

6          A court technician will show you how to operate the computer and other equipment;

7   how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be

8   provided with a paper list of all exhibits received in evidence. (Alternatively, you may request a

9   paper copy of an exhibit received in evidence by sending a note through the clerk/bailiff.) If you

10  need additional equipment or supplies, you may make a request by sending a note.

11         In the event of any technical problem, or if you have questions about how to operate

12  the computer or other equipment, you may send a note to the clerk/bailiff, signed by your foreperson

13  or by one or more members of the jury. Be as brief as possible in describing the problem and do not

14  refer to or discuss any exhibit you were attempting to view.

15         If a technical problem or question requires hands-on maintenance or instruction, a

16  court technician may enter the jury room with the clerk, bailiff, or me present for the sole purpose of

17  assuring that the only matter that is discussed is the technical problem.  When the court technician or

18  any non-juror is in the jury room, the jury shall not deliberate. No juror may say anything to the

19  court technician or any non-juror other than to describe the technical problem or to seek information

20  about operation of equipment. Do not discuss any exhibit or any aspect of the case.

21         The sole purpose of providing the computer in the jury room is to enable jurors to

22  view the exhibits received in evidence in this case. You may not use the computer for any other

23  purpose. At my direction, technicians have taken steps to make sure that the computer does not

24  permit access to the Internet or to any "outside" website, database, directory, game, or other

25  material. Do not attempt to alter the computer to obtain access to such materials. If you discover that

26  the computer provides or allows access to such materials, you must inform me immediately and

27  refrain from viewing such materials. Do not remove the computer or any electronic data from the

28  jury room, and do not copy any such data.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO               34.                    (No.  09-cv-02495-WBS-DAD)
COMPANY'S PROPOSED JURY INSTRUCTIONS

**Supporting Authority**

Ninth Circuit Model Civil Jury Instructions, 2.14 Evidence in Electronic Format (as modified).

GIVEN:              _____

REFUSED:            _____

MODIFIED:           _____

WITHDRAWN:          _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS                    35.                    (No.  09-cv-02495-WBS-DAD)

1    <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 32.</u>

2    **<u>Duty To Deliberate</u>**

3         When you begin your deliberations, you should elect one member of the jury as your

4    presiding juror. That person will preside over the deliberations and speak for you here in court.

5         You will then discuss the case with your fellow jurors to reach agreement if you can

6    do so. Your verdict must be unanimous.

7         Each of you must decide the case for yourself, but you should do so only after you

8    have considered all of the evidence, discussed it fully with the other jurors, and listened to the views

9    of your fellow jurors.

10        Do not hesitate to change your opinion if the discussion persuades you that you

11   should. Do not come to a decision simply because other jurors think it is right.

12        It is important that you attempt to reach a unanimous verdict but, of course, only if

13   each of you can do so after having made your own conscientious decision. Do not change an honest

14   belief about the weight and effect of the evidence simply to reach a verdict.

15

16   **Supporting Authority**

17   Ninth Circuit Model Civil Jury Instructions, 3.1 Duty to Deliberate.

18

19   GIVEN: _____

20   REFUSED: _____

21   MODIFIED: _____

22   WITHDRAWN: _____

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS

36.

(No.  09-cv-02495-WBS-DAD)

1      <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 33.</u>

2      <u>**Communication With Court**</u>

3           If it becomes necessary during your deliberations to communicate with me, you may

4 send a note through the deputy/bailiff, signed by your presiding juror or by one or more members of

5 the jury. No member of the jury should ever attempt to communicate with me except by a signed

6 writing; I will communicate with any member of the jury on anything concerning the case only in

7 writing, or here in open court. If you send out a question, I will consult with the parties before

8 answering it, which may take some time. You may continue your deliberations while waiting for the

9 answer to any question. Remember that you are not to tell anyone—including me—how the jury

10 stands, numerically or otherwise, until after you have reached a unanimous verdict or have been

11 discharged. Do not disclose any vote count in any note to the court.

12

13 **Supporting Authority**

14 Ninth Circuit Model Civil Jury Instructions, 3.2 Communication With Court (as modified).

15

16 GIVEN:      _____

17 REFUSED:     _____

18 MODIFIED:    _____

19 WITHDRAWN: _____

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS

37.

(No. 09-cv-02495-WBS-DAD)

1       <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 34.</u>

2       **<u>Return Of Verdict</u>**

3       A verdict form has been prepared for you. After you have reached unanimous

4 agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and

5 date it, and advise the court that you are ready to return to the courtroom.

