JEFFREY L. ADAMS, Bar No. 148393
ANNE-MARIE WAGGONER, Bar No. 173407
TARUN MEHTA, Bar No. 262886
LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard, Suite 600
Walnut Creek, CA  94597
Telephone:   925.932.2468
jadams@littler.com
awaggoner@littler.com
tmehta@littler.com

Attorneys for Defendant
R.J. REYNOLDS TOBACCO CO.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA MCCARTHY, KATHERINE SCHMITT,<br><br>Plaintiffs,<br><br>v.<br><br>R.J. REYNOLDS TOBACCO CO., and DOES 1-10,<br><br>Defendants. | Case No.  09-cv-02495-WBS-DAD<br><br>**DEFENDANT R.J. REYNOLDS TOBACCO COMPANY'S OBJECTIONS TO PLAINTIFFS' SPECIAL VERDICT - SCHMITT**<br><br>Trial Date: June 1, 2011<br>Time:  9:00 a.m.<br>Courtroom 5; 14th Floor<br>The Honorable William B. Shubb<br><br>Action Filed:  September 4, 2009 |

Defendant R.J. Reynolds Tobacco Company ("Defendant") hereby submits the following objections to Plaintiff Victoria Schmitt's ("Plaintiff") proposed Special Verdict – Schmitt.

Defendant objects to Schmitt's Special Verdict in its entirety for two reasons: (1) it was untimely filed; (2) it is not signed by counsel, in contravention of Rule 11(a) of the Federal Rules of Civil Procedure and Local Rule 131.

Defendant objects to Plaintiff's Special Verdict – Schmitt in its entirety on the ground that it was filed late.  The Court ordered Plaintiff to file and serve a copy of her proposed form of verdict no later than ten court days before trial, which means it were due on May 17, 2011.  (*See* Final Pretrial Order section III.)  Plaintiff waited until May 21, 2011 – the day after Defendant's objections to Plaintiff's verdict form were due – to file her proposed verdict form.  Per the Court's

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO COMPANY'S OBJECTIONS TO PLAINTIFFS' SPECIAL VERDICT - SCHMITT

(No.  09-cv-02495-WBS-DAD)

1  Final Pretrial Order, any objections submitted by Defendant after the deadlines set forth in the
2  Pretrial Order will be overruled. (*Id.*) Pursuant to the Court's Pretrial Order, Plaintiff's late filed
3  verdict form should be refused (*Id.*). Defendant therefore requests that the Court refuse Plaintiff's
4  proposed Special Verdict – Schmitt in its entirety and adopt Defendant's Proposed Verdict Form.

5  Defendant objects to Plaintiff's Special Verdict – Schmitt in its entirety on the ground
6  that it is not signed by counsel for Plaintiff. As such, it is improper under Federal Rule of Civil
7  Procedure 11(a) and Local Rule 131. Defendant therefore requests that the Court refuse Plaintiff's
8  proposed Special Verdict – Schmitt in its entirety and adopt Defendant's Proposed Verdict Form.

9  For these reasons, Plaintiff's Verdict should be rejected in its entirety. Moreover,
10 specific Verdict Questions should be rejected for the reasons stated below.

11 **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED QUESTION NO. 2**

12 Defendant objects to this question on the ground that Plaintiff filed it late, which has
13 prejudiced Defendant's ability to respond to it. It appears that Plaintiff intends this question to apply
14 to her hostile work environment sexual harassment claim. Defendant objects to this question on the
15 ground that it is inapplicable to Plaintiff's hostile environment claim. This question might be proper
16 if Plaintiff had a "quid pro quo" claim. But, as the Court recognized in its Memorandum and Order
17 re: Motion for Summary Judgment (hereinafter "Order re: MSJ"), there is "no evidence of any quid-
18 pro-quo" in this case. (Order re: MSJ p.11 & n.8.) As a result, and as discussed in Defendant's
19 Objection to Plaintiffs' Proposed Jury Instruction "When Caused by Supervisor – Tangible
20 Employment Action – Affirmative Defense," inclusion of this question could confuse the jury and
21 improperly lead them to disregard Defendant's *Ellerth/Faragher* affirmative defense.

22 Based on the foregoing objections, Defendant requests that the Court refuse this
23 proposed question and, instead, adopt Defendant's Proposed Verdict Form.

24 **DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED QUESTION NO. 4**

25 Defendant objects to this question on the ground that Plaintiff filed it late, which has
26 prejudiced Defendant's ability to respond to it. Defendant further objects to this question on the
27 ground that it is confusing because it refers to "Fed Ex."

28 Based on the foregoing objections, Defendant requests that the Court refuse this

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S OBJECTIONS TO PLAINTIFFS' SPECIAL
VERDICT - SCHMITT

2.

(No. 09-cv-02495-WBS-DAD)

proposed question and, instead, adopt Defendant's Proposed Verdict Form.

