JEFFREY L. ADAMS, Bar No. 148393
ANNE-MARIE WAGGONER, Bar No. 173407
TARUN MEHTA, Bar No. 262886
LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard, Suite 600
Walnut Creek, CA  94597
Telephone:   925.932.2468
jadams@littler.com
awaggoner@littler.com
tmehta@littler.com

Attorneys for Defendant
R.J. REYNOLDS TOBACCO CO.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA MCCARTHY, KATHERINE SCHMITT,<br><br>Plaintiffs,<br><br>v.<br><br>R.J. REYNOLDS TOBACCO CO., and DOES 1-10,<br><br>Defendants. | Case No.  09-cv-02495-WBS-DAD<br><br>**DEFENDANT R.J. REYNOLDS TOBACCO COMPANY'S OBJECTIONS TO PLAINTIFFS' INSTRUCTIONS TO JURY**<br><br>Trial Date: June 1, 2011<br>Time:  9:00 a.m.<br>Courtroom 5; 14th Floor<br>The Honorable William B. Shubb<br><br>Action Filed:  September 4, 2009 |

Defendant R.J. Reynolds Tobacco Company ("Defendant") hereby submits the following objections to Plaintiff Victoria McCarthy and Plaintiff Katherine Schmitt's (collectively "Plaintiffs") proposed Instructions to Jury.

Defendant objects to Plaintiffs' Instructions to Jury in their entirety on three separate grounds: (1) they were untimely filed, and in fact filed *after* Defendant's objections to them were due; (2) they are unsigned, in violation of Federal Rule of Civil Procedure 11(a) and Local Rule 131; and (3) they violate Local Rule 163 because, with the exception of two instructions, they fail to cite any legal authority.

**A.     The Proposed Jury Instructions Were Untimely Filed**

Defendant objects to Plaintiffs' Instructions to Jury in their entirety on the ground that they were filed late.  The Court ordered Plaintiffs to lodge and serve copies of their proposed jury

1  instructions no later than ten court days before trial, which means they were due on May 17, 2011.
2  (*See* Final Pretrial Order section III.)  Plaintiffs waited until May 21, 2011 – the day after
3  Defendant's objections to Plaintiffs' jury instructions were due – to file their proposed jury
4  instructions.  Per the Court's Final Pretrial Order, any objections submitted by Defendant after the
5  deadlines set forth in the Pretrial Order will be overruled.  (*Id.*)  Besides prejudicing Defendant's
6  ability to object to their proposed instructions and verdict forms, the late filing of such documents
7  forced Defendant to do Plaintiffs' work for them.  On May 20, 2011, Defendant was to file "all jury
8  instructions not already proposed by plaintiffs, which defendant requests be given."  (*Id.*)  But, due
9  to Plaintiffs' failure to file any instructions, Defendant was required to prepare and file all the jury
10 instructions needed in this case.  Pursuant to the Court's Pretrial Order, Plaintiffs' late filed jury
11 instructions should be refused (*Id.*).

12 Plaintiffs' counsel has submitted an *ex parte* communication filed with the Court
13 (Docket No. 76, Status Report) which states that the reason counsel could not timely file proposed
14 jury instructions on May 17 was because of an alleged shooting which occurred on May 19.  This, of
15 course, makes no sense.  Plaintiffs' counsel cannot have good cause (or any cause) for failing to file
16 documents on May 17 because of events which occurred two days later.  Defendant therefore
17 requests that the Court refuse Plaintiffs' proposed Instructions to Jury in their entirety and adopt
18 Defendant's Proposed Jury Instructions.

19 **B.    The Instructions Are Unsigned**

20 Defendant objects to Plaintiffs' Instructions to Jury in their entirety on the ground that
21 they are not signed by counsel for Plaintiffs.  As such, they are improper under Federal Rule of Civil
22 Procedure 11(a) and Local Rule 131.  Defendant therefore requests that the Court refuse Plaintiffs'
23 proposed Instructions to Jury in their entirety and adopt Defendant's Proposed Jury Instructions.

24 **C.    The Instructions Fail To Cite Legal Authority**

25 Defendant objects to Plaintiffs' Instructions to Jury in their entirety on the ground that
26 they violate almost every requirement of Local Rule 163.  More specifically, with the exception of
27 two instructions appearing on pages 12 and 13, Plaintiffs' Instructions to Jury do not "cite the
28 decision, statute, ordinance, regulation or other authority supporting the proposition stated in the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S OBJECTIONS TO PLAINTIFFS'
INSTRUCTIONS TO JURY

2.

(No. 09-cv-02495-WBS-DAD)

instruction." L.R. 163(b)(1). This failure to follow the Local Rules has prejudiced Defendant's ability to object to Plaintiffs' proposed instructions because, at best, Defendant has had to speculate as to Plaintiffs' bases for each instruction. Plaintiffs also failed to number their proposed instructions, identify the party presenting the instruction, provide each instruction on a separate page, or provide a proper cover page. L.R. 163(b)(1)-(3). Defendant therefore requests that the Court refuse Plaintiffs' proposed Instructions to Jury in their entirety and adopt Defendant's Proposed Jury Instructions.

