ALDON BOLANOS, ESQ., SBN. 233915
NINE TWENTY-FIVE "G" STREET
SACRAMENTO, CA 95814
PH.   916.446.2800
FX.   916.446.2828
WWW.ALDONLAW.COM

Attorney for Plaintiffs V. McCarthy and K. Schmitt

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Victoria McCarthy, Katherine Schmitt,<br><br>Plaintiffs,<br><br>vs.<br><br>R.J. Reynolds Tobacco Co., DOES 1-10,<br><br>Defendants. | Case No.  2:09-CV-02495-WBS-DAD<br><br>**PLAINTIFF'S PRELIMINARY OPPOSITION TO DEFENDANTS MOTION FOR JUDGMEMTN AS A MATTER OF LAW**<br><br>Date:   June 9,  2011<br>Time:   TBD<br>Courtroom 5; 14th Floor<br>The Honorable William B. Shubb<br><br>Action Filed:   September 4, 2009<br><br>Trial Date: June 1, 2011 |

PLAINTIFF'S PRELIMINARY OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

1

I.  **INTRODUCTION**

Plaintiff Victoria McCarthy and Katherine Schmitt ("Plaintiffs") closed their case on June 7, 2011. Following the close of Defendant R.J. Reynolds ("RJ REYNOLDS") submitted a twenty two page motion for judgment as a matter of law pursuant to Rule 50 (a) of the Federal Rules of Civil Procedure. This motion was bought to the attention of Plaintiff's counsel midday on June 8, with a hearing on said motion to be heard the very next day. Given the extreme time constraints in preparing opposition, Plaintiff hereby submits this opposition to Defendant's motion as a matter of law pursuant to L.R. 291.1. Plaintiff requested a trial transcript, but as of the filing of this document in the late p.m., no transcript has been given. Defendant's motion should be denied because sufficient evidence was presented for a reasonable jury to rule in Plaintiff's favor, evidence for adverse employment action has been submitted, or in the alternative, more time should be granted on the hearing of said motion as Plaintiff has only had less than 24 hours to respond to Defendant's lengthy motion.

II. **RJ REYNOLDS MISCHARACTERIZES THE LEGAL STANDARD FOR JUDGEMENT AS A MATTER OF LAW UNDER THE FEDERAL RULES OF CIVIL PROCEDURE, RULE 50.**

In its motion, the defendant mischaracterizes the applicable legal standard in an effort to skew this Court's analysis. The *Federal Rules of Civil Procedure,* Rule 50, provides that judgment as a matter of law may only be granted if the evidence, together with all reasonable inferences in favor of the verdict, could only lead a reasonable person to conclude that the moving party is entitled to judgment. *White v. Ford Motor Co.* (9th Cir. 2002), 312 F.3d 998, 1010; *Eich v. Board of Regents for Central Missouri State Univ.* (8th Cir. 2003) 350 F.3d 752, 761, ("must be complete absence of probative facts to support ... conclusion reached so that no reasonable juror could have found for ... nonmoving party."

The standard for judgment as a matter of law "mirrors" the standard for a pretrial motion for summary judgment. *Reeves v. Sanderson Plumbing Products, Inc.* 530 US 133, 150, 120 S.Ct. 2097, 2110 (2000). Specifically, neither should be granted unless:

> (1) There is such a complete absence of evidence supporting the jury's verdict that the jury's findings could only have been the result of sheer surmise and conjecture; or
> (2) There is such an overwhelming amount of evidence in favor of the moving party that reasonable and fair-minded persons could not arrive at the challenged verdict.

*Meloff v. New York Life Ins. Co.* (2nd Cir. 2001) 240 F3d 138, 145.

Thus, even if evidence is determined to be weak, such a determination does *not* itself justify judgment as a matter of law. In fact, a district court may not grant a JMOL unless the evidence is such that, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, there can be but one conclusion as to the verdict that reasonable jurors could have reached. *Settlegoode v. Portland Pub. Schools,* 371 F.3d 503, 510 (9th Cir.2004).

Accordingly, the judge's is not to resolve problems with testimony but to detremine whether a reasonable jury could make the inference actually made by the jury. Winarto v. *Toshiba America Electronics Components, Inc.,* (9th Cir. 2001), 274 F.3d 1276, 1283-1287; *See also City Solutions, Inc. v. Clear Channel Communications,* (9th Cir. 2004), 365 F.3d 835, 841; ("The court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence").

To avoid substituting the Court's opinion of the evidence for that of the jury, the trial court must disregard all evidence favorable to the moving party except evidence that the jury is required to believe (e.g., uncontroverted expert

testimony on a subject that requires expert testimony). *Winarto v. Toshiba America Electronics Components, Inc.,* supra, 274 F.3d at 1283. Id.

Ninth Circuit jurisprudence dictates that the district court must base its decision on the record as it existed at the close of evidence, including evidence that may have been erroneously admitted. *Elbert v. Howmedica, Inc.* 143 F.3d 1208, 1209 (9th Cir.1988).