6

7 **Supporting Authority**

8 Ninth Circuit Model Civil Jury Instructions, 3.3 Return of Verdict (as modified).

9

10 GIVEN:       _____

11 REFUSED:     _____

12 MODIFIED:    _____

13 WITHDRAWN:  _____

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS    38.      (No.  09-cv-02495-WBS-DAD)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 35.

**Civil Rights—Title VII—Hostile Work Environment—**

**Harassment Because Of Protected Characteristics—Elements**

Each Plaintiff seeks damages against the Defendant for a sexually hostile work environment while employed by the Defendant. In order to establish a sexually hostile work environment, a Plaintiff must prove each of the following elements by a preponderance of the evidence:

      1. the Plaintiff was subjected to sexual advances, requests for sexual conduct, or other verbal or physical conduct of a sexual nature;

      2. the conduct was unwelcome;

      3. the conduct was sufficiently severe or pervasive to alter the conditions of the Plaintiff's employment and create a sexually abusive or hostile work environment;

      4. the Plaintiff perceived the working environment to be abusive or hostile; and

      5. a reasonable woman in the Plaintiff's circumstances would consider the working environment to be abusive or hostile.

Whether the environment constituted a sexually hostile work environment is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with an employee's work performance.

**Supporting Authority**

Ninth Circuit Model Civil Jury Instructions, 10.2A Civil Rights – Title VII – Hostile Work Environment – Harassment Because of Protected Characteristics – Elements (as modified).

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS

39.

(No. 09-cv-02495-WBS-DAD)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 36.

### Sexual Harassment – Hostile Work Environment

Each Plaintiff claims that she was subjected to a hostile work environment because of her sex.  In order to establish a claim of a hostile work environment, the sexual harassment must be so severe and pervasive that it has the purpose or effect of unreasonably interfering with the employee's work performance and of creating an abusive or hostile work environment.  A hostile work environment does not exist simply because the workplace consists of trivial or isolated remarks and incidents, or simply coarse, rude, or boorish behavior, even when such behavior is clearly inappropriate.

Conduct which is offensive or unprofessional, but which does not affect a term, condition, or privilege of employment, is not sufficient to support a claim of sexual harassment.  A single or isolated incident, unless extreme (i.e., akin to a physical assault), will not create an offensive, hostile, or intimidating work environment.  An employer is not responsible for isolated and infrequent conduct because even a reasonably prudent employer cannot guarantee that such conduct will never occur.

**Supporting Authority**

*Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998); *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21 (1993); *Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 67 (1986); *Brooks v. City of San Mateo*, 229 F.3d 917, 923-24 (9th Cir. 2000).


GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS
40.
(No.  09-cv-02495-WBS-DAD)

1    <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 37.</u>

2    **<u>Harassment Must Be Motivated By Gender</u>**

3    In order to prove their claims of sexual harassment, each Plaintiff must demonstrate by a

4    preponderance of the evidence that she was the subject of the alleged communication or conduct

5    because she is a female; that is, that she would not have been subjected to the same communication

6    or conduct if she was a male.

7    The law does not guarantee a utopian workplace or even a pleasant one.   Workplace

8    harassment is not automatically discrimination because of gender merely because the words have

9    sexual content or connotations.  The critical issue is whether members of one gender are exposed to

10   disadvantageous terms or conditions of employment to which members of the other gender are not

11   exposed.  If you determine that a Plaintiff would have experienced the same communications or

12   conduct if she were male, you must find in favor of Defendant as to that Plaintiff's sexual

13   harassment claim.

14   **Supporting Authority:**

15   *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998); *Harris v. Forklift Sys., Inc.,* 510

16   U.S. 17, 21 (1993).

17

18   GIVEN:            _____

19   REFUSED:          _____

20   MODIFIED:         _____

21   WITHDRAWN:        _____

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS

41.

(No.  09-cv-02495-WBS-DAD)

1    <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 38.</u>

2    **<u>Sexual Comments Do Not Always Constitute Sexual Harassment</u>**

3          Just because a supervisor talks about sex in the workplace does not mean sexual harassment

4    has occurred.  Similarly, just because a supervisor acts in a sexualized manner does not mean the

5    supervisor has engaged in sexual harassment, even if the supervisor's actions are morally

6    inappropriate.  The critical issue is whether members of one gender (i.e., women) are exposed to

7    disadvantageous terms or conditions of employment to which members of the other gender (i.e.,

8    men) are not exposed.  If you determine that Plaintiffs would have experienced the same

9    communications or conduct from their supervisor even if they were men, then you must find in favor

10   of Defendant.