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED QUESTION NO. 5**

Defendant objects to this question on the ground that Plaintiff filed it late, which has prejudiced Defendant's ability to respond to it. It appears that Plaintiff intends this question to address a stand alone "claim" for constructive discharge. Defendant objects to this question on the ground that no Plaintiff has not asserted a claim for constructive discharge, nor could she, as there is no such stand alone cause of action. *Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1238, 1251 (1994).

Based on the foregoing objections, Defendant requests that the Court refuse this proposed question and, instead, adopt Defendant's Proposed Verdict Form.

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED QUESTION NO. 6**

Defendant objects to this question on the ground that Plaintiff filed it late, which has prejudiced Defendant's ability to respond to it. Defendant further objects to this question on the ground that it is argumentative in its definition of protected activity. Defendant further objects to this question on the ground that it misstates the law by asserting that Plaintiff engaged in protected activities that are not, in fact, protected by Title VII. Asking whether Plaintiff suffered adverse employment action as a result of "opposing sexual advances, requests for sexual conduct, or other verbal or physical conduct of a sexual nature in the work environment," in effect, requests a finding of "quid pro quo" claim of sexual harassment, not a retaliation claim. As the Court recognized in its Order re: MSJ, there is "no evidence of any quid-pro-quo" in this case. (Order re: MSJ p.11 & n.8.)

Based on the foregoing objections, Defendant requests that the Court refuse this proposed question and, instead, adopt Defendant's Proposed Verdict Form.

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED QUESTION NO. 7**

Defendant objects to this question on the ground that Plaintiff filed it late, which has prejudiced Defendant's ability to respond to it. Defendant further objects to this question on the ground that it incorporates Plaintiff's definition of "Adverse Employment Action," which is objectionable as addressed in Defendant's Objections to Plaintiffs' Proposed Instructions to Jury.

Based on the foregoing objections, Defendant requests that the Court refuse this proposed question and, instead, adopt Defendant's Proposed Verdict Form.

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO COMPANY'S OBJECTIONS TO PLAINTIFFS' SPECIAL VERDICT - SCHMITT

3.

(No. 09-cv-02495-WBS-DAD)

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED QUESTION NO. 8

Defendant objects to this question on the ground that Plaintiff filed it late, which has prejudiced Defendant's ability to respond to it. Defendant further objects to this question on the ground that it is misleading, in that it appears to request a "mixed-motive" finding ("her protected activity was a substantial or motivating factor in causing defendant R.J. Reynolds to take the adverse employment action"), but Plaintiff does not include a question requesting a finding on the "same decision" affirmative defense to a mixed-motive finding. *See Lam v. Univ. of Haw.*, 40 F.3d 1551, 1564 & n.24 (9th Cir. 1994) (applying mixed motive framework in retaliation case). Defendant further objects to this question on the ground that it incorporates Plaintiff's definition of "Adverse Employment Action," which is objectionable as addressed in Defendant's Objections to Plaintiffs' Proposed Instructions to Jury.

Based on the foregoing objections, Defendant requests that the Court refuse this proposed question and, instead, adopt Defendant's Proposed Verdict Form.

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED QUESTION NO. 9

Defendant objects to this question on the ground that Plaintiff filed it late, which has prejudiced Defendant's ability to respond to it. Defendant further objects to this question on the ground that it is misleading, in that it appears to request a "mixed-motive" finding ("was a motivating reason for R.J. Reynolds' decision to deny her a promotion"), but Plaintiff does not include a question requesting a finding on the "same decision" affirmative defense to a mixed-motive finding. *See Lam v. Univ. of Haw.*, 40 F.3d 1551, 1564 & n.24 (9th Cir. 1994) (applying mixed motive framework in retaliation case). Defendant further objects to this question on the ground that it is argumentative and conclusory in its assumption that Plaintiff "complain[ed] to Human Resources regarding improper sexual harassment in the workplace" without a question asking whether or not Plaintiff proved that she made such a complaint.

Based on the foregoing objections, Defendant requests that the Court refuse this proposed question and, instead, adopt Defendant's Proposed Verdict Form.

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED QUESTION NO. 10

Defendant objects to this question on the ground that Plaintiff filed it late, which has

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO COMPANY'S OBJECTIONS TO PLAINTIFFS' SPECIAL VERDICT - SCHMITT

4.

(No. 09-cv-02495-WBS-DAD)

1  prejudiced Defendant's ability to respond to it.  Defendant further objects to this question on the
2  ground that it is confusing as Plaintiff has not asserted that she was "deni[ed] a promotion."

3  Based on the foregoing objections, Defendant requests that the Court refuse this
4  proposed question and, instead, adopt Defendant's Proposed Verdict Form.

### DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED QUESTION NO. 11

Defendant objects to this question on the ground that Plaintiff filed it late, which has prejudiced Defendant's ability to respond to it.  Defendant further objects to this question on the ground that it requests a finding from the jury on an issue to be determined by the Court.  By providing only one damages question for all of her claims, Plaintiff inappropriately requests the jury to determine an award of back-pay and future-pay on Plaintiff's Title VII claims (via the "Lost earnings: $_____" portion of the question).  If the jury finds that Plaintiff proved a Title VII claim, the Court determines the amount of front pay and back pay.  *Lutz v. Glendale Union High School*, 403 F.3d 1061, 1069 (9th Cir. 2005); *Traxler v. Multnomah County*, 596 F.3d 1007, 1013 (9th Cir. 2010).

Based on the foregoing objections, Defendant requests that the Court refuse this proposed question and, instead, adopt Defendant's Proposed Verdict Form.

### DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED QUESTION NO. 12

Defendant objects to this question on the ground that Plaintiff filed it late, which has prejudiced Defendant's ability to respond to it.  Defendant further objects to this question on the ground that it seeks a finding to support an award of punitive damages.  Plaintiff cannot provide sufficient evidence to seek punitive damages and, therefore, seeking a jury finding of punitive damages is improper.  Plaintiff has failed to list any witness who could testify to the financial condition of Defendant and therefore she cannot establish such financial condition.  Plaintiff has no evidence of Defendant's finances, and she cannot introduce such evidence at trial, as such evidence was not included on her exhibit list.  This precludes Plaintiff from seeking punitive damages under her state law tortious employment law claim pursuant to California Code of Civil Procedure section 3294.  Under California law, proof of Defendant's finances is a prerequisite to a punitive damages award.  *Adams v. Murakami*, 54 Cal. 3d 105, 110 (1991); *Barnes v. Logan*, 122 F.3d 820, 824 (9th

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO COMPANY'S OBJECTIONS TO PLAINTIFFS' SPECIAL VERDICT - SCHMITT       5.       (No. 09-cv-02495-WBS-DAD)

Cir. 1997). Moreover, Plaintiff failed to comply with Rule 26(a)(1)(A)(iii), which required her to provide a computation of damages in her initial disclosures. By failing to provide any computation of damages, Plaintiff is barred from seeking punitive damages, even on her Title VII claim. *See Estate of Gonzalez v. Hickman*, 2007 U.S. Dist. LEXIS 84390, *15-17 (C.D. Cal. June 28, 2007); *Davis v. Harris*, 2006 U.S. Dist. LEXIS 88000, *9-12 (C.D. Ill. Dec. 5, 2006).

Based on the foregoing objections, Defendant requests that the Court refuse this proposed question and, instead, adopt Defendant's Proposed Verdict Form.

### DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED QUESTION NO. 13

Defendant objects to this question on the ground that Plaintiff filed it late, which has prejudiced Defendant's ability to respond to it. Defendant further objects to this question on the ground that it seeks a finding to support an award of punitive damages. Plaintiff cannot provide sufficient evidence to seek punitive damages and, therefore, seeking a jury finding of punitive damages is improper. Plaintiff has failed to list any witness who could testify to the financial condition of Defendant and therefore she cannot establish such financial condition. Plaintiff has no evidence of Defendant's finances, and she cannot introduce such evidence at trial, as such evidence was not included on her exhibit list. This precludes Plaintiff from seeking punitive damages under her state law tortious employment law claim pursuant to California Code of Civil Procedure section 3294. Under California law, proof of Defendant's finances is a prerequisite to a punitive damages award. *Adams v. Murakami*, 54 Cal. 3d 105, 110 (1991); *Barnes v. Logan*, 122 F.3d 820, 824 (9th Cir. 1997). Moreover, Plaintiff failed to comply with Rule 26(a)(1)(A)(iii), which required her to provide a computation of damages in her initial disclosures. By failing to provide any computation of damages, Plaintiff is barred from seeking punitive damages, even on her Title VII claim. *See Estate of Gonzalez v. Hickman*, 2007 U.S. Dist. LEXIS 84390, *15-17 (C.D. Cal. June 28, 2007); *Davis v. Harris*, 2006 U.S. Dist. LEXIS 88000, *9-12 (C.D. Ill. Dec. 5, 2006).

Based on the foregoing objections, Defendant requests that the Court refuse this proposed question and, instead, adopt Defendant's Proposed Verdict Form.

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO COMPANY'S OBJECTIONS TO PLAINTIFFS' SPECIAL VERDICT - SCHMITT      6.      (No. 09-cv-02495-WBS-DAD)

Dated: May 25, 2011

      /s/ *Tarun Mehta*
      JEFFREY L. ADAMS
      ANNE-MARIE WAGGONER
      TARUN MEHTA
      LITTLER MENDELSON
      A Professional Corporation
      Attorneys for Defendant
      R.J. REYNOLDS TOBACCO CO.

Firmwide:101878493.1 006886.1028

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO COMPANY'S OBJECTIONS TO PLAINTIFFS' SPECIAL VERDICT - SCHMITT

7.

(No.  09-cv-02495-WBS-DAD)