For these three reasons, the Court should disregard the Plaintiffs' proposed jury instructions. However, if the Court does not disregard these instructions, Defendant specifically objects to the following proposed jury instructions both on the above stated reasons as well as the reasons stated below.

**DEFENDANT'S OBJECTIONS TO PLAINTIFFS' PROPOSED JURY INSTRUCTION "AFFIRMATIVE DEFENSE"**

**A. PLAINTIFFS' PROPOSED INSTRUCTION :**

On any claim, if you find that each of the elements on which the Plaintiffs has the burden of proof has been proved, your verdict should be for the Plaintiffs on that claim, unless you also find that the defendant has proved an affirmative defense, in which event your verdict should be for the defendant on that claim.

**B. DEFENDANT'S RESPONSE AND OBJECTIONS:**

Defendant objects to this instruction on the grounds that Plaintiffs filed it late and cite no legal authority or source for the instruction, which has prejudiced Defendant's ability to respond to it or to address the merit of such authority. Defendant further objects to this instruction on the ground that it is confusing and misleading. Plaintiffs have lumped themselves together in this instruction, referring to "Plaintiffs" and "defendant." Such a construction could confuse the jury by making them believe that if one Plaintiff proves an element of her claim, both have. Furthermore, this instruction contradicts Model Instruction[1] 1.5: Two or More Parties – Different Legal Rights (*See* Defendant's Proposed Jury Instruction No. 4). Defendant further objects to this instruction on

---

[1] Unless otherwise specified, "Model Instruction" refers to the Ninth Circuit Model Civil Jury Instructions.

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO COMPANY'S OBJECTIONS TO PLAINTIFFS' INSTRUCTIONS TO JURY

3.

(No. 09-cv-02495-WBS-DAD)

the grounds that Plaintiffs filed it late and cite no legal authority or source for the instruction, which has prejudiced Defendant's ability to respond to it.

Based on the foregoing objections, Defendant requests that the Court refuse this proposed instruction.

## DEFENDANT'S OBJECTIONS TO PLAINTIFFS' PROPOSED JURY INSTRUCTION "SUMMARY OF CONTENTIONS"

### A. PLAINTIFFS' PROPOSED INSTRUCTION :

Plaintiffs Victoria Katherine Schmitt Katherine Schmitt contends that her employer R.J. Reynolds violated the prohibitions against sexual harassment and retaliation in employment found in state and federal law.

Plaintiffs also contends that as a result of sexual harassment, she was constructively discharged. Defendant denies all of Plaintiffs' contentions, and also asserts certain affirmative defenses.

### B. DEFENDANT'S RESPONSE AND OBJECTIONS:

Defendant objects to this instruction on the grounds that Plaintiffs filed it late and cite no legal authority or source for the instruction, which has prejudiced Defendant's ability to respond to it or to address the merit of such authority. Defendant further objects to this instruction on the ground that it misstates the claims at issue in this case. First, Plaintiffs lump themselves together in this instruction. As a result, this incorrectly suggests that both Plaintiffs are asserting claims for constructive discharge. As the Court found in its Memorandum and Order re: Motion for Summary Judgment (hereinafter "Order re: MSJ"), Plaintiff McCarthy has admitted she was unable to return to work and was terminated because she failed to return to work. (Order re: MSJ p.22.) Second, Plaintiffs' description of the alleged violations misstate the claims at issue in this case because it is ambiguously broad and appears to state that Plaintiffs are asserting harassment and retaliation claims under state law. As the Court stated in the Final Pretrial Order, the remaining claims for trial are: 1) sexual harassment under Title VII, 2) retaliation under Title VII, and 3) tortious adverse employment action in violation of public policy. (Final Pretrial Order section VI.) Defendant further objects to this instruction on the ground that it is confusing. Plaintiffs refer to themselves in both the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO COMPANY'S OBJECTIONS TO PLAINTIFFS' INSTRUCTIONS TO JURY

4.

(No. 09-cv-02495-WBS-DAD)

1  plural and singular throughout the instruction, which could confuse the jury by making them believe
2  that if one Plaintiff proves an element of her claim, both have.  Defendant further objects to this
3  instruction on the ground that it is one-sided, in that it provides a description of Plaintiffs' claims,
4  but not Defendant's affirmative defenses, and it includes a portion of each Plaintiffs' name
5  ("Plaintiffs Victoria Katherine Schmitt Katherine Schmitt), but does not identify Defendant.
6  Based on the foregoing objections, Defendant requests that the Court refuse this
7  proposed instruction and, instead, adopt Defendant's Proposed Jury Instruction No. 2.

**DEFENDANT'S OBJECTIONS TO PLAINTIFFS' PROPOSED JURY INSTRUCTION**
**"(1) CLAIM FOR SEXUALLY HOSTILE WORK ENVIRONMENT**
**(SEXUAL HARASSMENT) ELEMENTS"**

**A.  PLAINTIFFS' PROPOSED INSTRUCTION :**

Plaintiffs Victoria Katherine Schmitt Katherine Schmitt seeks damages against defendant R.J. Reynolds for a sexually hostile work environment while she was employed by R.J. Reynolds. In order to establish a sexually hostile work environment, the Plaintiffs must prove each of the following elements by a preponderance of the evidence:

1. the Plaintiffs was subjected to sexual advances, requests for sexual conduct, or other verbal or physical conduct of a sexual nature;

2. the conduct was unwelcome;

3. the conduct was sufficiently severe or pervasive enough to alter the conditions of the Plaintiffs' employment and create a sexually abusive or hostile work environment;

4. the Plaintiffs perceived the working environment to be abusive or hostile; and

5. a reasonable woman in the Plaintiffs' circumstances would consider the working environment to be abusive or hostile.