Plaintiffs Victoria McCarthy and Katherine Schmitt both began their employment with defendant R.J. Reynolds in August 2006.  Throughout their employment with defendant, consistently and without fail, up to and through October 2007, their work performance was exemplary and highly commended. However in late August/early September 2007, both plaintiffs separately complained to Human Resources that their supervisor, Michelle Madsen, was engaging in outrageous and inappropriate conduct including: sexual harassment, gender discrimination, and obscenity-laden tirades.

Up until that fateful point in her career, plaintiff McCarthy was on a Succession List, and was accordingly slated for a very important promotion within the company.

In response to plaintiffs' complaints, defendant held a Human Resources meeting with the entire Sacramento Division – of which plaintiffs were a part and of which Madsen was the supervisor – to discuss Madsen's behavior.

Almost immediately after this meeting, Madsen became aware that it was McCarthy and Schmitt who had complained to Human Resources about her, and in response she undertook a persistent and consistent campaign of harassment and retaliation against them.  The culmination of this campaign of severe and pervasive harassment was to create an abusive work environment.

### III. PLAINTIFFS HAVE NOT BEEN GRANTED ENOUGH TIME TO RESPOND TO RJ REYNOLD'S JUDGMENT AS A MATTER OF LAW PURUSANT TO L.R. 230

Plaintiffs' counsel, a solo practitioner, has only been provided this motion less than twenty four hours before opposition to it is to be heard.  RJ REYNOLDS provided this motion pursuant to L.R. 291.1.  L.R. 291.1 states that "Local Rule 230 shall apply to judgment as a matter of law."  Local Rule 230 states in pertinent part:

> **(c) Opposition and Non-Opposition.** Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. See L.R. 135.

Plaintiffs received inadequate time to respond to this motion.  Less than twenty four hours in the midst of preparing cross examination of RJ REYNOLDS remaining four expert and lay witness is not a reasonably adequate time to respond to RJ REYNOLD's twenty two page motion.  As of filing this document hours before trial, no transcript of the trial has been provided even after request.  For these reasons, Plaintiff requests that said motion be denied, or alternatively, the time required by Local Rule 230 be obtained to respond to RJ REYNOLD's Motion.

PLAINTIFF'S PRELIMINARY OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW      5

III. **RJ REYNOLD's Motion Should Be Denied Because Plaintiffs Provided Sufficient Evidence At Trial For Claims Of Sexual Harassment, Retaliation, Constructive Discharge, And Punitive Damages**

    A.    **The evidence presented is sufficient for a finding of sexual harassment and retaliation due to materially adverse employment actions casually connected to a protected activity**

This Court properly denied RJ REYNOLD's initial motion for summary judgment because the evidence presented at trial is sufficient to support materially adverse employment actions which were casually connected to Plaintiff's prior complaints about Michele Madsen and should do the same under this motion.

Specifically, in order to establish a case for retaliation under Title VII of the *Civil Rights Act of 1964,* Plaintiffs must show by a preponderance of the evidence that:

    (1) she engaged in protected activity;
    (2) she was subjected to an adverse employment action; and
    (3) a causal connection exists between the two.

See *Mannat v. Bank of America,* 339 F.3d 792, 800 (9th Cir.2003), ("A retaliation claim also requires proof that plaintiff was treated differently than other similarly situated employees"), *Brooks v. San Mateo,* 229 F.3d 917, 928 (9th Cir.2000).

A "materially-adverse employment action" is generally defined as that which might have dissuaded a reasonable worker from engaging in protected activity (making or supporting a charge of sexual harassment to HR). Burlington N. *Burlington N. & Santa Fe. Rv. Co. v. White,* 548 U.S., 126 S.Ct. 2405 (2006).

PLAINTIFF'S PRELIMINARY OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW     6

In its papers, RJ REYNOLD's motion misstates this law by falsely asserting that Ms. Boswell must show loss of compensation, benefits, or job status in order to show an adverse employment action. For example, in *Yartzoff v. Thomas,* 809 F.2d 1371, 1376 (9th Cir.1987), the Court held that "[t]ransfers of job duties and undeserved performance ratings, if proven, would constitute 'adverse employment decisions.'"

In their case, Plaintiffs gave evidence that she was subject to adverse employment actions by RJ REYNOLDS as a result of protected activity such as the altering time cards, issuing write ups, not approving expense reports that were approved, and having Brian Fedewa, their supervisor allowed to harass them. Thus, the proof of "adverse employment actions" in her case corresponds with the standards set forth in *Yartzoff* and *Ray,* as discussed above. Additionally, RJ REYNOLDS says there could be no adverse employment action because Ms. McCarthy was on permanent disability and abandoned her job. Their argument ignores the fact that the reason for Ms. McCarthy's employment was a result of the sexual harassment by Ms. Madsen. These facts also mean that RJ REYNOLDS cannot meet the JMOL standard of a complete absence of probative facts such that no reasonable juror could have found for the nonmoving party. *Eich v. Board of Regents for Central Missouri State Univ.* 350 F.3d 752, 761 (8th Cir.2003).