11   **Supporting Authority:**

12   *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998).

13

14   GIVEN:              _____

15   REFUSED:         _____

16   MODIFIED:       _____

17   WITHDRAWN:    _____

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 39.

**Harassment Must be Severe and Pervasive**

You must find for Defendant unless you determine that Defendant engaged in sexual harassment which is severe and pervasive enough to create a hostile work environment.

In determining whether harassment is sufficiently severe and pervasive as to alter the conditions of employment and create an abusive working environment, the conduct must be evaluated from both objective and subjective standards.

The subjective standard requires that the Plaintiff have actually perceived the alleged conduct as hostile or abusive sexual harassment at the time it occurred. If you find either Plaintiff did not find the conduct hostile or abusive at the time it occurred, that Plaintiff's hostile work environment claim fails. In making this determination as to each Plaintiff, you may consider the expert testimony that was presented at trial regarding her mental state.

If you find that either Plaintiff did perceive the conduct alleged to be hostile or abusive, then as to each Plaintiff as to which you make that finding, you must then evaluate the conduct using the objective standard. The objective standard requires that you look at the evidence from the perspective of a reasonable person in the Plaintiff's position and consider how such reasonable person would react to similar conduct under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person. Rather, you must evaluate the circumstances as a whole and determine whether the alleged harassing behavior could be objectively classified as the kind of behavior that a reasonable person in the Plaintiff's position would find severely hostile or abusive.

**Supporting Authority**

*Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998); *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21-23 (1993); *Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 67 (1986); *Brooks v. City of San Mateo*, 229 F.3d 917, 923-24, 927 (9th Cir. 2000); Ninth Circuit Model Jury Instruction 2.11 Expert Opinion; Federal Rules of Evidence 602, 701-705.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS

43.

(No. 09-cv-02495-WBS-DAD)

1   GIVEN:              _____

2   REFUSED:            _____

3   MODIFIED:           _____

4   WITHDRAWN:       _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS

44.

(No.  09-cv-02495-WBS-DAD)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 40.

## Work Environment

Ordinary socializing in the workplace—such as horseplay, banter, shop talk or flirtation—is not sexual harassment.  In evaluating the objective severity of the alleged harassment, it must be judged from the perspective of a reasonable person considering all of the circumstances.  This inquiry requires careful consideration of the social context in which particular behavior occurs and is experienced.  For example, an employee who is a trade marketing representative may expect a different working environment, with different levels of discourse, than an employee who sells religious materials.

Therefore, the real social impact of workplace conduct often depends on many surrounding circumstances, including expectations and relationships which are not fully captured by the mere recitation of the words that were used or the physical acts allegedly performed.  For this reason, you must use your common sense along with an appropriate sensitivity to the social context where and in which the alleged conduct occurred so as to distinguish (a) offensive shop talk, vulgar or crude conduct, personal flirtations and other events which, when viewed in context, are either innocuous, non-sexual or of a *de minimis* nature, from (b) conduct which is so severe and pervasive that it has the purpose or effect of unreasonably interfering with the employee's work performance and of creating a hostile or abusive work environment.

**Supporting Authority**

*Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81-82 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 (1998); *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21-23 (1993).


GIVEN:           _____

REFUSED:        _____

MODIFIED:      _____

WITHDRAWN:   _____

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS

45.

(No. 09-cv-02495-WBS-DAD)

1

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 41.

2

**Totality of the Circumstances**

3        In determining whether an environment was objectively or subjectively harassing, you must

4    look at the totality of the circumstances, including the frequency of the offensive conduct, its

5    severity, whether it is physically threatening or humiliating, or merely offensive utterances, and

6    whether it unreasonably interferes with an employee's work performance.

7    **Supporting Authority**

8    *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81-82 (1998); *Faragher v. City of Boca*

9    *Raton*, 524 U.S. 775, 787-88 (1998); *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 23 (1993); *Meritor*

10   *Sav. Bank v. Vinson*, 477 U.S. 57, 69 (1986); *Brooks v. City of San Mateo*, 229 F.3d 917, 923-24 (9th

11   Cir. 2000).

12

13   GIVEN:                _____

14   REFUSED:              _____

15   MODIFIED:             _____

16   WITHDRAWN:            _____

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS

46.