Whether the environment constituted a sexually hostile work environment is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with an employee's work performance.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S OBJECTIONS TO PLAINTIFFS'
INSTRUCTIONS TO JURY

5.

(No.  09-cv-02495-WBS-DAD)

## B. DEFENDANT'S RESPONSE AND OBJECTIONS:

Defendant objects to this instruction on the grounds that Plaintiffs filed it late and cite no legal authority or source for the instruction, which has prejudiced Defendant's ability to respond to it or to address the merit of such authority. Defendant further objects to this instruction on the ground that it fails to identify that the harassment at issue must have been motivated by the Plaintiffs' gender. (See Defendant's Proposed Jury Instruction No. 37.) Defendant further objects to this instruction on the ground that it is confusing. Plaintiffs lump themselves together in this instruction, which inappropriately suggests that Plaintiffs' claims are one and the same and could confuse the jury by making them believe that if one Plaintiff proves an element of her claim, both have. Plaintiffs also refer to themselves as "Plaintiffs Victoria Katherine Schmitt Katherine Schmitt" and refer to themselves in both the plural and singular throughout, which will confuse the jury.

Based on the foregoing objections, Defendant requests that the Court refuse this proposed instruction and, instead, adopt Defendant's Proposed Jury Instructions Nos. 35-42, regarding the elements of hostile work environment sexual harassment.

## DEFENDANT'S OBJECTIONS TO PLAINTIFFS' PROPOSED JURY INSTRUCTION "WHEN CAUSED BY SUPERVISOR – TANGIBLE EMPLOYMENT ACTION – AFFIRMATIVE DEFENSE"

### A. PLAINTIFFS' PROPOSED INSTRUCTION :

An employer may be liable when a supervisor with immediate authority over the employee creates a sexually hostile work environment for that employee. Plaintiffs Victoria Katherine Schmitt Katherine Schmitt claims that she was subjected to a sexually hostile work environment by Michelle Madsen, and that Michelle Madsen was her immediate supervisor. Defendant R.J. Reynolds denies Plaintiffs' claims. The Plaintiffs must prove her claim by a preponderance of the evidence.

In addition to denying the Plaintiffs' claim, defendant R.J. Reynolds has asserted an affirmative defense. Before you consider this affirmative defense, you must first decide whether Plaintiffs has proved by a preponderance of the evidence that she suffered a tangible employment

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO COMPANY'S OBJECTIONS TO PLAINTIFFS' INSTRUCTIONS TO JURY

6.

(No. 09-cv-02495-WBS-DAD)

action as a result of harassment by the supervisor. "Tangible employment action" is defined in the next instruction.

If Plaintiffs has proved that her supervisor created a sexually hostile work environment for her, as defined in the previous instruction, and has also proved that she suffered a tangible employment action as a result of harassment by the supervisor, Plaintiffs is entitled to prevail on this claim and you must not consider the affirmative defense.

If Plaintiffs has proved that her supervisor created a sexually hostile work environment for her, as defined in the previous instruction, but has not proved that she suffered a tangible employment action, Plaintiffs is still entitled to prevail on this claim unless you find that the defendant has proved by a preponderance of the evidence each of the following elements:

1. the defendant exercised reasonable care to prevent and promptly correct the sexually harassing behavior, and

2. the Plaintiffs unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or unreasonably failed to otherwise avoid harm.

If the defendant proves these elements, the Plaintiffs is not entitled to prevail on this claim.

## B. DEFENDANT'S RESPONSE AND OBJECTIONS:

Defendant objects to this instruction on the grounds that Plaintiffs filed it late and cite no legal authority or source for the instruction, which has prejudiced Defendant's ability to respond to it or to address the merit of such authority. It appears that this instruction is based on Model Instruction 10.2B: Civil Rights – Title VII – Hostile Work Environment Caused by Supervisor – Claim Based Upon Vicarious Liability – Tangible Employment Action – Affirmative Defense. As such, Defendant objects to this instruction on the basis that it is not relevant to the claims asserted by the Plaintiffs. As the Comment to Model Instruction 10.2B indicates, this instruction is to be used in cases where the plaintiff contends that she suffered an adverse employment action for failing to respond to a supervisor's sexual advances, *i.e.*, a "quid pro quo" sexual harassment claim. As the Court recognized in its Order re: MSJ, there is "no evidence of any quid-pro-quo" in this case. (Order re: MSJ p.11 & n.8.) Defendant further objects to this instruction on the grounds that it

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO COMPANY'S OBJECTIONS TO PLAINTIFFS' INSTRUCTIONS TO JURY

7.