Thus, Plaintiffs meets this minimum standard so as to preclude a successful FRCP Rule 50 motion. Plaintiffs only needed to show a causal link between the protected activity and the challenged action; this was accomplished with evidence of her employer's knowledge of the protected activity, and the proximity in time between the protected activity and the adverse action. *Raad v. Fairbanks N. Star Burough,* 323 F.3d 1185, 1197 (9th Cir.2003).

PLAINTIFF'S PRELIMINARY OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW
7

### B. Plaintiffs submitted sufficient evidence to find that Ms. Madsen's conduct was severe and pervasive.

Severe and pervasive sexual harassment alters the conditions of the victim's employment to the extent that an abusive work environment results in violation of *Title VII of the Civil Rights Act of 1964*. *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986). Plaintiffs' allegations absolutely meet this standard.

Their supervisor subjected them to a barrage of sex-based conditions on their employment and advancement within the company. People were told they could not and should not have sexual intercourse if they expected to advance. Sexual activity or the lack thereof was a favorite and recurring subject with this supervisor, who was constantly asking her subordinates if they themselves or their other co-workers were "top girls" or "bottom girls," which sexual positions they favored, and whether their openly gay co-worker liked to "take it" or "receive it."

Plaintiff Schmitt was admonished by Madsen that her work performance was suffering because she was not having enough sex. Then Madsen turned around and revealed to plaintiff McCarthy that Schmitt's performance was suffering because she was dating, and that McCarthy should absolutely refrain from sexual intercourse in order to focus on getting ahead within the company. Madsen cited her own success as an example for McCarthy to follow. She got ahead, she told McCarthy, precisely because she stopped having sex with her husband. McCarthy got the message from Madsen loud and clear: if you want a promotion, you will not have a romantic relationship with a man. In an oft-repeated fit of pique, Madsen was known for raging screaming jags, and in one documented instance even physically struck her employee Schmitt repeatedly at a dinner table.

Both plaintiffs were deeply offended by Madsen's outrageous conduct, and in fact the entire Sacramento Division was so offended and went on record as such in a HR meeting called in direct response to plaintiffs' complaints.

There was nothing "isolated, occasional, sporadic or trivial" about these acts. Instead, a "concerted pattern of harassment of a repeated, routine and generalized nature" took place. Thus, under both a subjective and an objective analysis, enough evidence exists for a reasonable jury to find if there was an abusive work environment.

### C. Plaintiffs have presented sufficient evidence to support the award of punitive damages

A Title VII plaintiff is entitled to punitive damages if her employer intentionally engaged in discriminatory practices "with malice or reckless indifference to [her] federally protected rights." 42 *U.S.C.* § 1981 (b)(1). Subsection (a) of the same statute allows punitive damages awards "based solely on an employer's state of mind." *Kolstad v. American Dental Ass'n,* 527 U.S. 526, 535-536 (1999). "Malice" or "reckless indifference" does *not* require a showing that the employer's conduct was independently egregious or outrageous, (although egregious conduct may serve as evidence of the requisite intent, and thus provide a valuable means by which an employee can show the "malice or reckless indifference" needed to qualify for such an award). *Id.* at 535-536. Instead, the terms "malice" and "reckless indifference" pertain "not to the employer's awareness that he is engaging in discrimination, but to its knowledge that it may be acting in violation of federal law." *Smith v. Wade,* 461 U.S. 30, 37, (1983) ("A jury may be permitted to assess punitive damages in an action under §1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others").

On the issue of punitive damages, R.J. REYNOLD's motion claims that Plaintiffs offered no evidence supporting the jury's award of punitive

damages. But Plaintiffs presented substantial evidence at trial that Ms. Madsen, Plaintiff's supervisor at R.J. REYNOLDS, engaged in reprehensible and despicable conduct by imposing severely adverse employment actions upon her such as changing her timecards and issuing written write ups and unfavorable performance reviews, inappropriate sexual comments, inappropriate touching. These acts were, at a minimum, taken with reckless disregard for Ms. Boswell's federally-protected rights. *Kolstad v. American Dental Ass'n,* 527 U.S. 526, 535-536 (1999).  So Ms. Boswell did provide an evidentiary basis for the jury's punitive damage award and for this reason, FedEx cannot meet the standard for judgment as a matter of law on this issue.

Additionally, RJ REYNOLDS argues that a motion for punitive damages cannot be sustained because Plaintiff have not provided evidence of RJ REYNOLD's financial condition.  This evidence was provided by Plaintiff's Request for Judicial notice, which notices a filing with the Security and Exchange Commission of Defendant's net value to be billions according to a report filed with the SEC in the last quarter of 2010. Doc. 78, Record. Additionally, this Request for Judicial Notice is referenced in Defendant's proposed jury instructions.

PLAINTIFF'S PRELIMINARY OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW
10

## IV. CONCLUSION

Because there has been sufficient evidence to support a reasonable juror's verdict, and because defendant's papers do not carry their heavy burden to meet the legal standard of a judgment as a matter of law, Plaintiffs respectfully request that the court deny RJ REYNOLD's motion.

DATED: JUNE 08, 2011, 11p.m.        LAW OFFICE OF ALDON BOLANOS

*/s/ Aldon Bolanos, Esq.*

ATTORNEY FOR PLAINTIFFS