(No. 09-cv-02495-WBS-DAD)

1

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 42.</u>

2

**<u>Supervisor Defined</u>**

3

Plaintiffs have claimed that the sexual harassment in this case was caused by their supervisor.

4

Because the law imposes different duties on an employer if the harassment was caused by a

5

supervisor, you must first determine if the alleged harasser was, in fact, a supervisor.

6

A supervisor is a person who can directly or indirectly affect a tangible employment action.

7

A "tangible employment action" consists of a significant change in employment status such as

8

hiring, firing, failing to promote, reassignment with significantly different responsibilities or a

9

decision causing a significant change in benefits.

10

**Supporting Authority**

11

Federal Employment Jury Instructions, § 1:950 (as modified). *Pennsylvania State Police v. Suders*,

12

542 U.S. 129, 144-45 (2004); *Faragher v. City of Boca Raton*, 524 U.S. 775, 802-803 (1998);

13

*Burlington Industries, Inc. v. Ellerth,* 524 U.S. 742, 761-62 (1998).

14

15

GIVEN: _____

16

REFUSED: _____

17

MODIFIED: _____

18

WITHDRAWN: _____

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS

47.

(No. 09-cv-02495-WBS-DAD)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 43.

**Affirmative Defense of Employer (*Ellerth/Faragher* Defense)**

Each Plaintiff must prove, by a preponderance of the evidence, that she suffered a hostile work environment because of her gender.  If either Plaintiff fails to make this showing, then you must find in favor of Defendant on that Plaintiff's claim.  However, even if a Plaintiff does show that she was subject to a hostile work environment because of her gender, you must still find in favor of Defendant if you find that Defendant exercised reasonable care to prevent and correct sexual harassment and the Plaintiff failed to take advantage of preventative or corrective opportunities available to her to prevent or stop harassment.

Defendant contends that, if either Plaintiff was subjected to any sexual harassment by her supervisor, Defendant took prompt remedial action. This is an affirmative defense as to which Defendant bears the burden of proof.  Your verdict must be for Defendant on either Plaintiff's claim of a sexually hostile work environment if Defendant proves by a preponderance of the evidence as to that Plaintiff that (a) Defendant exercised reasonable care to prevent and promptly correct any sexually harassing behavior in the workplace, by, for instance, having a policy in place prohibiting discrimination, retaliation and harassment, or promptly investigating any claim of discrimination or harassment made by any employee and (b) that Plaintiff unreasonably failed to complain, delayed complaining so that Defendant was unable to stop the harassment, or otherwise failed to take advantage of preventive or corrective opportunities made available by Defendant to complain of any supervisor harassment.

**Supporting Authority**

*Pennsylvania State Police v. Suders*, 542 U.S. 129, 137-38 (2004); *Faragher v. City of Boca Raton*, 524 U.S. 775, 806-808 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 764-65 (1998).


GIVEN:  _____

REFUSED:  _____

MODIFIED:  _____

WITHDRAWN:  _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS          48.          (No.  09-cv-02495-WBS-DAD)

1       <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 44.</u>

2       **<u>Retaliation – Essential Elements</u>**

3       Plaintiffs claim that Defendant retaliated against them.  To make out a claim of

4 retaliation, each Plaintiff must prove, by a preponderance of the evidence, each of the following:

5       1.    That she engaged in "protected conduct," meaning that she opposed a practice

6 forbidden by Title VII or made a charge, testified, assisted or participated in a Title VII

7 investigation, proceeding or hearing;

8       2.    That she was then subjected to a material adverse employment action by

9 Defendant; and

10       3.    That there was a causal link between the adverse employment action and her

11 protected conduct.

12 **Supporting Authority**

13 *Crawford v. Metro. Gov't of Nashville & Davidson County*, 129 S. Ct. 846, 850 (2009); *Burlington*

14 *Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 57, 67-68 (2006); *Brooks v. City of San*

15 *Mateo*, 229 F.3d 917, 928-29 (9th Cir. 2000); *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir.

16 1982); *Gunther v. County of Washington*, 623 F.2d 1303, 1314 (9th Cir. 1979).