(No. 09-cv-02495-WBS-DAD)

misstates the law and is confusing. Because there is no evidence of any "quid pro quo" in this case, including this instruction will likely confuse the jury. For instance, Plaintiffs have separately asserted several adverse employment actions as part of their retaliation and public policy claims. If the jury finds that an adverse employment action occurred as a result of a Plaintiff engaging in protected conduct, the jury might mistakenly rely on this instruction to decide that such adverse employment action precludes Defendant's affirmative defense to the Plaintiff's hostile work environment claim. Defendant further objects to this instruction on the ground that Plaintiffs lump themselves together in this instruction, which inappropriately suggests that Plaintiffs' claims are one and the same and could confuse the jury by making them believe that if one Plaintiff proves an element of her claim, both have. Plaintiffs also refer to themselves as "Plaintiffs Victoria Katherine Schmitt Katherine Schmitt" and refer to themselves in both the plural and singular throughout, which will confuse the jury.

Based on the foregoing objections, Defendant requests that the Court refuse this proposed instruction and, instead, adopt Defendant's Proposed Jury Instruction No. 43: Affirmative Defense of Employer (*Ellerth/Faragher* Defense).

**DEFENDANT'S OBJECTIONS TO PLAINTIFFS' PROPOSED JURY INSTRUCTION "TANGIBLE EMPLOYMENT ACTION"**

**A. PLAINTIFFS' PROPOSED INSTRUCTION :**

"Tangible employment actions" are the means by which a supervisor brings the official power of the enterprise to bear on subordinates. A tangible employment action requires an official act of the enterprise, a company act. A tangible employment action consists of a significant change in employment status such as firing, failing to promote, reassignment, a significant change in responsibilities, undesirable reassignment, or a significant change in benefits.

**B. DEFENDANT'S RESPONSE AND OBJECTIONS:**

Defendant objects to this instruction on the grounds that Plaintiffs filed it late and cite no legal authority or source for the instruction, which has prejudiced Defendant's ability to respond to it or to address the merit of such authority. Although it is unclear, it appears that Plaintiffs intend this instruction to apply to their hostile work environment sexual harassment claim. It also appears

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO COMPANY'S OBJECTIONS TO PLAINTIFFS' INSTRUCTIONS TO JURY

8.

(No. 09-cv-02495-WBS-DAD)

that this instruction is based on Model Instruction 10.4B: Civil Rights – Title VII –"Tangible Employment Action" Defined. Defendant objects to this instruction on the ground that it is inapplicable to Plaintiffs' sexual harassment claims. As indicated in the Comment to Model Instruction 10.4B, this instruction is to be used with regard to "quid pro quo" claims. As the Court recognized in its Order re: MSJ, there is "no evidence of any quid-pro-quo" in this case. (Order re: MSJ p.11 & n.8.) As a result, and as discussed in Defendant's Objection to Plaintiffs' Proposed Jury Instruction "When Caused by Supervisor – Tangible Employment Action – Affirmative Defense," inclusion of this instruction could confuse the jury and improperly lead them to disregard Defendant's *Ellerth/Faragher* affirmative defense.

Based on the foregoing objections, Defendant requests that the Court refuse this proposed instruction and, instead, adopt Defendant's Proposed Jury Instruction Nos. 35-43, regarding hostile work environment sexual harassment and the *Ellerth/Faragher* defense.

**DEFENDANT'S OBJECTIONS TO PLAINTIFFS' PROPOSED JURY INSTRUCTION**

**"(2) CLAIM FOR CONSTRUCTIVE DISCHARGE"**

**A. PLAINTIFFS' PROPOSED INSTRUCTION :**

A constructive discharge occurs when the working conditions are so intolerable that a reasonable person in the Plaintiffs' position would feel compelled to resign.

Plaintiffs is entitled to prevail on her claim for constructive discharge if you find that she is entitled to prevail on her claim for sexually hostile work environment and if you also find that she has proved, by a preponderance of the evidence, that her working conditions were made so intolerable by the sexually hostile work environment that a reasonable person in Plaintiffs' position would feel compelled to resign.

**B. DEFENDANT'S RESPONSE AND OBJECTIONS:**

Defendant objects to this instruction on the grounds that Plaintiffs filed it late and cite no legal authority or source for the instruction, which has prejudiced Defendant's ability to respond to it or to address the merit of such authority. It appears that the first paragraph of this proposed instruction is based on Model Instruction 10.4C: Civil Rights – Title VII – "Constructive Discharge" Defined. Defendant would not object to the inclusion of Model Instruction 10.4C, but does object to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO COMPANY'S OBJECTIONS TO PLAINTIFFS' INSTRUCTIONS TO JURY

9.

(No. 09-cv-02495-WBS-DAD)

Plaintiffs' alteration of it for the following reasons. Defendant objects to this instruction on the ground that it misstates the law and asserts a "claim for constructive discharge" that is neither at issue in this litigation, nor recognized by state or federal law. Neither Plaintiff has asserted a claim for constructive discharge, nor could they, as there is no such stand alone cause of action. *Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1238, 1251 (1994). A constructive discharge can constitute an adverse employment action for purposes of either a "quid pro quo" claim, which does not exist in this case, or a retaliation claim. Defendant further objects to this instruction on the ground that it is confusing. Plaintiffs lump themselves together in this instruction, which inappropriately suggests that both Plaintiffs are claiming that they were constructively discharged as part of their retaliation claims. That is not the case. As the Court recognized in its Order re: MSJ, Plaintiff McCarthy has admitted she was unable to return to work and was terminated because she failed to return to work. (Order re: MSJ p.22.)