17

18 GIVEN:      _____

19 REFUSED:     _____

20 MODIFIED:    _____

21 WITHDRAWN:  _____

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS    49.    (No.  09-cv-02495-WBS-DAD)

1    DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 45.

2    **Retaliation – Protected Conduct Defined**

3    In order to prove a claim for retaliation, each Plaintiff must prove, by a

4    preponderance of the evidence, that she engaged in conduct protected under Title VII, specifically

5    that she opposed a practice made unlawful by Title VII or made a charge, testified, assisted or

6    participated in a investigation, proceeding or hearing regarding an alleged violation of Title VII.

7    Title VII provides that:

8    It shall be an unlawful employment practice for an employer --

9    (1) to fail or refuse to hire or to discharge any individual, or otherwise
     to discriminate against any individual with respect to his
10   compensation, terms, conditions, or privileges of employment, because
     of such individual's race, color, religion, sex, or national origin.
11

12   If you determine that either Plaintiff made a complaint or otherwise opposed or

13   participated in the investigation of a practice that was <u>not</u> forbidden by Title VII, that conduct does

14   not qualify as "protected conduct" and you may not rely upon that conduct in determining whether

15   or not Defendant retaliated against the Plaintiff.  For instance, the use of vulgar language is not

16   forbidden by Title VII.   Also, sexual orientation is not protected under Title VII.  As a result, a

17   Plaintiff who complains of sexual orientation discrimination or vulgar language has not engaged in

18   protected conduct under Title VII.

19   **Supporting Authority**

20   42 U.S.C. §2000e-2(a); 42 U.S.C. §2000e-3(a); *Slagle v. County of Clarion*, 435 F.3d 262, 266-68

21   (3rd Cir. 2006); *Balazs v. Liebenthal*, 32 F.3d 151, 158-60 (4th Cir. 1994); *Learned v. City of*

22   *Bellevue*, 860 F.2d 928, 931-32 (9th Cir. 1988); *Bibby v. Philadelphia Coca Cola Bottling Co.*, 260

23   F.3d 257, 264 (3rd Cir. 2001); *Hammer v. St. Vincent Hosp. and Health Ctr.*, 224 F.3d 701, 704 (7th

24   Cir. 2000); *Montanez v. Educ. Tech. College*, 660 F.Supp.2d 235, 243 (D.C. Puerto Rico 2009).

25   GIVEN:              _____

26   REFUSED:           _____

27   MODIFIED:          _____

28   WITHDRAWN:         _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS          50.          (No.  09-cv-02495-WBS-DAD)

1    DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 46.

2    **<u>Retaliation - Material Adverse Employment Action Defined</u>**

3    In order to prove a claim of retaliation, each Plaintiff must prove, by a preponderance

4    of the evidence, that she was subjected to a material adverse employment action by Defendant.  A

5    material adverse employment action is one that constitutes a significant change in employment status

6    and that would deter a reasonable employee from engaging in protected conduct, such as

7    termination, failing to promote, reassignment with significantly different responsibilities, a

8    significant change in benefits, or issuance of an undeserved negative performance review.

9    An action must produce an injury or harm to be a material adverse employment

10   action.  Petty slights, minor annoyances, and lack of good manners are not material adverse

11   employment actions.

12   **Supporting Authority**

13   *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57, 68 (2006); *Pennsylvania State Police v.*

14   *Suders*, 542 U.S. 129, 144 (2004); *Burlington Industries, Inc. v. Ellerth,* 524 U.S. 742, 761 (1998);

15   *Brooks v. City of San Mateo*, 229 F.3d 917, 928-29 (9th Cir. 2000).

16

17   GIVEN:            _____

18   REFUSED:          _____

19   MODIFIED:         _____

20   WITHDRAWN:        _____

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS                 51.                  (No.  09-cv-02495-WBS-DAD)

1    DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 47.

2    **<u>Retaliation – Awareness of Protected Conduct</u>**

3           It is each Plaintiff's burden to prove, by a preponderance of the evidence, that any

4    adverse employment action taken against her was taken because she engaged in protected conduct.

5    In order to prove this causal link existed, each Plaintiff must show that the person taking the alleged

6    adverse employment action either was aware or strongly suspected that she had engaged in the

7    protected conduct.

8    **Supporting Authority**

9    *Price v. Thompson*, 380 F.3d 209, 212-13 (4th Cir. 2004);  *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793,

10   796 (9th Cir. 1982); *Gunther v. County of Washington*, 623 F.2d 1303, 1316 (9th Cir. 1979).

11

12   GIVEN:              _____

13   REFUSED:            _____

14   MODIFIED:           _____

15   WITHDRAWN:          _____

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS          52.          (No. 09-cv-02495-WBS-DAD)

1

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 48.