Based on the foregoing objections, Defendant requests that the Court refuse this proposed instruction and, instead, adopt Defendant's Proposed Jury Instruction No. 49: Constructive Discharge Defined.

**DEFENDANT'S OBJECTIONS TO PLAINTIFFS' PROPOSED JURY INSTRUCTION "(3) CLAIM FOR RETALIATION – ELEMENTS"**

**A. PLAINTIFFS' PROPOSED INSTRUCTION :**

Plaintiffs Victoria Katherine Schmitt Katherine Schmitt also claims that in taking the challenged actions, defendant R.J. Reynolds was retaliating against her because she engaged in protected activities. Defendant R.J. Reynolds denies this claim. To prevail on her claim for retaliation, the Plaintiffs has the burden of proving each of the following elements by a preponderance of the evidence:

1. That the Plaintiffs engaged in or was engaging in an activity protected under federal law, such as opposing sexual advances, requests for sexual conduct, or other verbal or physical conduct of a sexual nature in the work environment; and

2. That R.J. Reynolds subjected the Plaintiffs to an adverse employment action, as that is defined in the next instruction; and

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO COMPANY'S OBJECTIONS TO PLAINTIFFS' INSTRUCTIONS TO JURY

10.

(No.  09-cv-02495-WBS-DAD)

     3.    That the protected activity was a substantial or motivating factor in causing the adverse employment action.

If you find that each of the elements on which the Plaintiffs has the burden of proof has been proved, Plaintiffs should prevail on the retaliation claim. If, on the other hand, the Plaintiffs has failed to prove any one of these elements, defendant should prevail on the retaliation claim.

## B. DEFENDANT'S RESPONSE AND OBJECTIONS:

Defendant objects to this instruction on the grounds that Plaintiffs filed it late and cite no legal authority or source for the instruction, which has prejudiced Defendant's ability to respond to it or to address the merit of such authority. Defendant further objects to this instruction on the ground that it is argumentative in its definition of protected activity. Defendant further objects to this instruction on the ground that it misstates the law by asserting that Plaintiffs engaged in protected activities that are not, in fact, protected by Title VII. Stating that Plaintiffs suffered adverse employment action as a result of "opposing sexual advances, requests for sexual conduct, or other verbal or physical conduct of a sexual nature in the work environment," in effect, defines a "quid pro quo" claim of sexual harassment, not a retaliation claim. As the Court recognized in its Order re: MSJ, there is "no evidence of any quid-pro-quo" in this case. (Order re: MSJ p.11 & n.8.) Defendant further objects to this instruction on the ground that it is misleading, in that it appears to present a "mixed-motive" instruction ("the protected activity was a substantial or motivating factor in causing the adverse employment action"), but fails to include reference to the "same decision" affirmative defense to a mixed-motive finding. See *Lam v. Univ. of Haw.*, 40 F.3d 1551, 1564 & n.24 (9th Cir. 1994) (applying mixed motive framework in retaliation case). Defendant further objects to this instruction on the ground that it incorporates Plaintiffs' definition of "Adverse Employment Action in Retaliation Cases," which is also objectionable as addressed below.

Defendant further objects to this instruction on the ground that Plaintiffs lump themselves together in this instruction, which inappropriately suggests that Plaintiffs' claims are one and the same and could confuse the jury by making them believe that if one Plaintiff proves an element of her claim, both have. Plaintiffs also refer to themselves as "Plaintiffs Victoria Katherine

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO COMPANY'S OBJECTIONS TO PLAINTIFFS' INSTRUCTIONS TO JURY

11.

(No. 09-cv-02495-WBS-DAD)

Schmitt Katherine Schmitt" and refer to themselves in both the plural and singular throughout, which will confuse the jury.

Based on the foregoing objections, Defendant requests that the Court refuse this proposed instruction and, instead, adopt Defendant's Proposed Jury Instruction Nos. 44-47, regarding the elements of a Title VII retaliation claim.

### DEFENDANT'S OBJECTIONS TO PLAINTIFFS' PROPOSED JURY INSTRUCTION "ADVERSE EMPLOYMENT ACTION IN RETALIATION CASES"

#### A. PLAINTIFFS' PROPOSED INSTRUCTION:

An action is an adverse employment action if it is reasonably likely to deter a employee from engaging in protected activity.

#### B. DEFENDANT'S RESPONSE AND OBJECTIONS:

Defendant objects to this instruction on the grounds that Plaintiffs filed it late and cite no legal authority or source for the instruction, which has prejudiced Defendant's ability to respond to it or to address the merit of such authority. Defendant further objects to this instruction on the ground that it misstates the law. As the Supreme Court held in *Burlington Northern and Santa Fe Railway Company v. White*, 548 U.S. 53, 68 (2006), an adverse employment action in the retaliation context requires a "materially adverse" employment action, which requires viewing each action from an objective standard, considering if a "reasonable employee" could be deterred. Plaintiffs instruction refers neither to a "materially adverse" employment action, nor to any consideration of what a "reasonable employee" would do.

Based on the foregoing objections, Defendant requests that the Court refuse this proposed instruction and, instead, adopt Defendant's Proposed Jury Instruction Nos. 46: Retaliation – Material Adverse Employment Action Defined.