2

### **Plaintiff McCarthy's Termination Was Not An Adverse Employment Action**

3

    You may not consider the termination of Plaintiff McCarthy's employment with

4   Defendant as an adverse employment action in this matter.  Plaintiff McCarthy has admitted that she

5   was unable to return to work and that she was terminated for failing to return to work.

6   **Supporting Authority**

7   Memorandum and Order re: Motion for Summary Judgment, Docket No. 59, p. 22.

8

9   GIVEN:            _____

10  REFUSED:          _____

11  MODIFIED:         _____

12  WITHDRAWN:        _____

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS          53.          (No.  09-cv-02495-WBS-DAD)

1    DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 49.

2    **Constructive Discharge Defined**

3    Plaintiff Schmitt has claimed that she was constructively discharged.

4    In order to establish a constructive discharge, Plaintiff Schmitt must prove, by a

5    preponderance of the evidence, that Defendant either intentionally created or knowingly permitted

6    working conditions that were so intolerable or aggravated at the time of Plaintiff Schmitt's

7    resignation that a reasonable employer would realize that a reasonable person in Plaintiff Schmitt's

8    position would be compelled to resign.  The conditions giving rise to the resignation must be

9    sufficiently extraordinary and egregious to overcome the normal motivation of a competent, diligent,

10   and reasonable employee to remain on the job to earn a livelihood and to serve her employer.

11   Actions that are a normal part of the employment relationship, such as demotion, failure to promote,

12   decrease in pay, or performance criticism, do not support a finding of constructive discharge.

13   The proper focus is on whether the resignation was coerced, not whether it was

14   simply one rational option for Plaintiff Schmitt.  The standard by which a constructive discharge is

15   determined is an objective one—the question is whether a reasonable person faced with same

16   conditions of employment as Plaintiff Schmitt would have no reasonable alternative except to quit.

17   If you have determined that Plaintiff Schmitt has not proven her claim for sexual

18   harassment, you cannot find that she was constructively discharged.  Even if you have found in favor

19   of Plaintiff Schmitt on her sexual harassment claim, unless you also find that Plaintiff Schmitt has

20   proven that, as described above, the conditions were so intolerable that a reasonable person in

21   Plaintiff Schmitt's position would have felt compelled to resign, you cannot find that Plaintiff

22   Schmitt was constructively discharged.

23   **Supporting Authority**

24   *Pennsylvania State Police v. Suders*, 542 U.S. 129, 134, 141, 147 (2004); *Turner v. Anheuser-Busch,*

25   *Inc.*, 7 Cal.4th 1238, 1251 (1994)

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS      54.                    (No.  09-cv-02495-WBS-DAD)

1   GIVEN:            _____

2   REFUSED:          _____

3   MODIFIED:         _____

4   WITHDRAWN:        _____

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS                55.                    (No.  09-cv-02495-WBS-DAD)

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 50.

**Legitimate Business Decision**

If you determine that Defendant had a legitimate business reason for imposing an adverse employment action on either Plaintiff, you cannot find that the adverse employment action was retaliatory.  A legitimate business reason is any honestly-held motivation for the action that is factually unrelated to prohibited discriminatory bias or a desire to retaliate.

**Supporting Authority**

*Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 259 (1981); *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 576-78 (1978); *Douglas v. Anderson*, 656 F.2d 528, 534 (9th Cir. 1981).


GIVEN:          _____

REFUSED:        _____

MODIFIED:       _____

WITHDRAWN:     _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 51.

**<u>Retaliation – Right to Make Business Decisions (Business Judgment)</u>**

In the context of retaliation, bear in mind that an employer has the right to make business decisions for any reason, whether good or bad, so long as those decisions are not motivated by a factor that the law makes illegal, such as retaliation.  It is not your function to second guess the decisions Defendant made in this case, but solely to determine whether, in making those decisions, Defendant broke the law by permitting retaliation to be a substantial factor in its decisions.

You may not return a verdict for either Plaintiff just because you might disagree with Defendant's employment decisions or because you believe Defendant's actions were harsh or unreasonable.  Anti-retaliation laws are not intended to be a vehicle for judicial second guessing of business decisions; nor are they intended to transform the courts into personnel managers.  An employer is entitled to make its own subjective personnel decisions, however misguided they may appear to you, and can take any action concerning an employee for any reason that is not retaliatory.