### DEFENDANT'S OBJECTIONS TO PLAINTIFFS' PROPOSED JURY INSTRUCTION "DAMAGES – PROOF"

#### A. PLAINTIFFS' PROPOSED INSTRUCTION:

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO COMPANY'S OBJECTIONS TO PLAINTIFFS' INSTRUCTIONS TO JURY

12.

(No. 09-cv-02495-WBS-DAD)

1  be rendered. If you find for the Plaintiffs on her claims for sexual harassment, constructive discharge

2  or retaliation, or any of them, you must determine the Plaintiffs' damages. The Plaintiffs has the

3  burden of proving damages by a preponderance of the evidence. Damages means the amount of

4  money which will reasonably and fairly compensate the Plaintiffs for any injury you find was caused

5  by the defendant.

6         You should consider the following:

7         --The mental or emotional pain and suffering, inconvenience, mental anguish and loss

8  of enjoyment of life experienced by Victoria Katherine Schmitt Katherine Schmitt.

9         And

10         –The reasonable value of wages lost to the present time or in the future.

11         The Plaintiffs has the burden of proving damages by a preponderance of the evidence,

12  and it is for you to determine what damages, if any, have been proved.

13         Your award must be based upon evidence and not upon speculation, guesswork or

14  conjecture. You must not consider, or include as part of any award, attorney fees or expenses that

15  Plaintiffs incurred in bringing this lawsuit; should you find R.J. Reynolds liable, those matters will

16  be decided and calculated by the Court.

17         **B.  DEFENDANT'S RESPONSE AND OBJECTIONS:**

18         Defendant objects to this instruction on the grounds that Plaintiffs filed it late and cite

19  no legal authority or source for the instruction, which has prejudiced Defendant's ability to respond

20  to it or to address the merit of such authority.  It appears that this instruction is based, in part, on

21  Model Instruction 5.1: Damages – Proof and, to that extent, Defendant does not object.  Defendant

22  does object, however, to Plaintiffs' modifications to Model Instruction 5.1 for the following reasons.

23  Defendant objects to this instruction on the ground that, as constructed, it misstates the law.  By

24  grouping all of their claims into one damages instruction, Plaintiffs inappropriately instruct the jury

25  that they may award back-pay and future-pay on Plaintiffs' Title VII claims.  That is not the case.  If

26  the jury finds that Plaintiffs proved their Title VII claims, the Court determines the amount of front

27  pay and back pay.  *Lutz v. Glendale Union High School*, 403 F.3d 1061, 1069 (9th Cir. 2005);

28  *Traxler v. Multnomah County*, 596 F.3d 1007, 1013 (9th Cir. 2010).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S OBJECTIONS TO PLAINTIFFS'
INSTRUCTIONS TO JURY

13.

(No.  09-cv-02495-WBS-DAD)

1    Defendant further objects to this instruction on the ground that Plaintiffs lump
2    themselves together in this instruction, which inappropriately suggests that Plaintiffs' claims are one
3    and the same and could confuse the jury by making them believe that if one Plaintiff proves a claim
4    or entitlement to damages, both have. Plaintiffs also refer to themselves as "Victoria Katherine
5    Schmitt Katherine Schmitt" and refer to themselves in both the plural and singular throughout,
6    which will confuse the jury.

7    Based on the foregoing objections, Defendant requests that the Court refuse this
8    proposed instruction and, instead, adopt Defendant's Proposed Jury Instruction Nos. 54-59,
9    regarding damages.

**DEFENDANT'S OBJECTIONS TO PLAINTIFFS' PROPOSED JURY INSTRUCTION "MITIGATION"**

**A.  PLAINTIFFS' PROPOSED INSTRUCTION :**

The Plaintiffs has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

(1)    that the Plaintiffs failed to use reasonable efforts to mitigate damages, and

(2)    the amount by which damages would have been mitigated.

**B.  DEFENDANT'S RESPONSE AND OBJECTIONS:**

Defendant objects to this instruction on the grounds that Plaintiffs filed it late and cite no legal authority or source for the instruction, which has prejudiced Defendant's ability to respond to it or to address the merit of such authority. Defendant further objects to this instruction on the ground that Plaintiffs lump themselves together in this instruction, which inappropriately suggests that Plaintiffs' claims are one and the same and could confuse the jury by making them believe that if one Plaintiff proves a claim or entitlement to damages, both have. Plaintiffs also refer to themselves as "Victoria Katherine Schmitt Katherine Schmitt" and refer to themselves in both the plural and singular throughout, which will confuse the jury.

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO COMPANY'S OBJECTIONS TO PLAINTIFFS' INSTRUCTIONS TO JURY

14.

(No. 09-cv-02495-WBS-DAD)

1   Based on the foregoing objections, Defendant requests that the Court refuse this proposed instruction and, instead, adopt Defendant's Proposed Jury Instruction No. 57: Damages - Mitigation.