Therefore, you should not find that an employment decision or action was unlawful just because you may disagree with Defendant's stated reasons for the decision or action or because you believe that the decision or action was harsh or unreasonable.

**Supporting Authority**

Federal Employment Jury Instructions §1:667 (as modified).  *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 259 (1981); *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 576-78 (1978); *Douglas v. Anderson*, 656 F.2d 528, 534 (9th Cir. 1981); *Loeb v. Textron, Inc.*, 600 F.2d 1003, 1012 n.6 (1st Cir. 1978).


GIVEN:             _____

REFUSED:           _____

MODIFIED:          _____

WITHDRAWN:         _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS

(No.  09-cv-02495-WBS-DAD)

1    DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 52.

2    **Tortious Adverse Employment Action in Violation of Public Policy**

3         The Plaintiffs seeks to recover damages based on a claim of tortious adverse
4    employment action in violation of public policy.  To establish a tortious adverse employment action
5    in violation of public policy, each Plaintiff must prove by a preponderance of the evidence that she
6    suffered a material adverse employment action and that the action was a violation of a public policy.
7    The public policy which Plaintiffs allege was violation is that no employer shall take a material
8    adverse employment action against an employee for engaging in conduct protected by Title VII.

9         If you find that a Plaintiff did not suffer a material adverse employment action or that
10   the material adverse employment action was not taken against the Plaintiff for engaging in protected
11   conduct, Plaintiff cannot establish a claim for tortious adverse employment action in violation of
12   public policy.

13   **Supporting Authority**

14   BAJI 10.42: Wrongful Termination – Violation of Public Policy (Spring 2011) (modified to fit claim
15   for tortious adverse employment action).

16

17   GIVEN:             _____

18   REFUSED:           _____

19   MODIFIED:          _____

20   WITHDRAWN:         _____

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS          58.          (No.  09-cv-02495-WBS-DAD)

1    <u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 53.</u>

2    **<u>Violation of Public Policy Claims are Derivative</u>**

3          Plaintiffs' claims for tortious adverse employment actions in violation of public

4    policy are dependent upon their statutory claims under Title VII for retaliation.  If you find that

5    Defendant is not liable for retaliation with respect to a Plaintiff, you must also find in favor of

6    Defendant on that Plaintiff's claim for tortious adverse employment actions in violation of public

7    policy.

8    **Supporting Authority**

9    *Sanders v. Arneson Prods., Inc.*, 91 F.3d 1351, 1354 (9th Cir. 1996); *Jennings v. Marrale*, 8 Cal. 4th

10   121, 135-36 (1994); Memorandum and Order re: Motion for Summary Judgment, Docket No. 59, p.

11   24.

12

13   GIVEN:                _____

14   REFUSED:              _____

15   MODIFIED:             _____

16   WITHDRAWN:            _____

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS          59.          (No.  09-cv-02495-WBS-DAD)

1     DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 54.

2     **Compensatory Damages**

3         It is the duty of the Court to instruct you about the measure of damages.  Damages

4  means the amount of money that you believe will reasonably and fairly compensate the Plaintiff for

5  an injury, if any, that you find was caused by the Defendant.  By instructing you on damages, the

6  Court does not mean to suggest for which party your verdict should be rendered, nor does the Court

7  mean to suggest that either Plaintiff has proven that Defendant caused her injury.   Those

8  determinations are for you the jury to make.

9         You may award damages only to compensate a Plaintiff for injuries, such as

10 emotional distress, that you find the Plaintiff has proven by a preponderance of the evidence were

11 caused by wrongful conduct of the Defendant. The damages that you award must be fair and

12 reasonable, neither inadequate nor excessive. You should not award compensatory damages for

13 speculative injuries, but only for those injuries that a Plaintiff has actually suffered or which she is

14 reasonably likely to suffer in the near future due to Defendant's conduct.

15         In awarding damages, if you decide to award them, you must be guided by

16 dispassionate common sense. Computing damages may be difficult, but you must not let that

17 difficulty lead you to engage in arbitrary guesswork. In all instances, you are to use sound discretion

18 in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the

19 facts and circumstances in evidence.

20 **Source and Authority**

21 *Story Parchment Co. v. Paterson Parchment Paper Co*., 282 U.S. 555, 563-66 (1931); 42 U.S.C. §

22 1981a(b)(3); *Caudle v. Bristow Optical Co.*, 224 F.3d 1014, 1020 (9th Cir. 2000); *Bluebonnet*

23 *Savings Bank v. United States*, 339 F.3d 1341, 1344-45 (Fed. Cir. 2003).