**DEFENDANT'S OBJECTIONS TO PLAINTIFFS' PROPOSED JURY INSTRUCTION "WRONGFUL DISCHARGE/DEMOTION IN VIOLATION OF PUBLIC POLICY – ESSENTIAL FACTUAL ELEMENTS"**

**A. PLAINTIFFS' PROPOSED INSTRUCTION :**

Plaintiff Victoria McCarthy claims she was denied a promotion and experienced on-the-job retaliation culminating in her inability to work due to disability for reasons that violate a public policy. To establish this claim, Ms. McCarthy must prove all of the following:

1. That Victoria McCarthy was employed by R.J. Reynolds;

2. That R.J. Reynolds declined to promote Ms. McCarthy and retaliated against her for notifying Human Resources about her supervisor's improper conduct;

3. That Ms. McCarthy's complaint to Human Resources about improper sexual harassment by her Supervisor was a motivating reason for Ms. McCarthy's failure to be promoted or for the subsequent retaliation culminating in her separation from employment; and

4. That the failure to promote Ms. McCarthy and the retaliation against her caused her harm.

Source: CACI 2430 (modified).

**B. DEFENDANT'S RESPONSE AND OBJECTIONS:**

Defendant objects to this instruction on the grounds that Plaintiffs filed it late, which has prejudiced Defendant's ability to respond to it. Defendant further objects to this instruction on the ground that it is argumentative in its description of Plaintiff McCarthy's claims and improperly personalizes the instruction in favor of Plaintiff McCarthy and to prejudice the jury against Defendant. Defendant further objects to this instruction on the ground that neither "wrongful discharge" nor "demotion" are at issue with respect to Plaintiff McCarthy. As the Court found in its Memorandum and Order re: MSJ, Plaintiff McCarthy has admitted she was unable to return to work

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO
COMPANY'S OBJECTIONS TO PLAINTIFFS'
INSTRUCTIONS TO JURY

15.

(No. 09-cv-02495-WBS-DAD)

and was terminated because she failed to return to work. (Order re: MSJ p.22.) Furthermore, as the record in this case and the text of this proposed instruction itself demonstrate, Plaintiff McCarthy is asserting that she was wrongfully denied a promotion, not that she was demoted. Defendant further objects to this instruction on the ground that it is argumentative and conclusory in its assumption that Plaintiff McCarthy "notif[ied] Human Resources about her supervisor's improper conduct." Defendant further objects to this instruction on the ground that it is redundant of the instructions regarding Title VII retaliation. (*See* Defendant's Proposed Jury Instruction Nos. 44-47, regarding the elements of a Title VII retaliation claim.) This Court has found that Plaintiff McCarthy's public policy claim is derivative of her Title VII claims. (Order re: MSJ p. 24.) Defendant further objects to this instruction on the ground that, by including the language "culminating in her inability to work due to disability for reasons that violate a public policy," the instruction improperly attempts to reinsert Plaintiff McCarthy's disability discrimination claims into this litigation after the Court has dismissed those claims. (See Order re: MSJ p.22.)

Based on the foregoing objections, Defendant requests that the Court refuse this proposed instruction and, instead, adopt Defendant's Proposed Jury Instruction Nos. 52-53, regarding tortious adverse employment actions in violation of public policy.

**DEFENDANT'S OBJECTIONS TO PLAINTIFFS' PROPOSED JURY INSTRUCTION "CONSTRUCTIVE DISCHARGE IN VIOLATION OF PUBLIC POLICY"**

**A.  PLAINTIFFS' PROPOSED INSTRUCTION :**

Plaintiff Katherine Schmitt claims she was constructively discharged for reasons that violate a public policy. To establish this claim, Ms. Schmitt must prove all of the following:

1. That Katherine Schmitt was employed by R.J. Reynolds;

2. That R.J. Reynolds required Ms. Schmitt to endure retaliation for her complaint to Human Resources regarding violations of Title VII of the Civil Rights Act of 1964;

3. That this retaliation was so intolerable that a reasonable person in Ms. Schmitt's position would have had no reasonable alternative except to resign;

4. That Ms. Schmitt resigned because of this retaliation;

5. That Ms. Schmitt was harmed;

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO COMPANY'S OBJECTIONS TO PLAINTIFFS' INSTRUCTIONS TO JURY

16.

(No. 09-cv-02495-WBS-DAD)

6. That the retaliation was a substantial factor in causing Ms. Schmitt's harm.

Source: CACI 2431 (modified).

### B. DEFENDANT'S RESPONSE AND OBJECTIONS:

Defendant objects to this instruction on the grounds that Plaintiffs filed it late, which has prejudiced Defendant's ability to respond to it.  Defendant further objects that Plaintiff has modified a model jury instruction (CACI 2431) that was designed to address a different cause of action, without citation to any legal authority to support such changes.  CACI 2431 was designed to address a claim for constructive discharge where the plaintiff was "forced to resign, rather than commit a violation of public policy."  It is not applicable to this case.  Defendant further objects to this instruction on the ground that it is argumentative in its description of Plaintiff Schmitt's claims and improperly personalizes the instruction in favor of Plaintiff Schmitt and to prejudice the jury against Defendant. Defendant further objects to this instruction on the ground that it is argumentative and conclusory in its assumption that Plaintiff Schmitt "complain[ed] to Human Resources regarding violations of Title VII . . . ."  Defendant further objects to this instruction on the ground that it is redundant of the instructions regarding Title VII retaliation.  (*See* Defendant's Proposed Jury Instruction Nos. 44-47, regarding the elements of a Title VII retaliation claim.)  This Court has found that Plaintiff Schmitt's public policy claim is derivative of her Title VII claims. (Order re: MSJ p. 24.)