24

25 GIVEN:          _____

26 REFUSED:        _____

27 MODIFIED:       _____

28 WITHDRAWN:      _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS

60.

(No.  09-cv-02495-WBS-DAD)

1

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 55.</u>

2

**<u>Emotional Distress Damages</u>**

3

To award damages for emotional or mental distress, you must find that the injuries

4

suffered were severe.  In other words, the injuries must be substantial or enduring, rather than trivial

5

or transitory.

6

**Source and Authority**

7

*Gilchrist v. Jim Slemons Imports, Inc.*, 803 F.2d 1488, 1499 (9th Cir. 1986); *Commercial Cotton Co.*

8

*v. United Cal. Bank*, 163 Cal. App. 3d 511, 517 (1985).

9

10

GIVEN:                    _____

11

REFUSED:                _____

12

MODIFIED:              _____

13

WITHDRAWN:          _____

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS

61.

(No. 09-cv-02495-WBS-DAD)

1

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 56.

2

**Title VII – Disregard Front and Back Pay**

3

   If you find that a Plaintiff has proven by a preponderance of the evidence that she was

4

subject to a hostile work environment at Defendant or was retaliated against by defendant, you may

5

not consider any wages or benefits that the Plaintiff may have lost or will lose in the future in

6

calculating damages for those claims.

7

**Supporting Authority**

8

*Caudle v. Bristow Optical Co.*, 224 F.3d 1014, 1020 (9th Cir. 2000).

9

10

GIVEN:   _____

11

REFUSED:  _____

12

MODIFIED:  _____

13

WITHDRAWN: _____

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS

62.

(No. 09-cv-02495-WBS-DAD)

1  DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 57.

2  **Damages - Mitigation**

3  Any person who claims damages as a result of an alleged wrongful act of another has

4  a duty under the law to use reasonable diligence under the circumstances to "mitigate," or minimize,

5  those damages. The law imposes on an injured person the duty to take advantage of reasonable

6  opportunities she may have to prevent the aggravation of her injuries, so as to reduce or minimize

7  the loss or damage.

8  If you find the Defendant is liable and that a Plaintiff has suffered damages, the

9  Plaintiff may not recover for any item of damage she could have avoided through such reasonable

10  effort. If a Plaintiff unreasonably failed to take advantage of an opportunity to lessen her damages,

11  you should deny recovery for those damages which she would have avoided had she taken advantage

12  of the opportunity.

13  **Supporting Authority**

14  *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1347 (9th Cir. 1987);  *State Dept. of Health*

15  *Servs. v. Superior Court*, 31 Cal. 4th 1026, 1043 (2003); *Excel Corp. v. Bosley*, 165 F.3d 635, 639

16  (8th Cir. 1999).

17

18  GIVEN:            _____

19  REFUSED:          _____

20  MODIFIED:         _____

21  WITHDRAWN:        _____

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS

63.

(No.  09-cv-02495-WBS-DAD)

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 58.

### **No Double Recovery**

A Plaintiff may not recover more than once for the same injury.  This is true even where the Plaintiff makes more than one claim for the same injury.  Therefore, if you find in favor of a Plaintiff both on her claim for retaliation under Title VII and her claim for tortious adverse employment action in violation of public policy, you may not award damages which do more than fully compensate her for any loss or injury.

**Supporting Authority**

*Arciniega v. Bank of San Bernardino*, 52 Cal. App. 4th 213, 221 (1997).


GIVEN:            _____

REFUSED:        _____

MODIFIED:       _____

WITHDRAWN:   _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS

64.

(No.  09-cv-02495-WBS-DAD)

1

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 59.

2

**Nominal Damages**

3         The law which applies to this case authorizes an award of nominal damages. If you

4   find for the Plaintiff but you find that the Plaintiff has failed to prove damages as defined in these

5   instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

6   **Supporting Authority**

7   Ninth Circuit Model Civil Jury Instructions, 5.6 Nominal Damages.

8

9   GIVEN:         _____

10   REFUSED:       _____

11   MODIFIED:      _____

12   WITHDRAWN:    _____

13

14

Firmwide:101605709.4 006886.1028

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S PROPOSED JURY INSTRUCTIONS

65.

(No. 09-cv-02495-WBS-DAD)