Based on the foregoing objections, Defendant requests that the Court refuse this proposed instruction and, instead, adopt Defendant's Proposed Jury Instruction Nos. 52-53, regarding tortious adverse employment actions in violation of public policy.

### DEFENDANT'S OBJECTIONS TO PLAINTIFFS' PROPOSED JURY INSTRUCTION "PUNITIVE DAMAGES"

### A. PLAINTIFFS' PROPOSED INSTRUCTION :

If you find for the Plaintiffs, you may, but are not required to, award punitive damages.

The purposes of punitive damages are not to compensate the Plaintiffs, but to punish a defendant and to deter a defendant and others from committing similar acts in the future.

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO COMPANY'S OBJECTIONS TO PLAINTIFFS' INSTRUCTIONS TO JURY

17.

(No. 09-cv-02495-WBS-DAD)

1   The Plaintiffs has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that defendant's conduct was malicious, oppressive or in reckless disregard of the Plaintiffs's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of the Plaintiffs's rights if, under the circumstances, it reflects complete indifference to the Plaintiffs's safety and rights, or the defendant acts in the face of a perceived risk that its actions will violate the Plaintiffs's rights under state or federal law. An act or omission is oppressive if the person who performs it injures or damages or otherwise violates the rights of the Plaintiffs with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the Plaintiffs.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the Plaintiffs. While you may consider similar acts towards others in determining the reprehensibility of R.J. Reynolds's conduct, you cannot punish R.J. Reynolds for harm to others who are not parties to the litigation. In other words, the amount that you award, if any, must bear a reasonable relation to the harm suffered by the Plaintiffs, and only the Plaintiffs.

### B. DEFENDANT'S RESPONSE AND OBJECTIONS:

Defendant objects to this instruction on the grounds that Plaintiffs filed it late and cite no legal authority or source for the instruction, which has prejudiced Defendant's ability to respond to it or to address the merit of such authority. Defendant further objects to this instruction on the ground that Plaintiffs cannot provide sufficient evidence to seek punitive damages and, therefore, this instruction is improper. Plaintiffs have failed to list any witness who could testify to the financial condition of Defendant and therefore cannot establish such financial condition. Plaintiffs have no evidence of Defendant's finances, and they cannot introduce such evidence at trial, as it was

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO COMPANY'S OBJECTIONS TO PLAINTIFFS' INSTRUCTIONS TO JURY

18.

(No. 09-cv-02495-WBS-DAD)

not included on their exhibit list. This precludes Plaintiffs from seeking punitive damages under their state law tortious employment law claim pursuant to California Code of Civil Procedure section 3294. Under California law, proof of defendant's finances is prerequisite to a punitive damages award. *Adams v. Murakami*, 54 Cal. 3d 105, 110 (1991); *Barnes v. Logan*, 122 F.3d 820, 824 (9th Cir. 1997). Moreover, Plaintiffs failed to comply with Rule 26(a)(1)(A)(iii), which required them to provide a computation of damages in their initial disclosures. By failing to provide any computation of damages, Plaintiffs are barred from seeking punitive damages, even on their Title VII claim. *See Estate of Gonzalez v. Hickman*, 2007 U.S. Dist. LEXIS 84390, *15-17 (C.D. Cal. June 28, 2007); *Davis v. Harris*, 2006 U.S. Dist. LEXIS 88000, *9-12 (C.D. Ill. Dec. 5, 2006).

Based on the foregoing objections, Defendant requests that the Court refuse this proposed instruction.

## DEFENDANT'S OBJECTIONS TO PLAINTIFFS' PROPOSED JURY INSTRUCTION "NOMINAL DAMAGES"

### A. PLAINTIFFS' PROPOSED INSTRUCTION :

The law which applies to this case authorizes an award of nominal damages. If you find for the Plaintiffs but you find that the Plaintiffs has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

### B. DEFENDANT'S RESPONSE AND OBJECTIONS:

Defendant objects to this instruction on the grounds that Plaintiffs filed it late and cite no legal authority or source for the instruction, which has prejudiced Defendant's ability to respond to it or to address the merit of such authority. Defendant further objects to this instruction on the ground that it is confusing because Plaintiffs lump themselves together in this instruction, which inappropriately suggests that Plaintiffs' claims are one and the same. Plaintiffs also refer to themselves in both the plural and singular in this instruction, which will confuse the jury.

Based on the foregoing objections, Defendant requests that the Court refuse this proposed instruction and, instead, adopt Defendant's Proposed Jury Instruction No. 59: Nominal Damages.

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT R.J. REYNOLDS TOBACCO COMPANY'S OBJECTIONS TO PLAINTIFFS' INSTRUCTIONS TO JURY

19.

(No. 09-cv-02495-WBS-DAD)

Dated: May 25, 2011

                              /s/ Tarun Mehta
                              JEFFREY L. ADAMS
                              ANNE-MARIE WAGGONER
                              TARUN MEHTA
                              LITTLER MENDELSON
                              A Professional Corporation
                              Attorneys for Defendant
                              R.J. REYNOLDS TOBACCO CO.

Firmwide:101878598.1 006886.1028

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468