UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

**FILED**

JUN 10 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

VICTORIA MCCARTHY, et al.,

Plaintiff,

v.

R.J. REYNOLDS TOBACCO
COMPANY,

Defendant.

CASE #: _CV 09-2495 WBS_

<u>**JURY INSTRUCTIONS GIVEN**</u>

Dated___June _/0_, 2011_____

Karen Kirksey Smith,
Courtroom Deputy

Instruction No. 1

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathies. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important. You must not read into these instructions or into anything that I may have said or done any suggestion as to what verdict you should return--that is a matter entirely up to you.

Instruction No. 2

The evidence from which you are to decide what the facts are consists of:

(1) The sworn testimony of any witness;

(2) The exhibits which have been received into evidence; and

(3) Any facts to which the lawyers have agreed or stipulated.

Instruction No. 3

In reaching your verdict, you may consider only the testimony, exhibits, and stipulations received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by an objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose. When I have instructed you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

1     (4) Anything you may have seen or heard when the court was

2    not in session is not evidence.  You are to decide the case

3    solely on the evidence received at the trial.

Instruction No. 4

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

# Instruction No. 5

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) The opportunity and ability of the witness to see or hear or know the things testified to;

(2) The witness's memory;

(3) The witness's manner while testifying;

(4) The witness's interest in the outcome of the case and any bias or prejudice;

(5) Whether other evidence contradicted the witness's testimony;

(6) The reasonableness of the witness's testimony in light of all the evidence; and

(7) Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

# Instruction No. 6

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Instruction No. 7

You should base your decision on all of the evidence, regardless of which party presented it.

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

The parties in this case have the burden to prove all claims or affirmative defenses by a preponderance of the evidence.

## Instruction No. 8

I will now instruct you on the law as it applies to the specific claims brought by the plaintiffs in this case. There are two plaintiffs in this case: Victoria McCarthy and Katherine Schmitt. There is one defendant in this case: R.J. Reynolds Tobacco Co.

Unless I instruct you otherwise, the instructions I am giving you apply to both plaintiffs, but you must decide the case as to each plaintiff separately.

Plaintiffs have brought two claims against the defendant. The claims are under Title VII of the Civil Rights Act of 1964, which is a federal law.

Instruction No. 9

In the first claim brought under federal law, the plaintiffs seek damages against the defendant for a sexually hostile work environment while employed by the defendant.

In order to establish the claim for a sexually hostile work environment, each plaintiff must prove the following elements by a preponderance of the evidence:

(1)   the plaintiff was subjected to sexual harassment in the form of sexual advances, requests for sexual conduct, or other verbal or physical conduct of a sexual nature by a supervisor;

(2)   the plaintiff was subjected to the conduct because the plaintiff was a female;

(3)   the conduct was unwelcome;

(4)   the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create a sexually abusive or hostile work environment;

(5)   the plaintiff perceived the working environment to be sexually abusive or hostile; and

(6)   a reasonable woman in the plaintiff's circumstances would consider the working environment to be sexually abusive or hostile.

Whether an environment constituted a sexually abusive or hostile work environment is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating versus a mere offensive utterance, and whether it unreasonably interfered with

an employee's work performance. A hostile work environment does not exist simply because the workplace consists of trivial or isolated remarks and incidents, or simply coarse, rude, or boorish behavior, even when such behavior is clearly inappropriate.

Instruction No. 10

        The defendant has asserted an affirmative defense to
plaintiffs' first claim, which you must decide only if you find
that one or both plaintiffs proved all of the elements of the
first claim.  Before you consider this affirmative defense, you
must also decide whether each plaintiff has proved that she
suffered a tangible employment action as a result of sexual
harassment by her supervisor.  The affirmative defense applies
only if the plaintiff did not prove that she suffered a tangible
employment action.

        Tangible employment actions are the means by which a
supervisor brings the official power of the enterprise to bear on
subordinates.  A tangible employment action requires an official
act of the enterprise, a company act.  A tangible employment
action consists of a significant change in employment status such
as firing, failing to promote, reassignment, a significant change
in responsibilities, undesirable reassignment, or a significant
change in benefits.

        If you find that a plaintiff has proven that she
suffered a tangible employment action as a result of sexual
harassment by the supervisor, you must not consider the
affirmative defense.

        If you find that a plaintiff has not proven that she
suffered a tangible employment action, then you must decide
whether the defendant has proved each of the following elements
of the affirmative defense:

        (1)    the defendant exercised reasonable care to prevent and
               promptly correct the sexually harassing behavior, and

(2)  the plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or unreasonably failed to otherwise avoid the sexually harassing behavior.

If the defendant proves both of these elements of the affirmative defense, the plaintiff is not entitled to prevail on the first claim.

Instruction No. 11

        In the second claim brought under federal law,
plaintiffs seek damages against the defendant for retaliation.
To prevail on a claim for retaliation, each plaintiff has the
burden of proving the following elements by a preponderance of
the evidence:

    (1)   the plaintiff engaged in or was engaging in an activity
           protected under federal law, which includes complaining
           to the defendant or filing a complaint with the Equal
           Employment Opportunity Commission based on the
           plaintiff's reasonable belief that her employer was
           engaged in unlawful conduct, which includes subjecting
           an employee to a sexually hostile work environment or
           discriminating against an employee on account of race,
           age, sex, or sexual orientation;

    (2)   the defendant subjected the plaintiff to an adverse
           employment action; and

    (3)   the protected activity by the plaintiff was a
           motivating factor in the adverse employment action by
           the defendant.

        With respect to the second element, an action is an
adverse employment action if a reasonable employee would have
found the action materially adverse, which means it might have
dissuaded a reasonable worker from engaging in an activity
protected under federal law.

        With respect to the third element, a motivating factor
is one that played a part in the defendant's decision.

Instruction No. 12

One of the adverse employment actions plaintiff Schmitt claims she was subjected to was her constructive discharge. In order to prove a constructive discharge, plaintiff must prove that her working conditions were so intolerable that a reasonable person in her position would feel compelled to resign.

Instruction No. 13

If you find for one or both plaintiffs on the second claim, you must determine whether defendant has proven that it would have subjected the plaintiff to an adverse employment action even if the plaintiff had not engaged in a protected activity. The defendant has the burden of establishing this affirmative defense.

Instruction No. 15

A plaintiff has a duty to use reasonable efforts to mitigate his or her damages.  To mitigate means to avoid or reduce damages.

In order to show that a plaintiff has failed to mitigate her damages, the defendants have the burden of proving by a preponderance of the evidence the following two elements:

(1)  The plaintiff failed to use reasonable efforts to mitigate her damages; and

(2)  The amount by which the plaintiff's compensatory damages could have been avoided or reduced if the plaintiff had used such efforts.

You should consider the reasonableness of the plaintiff's efforts in light of the circumstances facing her at the time, including her ability to make the efforts without undue risk or hardship.

If you determine that the plaintiff has failed to mitigate her damages, you must reduce any award of compensatory damages by the amount of compensatory damages that you determine could have been avoided or reduced if plaintiff had used reasonable efforts to mitigate such damages.

Instruction No. 14

It is now the duty of the Court to instruct you about the measure of damages for plaintiffs' claims. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for one or both of the plaintiffs on one or both of their claims, you must determine each plaintiff's compensatory damages. Compensatory damages means the amount of money that will reasonably and fairly compensate a plaintiff for any injury you find was caused by the defendant. The plaintiff has the burden of proving compensatory damages by a preponderance of the evidence.

Plaintiffs only seek compensatory damages for the mental and emotional pain and suffering they experienced and which with reasonable probability they will experience in the future. Any award of damages may not compensate plaintiffs for lost wages or income.

It is for you to determine what compensatory damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

Instruction No. 16

The law that applies to plaintiff's claims authorizes an award of nominal damages. If you find for one or both plaintiffs on the first and/or second claim but you find that the plaintiff has failed to prove compensatory damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

1

2    If you find for one or both plaintiffs on one or both
3  claims, you may, but are not required to, award punitive damages
4  against defendant.  The purposes of punitive damages are to
5  punish a defendant and to deter similar conduct in the future.
6  Punitive damages may not be awarded to compensate a plaintiff.

7    The plaintiff has the burden of proving by a
8  preponderance of the evidence that punitive damages should be
9  awarded and, if so, the amount of any such damages.

10    On plaintiffs' first two claims under federal law, you
11 may award punitive damages only if you find that the defendant's
12 conduct that injured a plaintiff was malicious, oppressive, or in
13 reckless disregard of the plaintiff's rights.

14    Conduct is malicious if it is accompanied by ill will
15 or spite, or if it is for the purpose of injuring a plaintiff.
16 An act or omission is oppressive if a defendant injures, or
17 otherwise violates, the rights of a plaintiff with unnecessary
18 harshness or severity, such as by the misuse or abuse of
19 authority or power or by the taking advantage of some weakness or
20 disability or misfortune of a plaintiff.  Conduct is in reckless
21 disregard of a plaintiff's rights if, under the circumstances, it
22 reflects complete indifference to the plaintiff's safety or
23 rights, or if a defendant acts in the face of a perceived risk
24 that his or her actions will violate the plaintiff's rights under
25 federal law.

26    If you find that punitive damages are appropriate on
27 one or both of plaintiff's federal claims, you must use reason in
28 setting the amount.  Punitive damages, if any, should be in an

1 amount sufficient to fulfill their purposes but should not
2 reflect bias, prejudice, or sympathy toward any party.
3 In considering the amount of any punitive damages, consider the
4 degree of reprehensibility of the defendant's conduct, including
5 whether the conduct was particularly reprehensible because it
6 also caused actual injury.

7       Punitive damages may be awarded even if you award
8 plaintiff only nominal, and not compensatory, damages.
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Instruction No. 18

When you begin your deliberations, you should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Instruction No. 19

      During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a cell phone, the Internet, or website to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

Instruction No. 20

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

## Instruction No. 21

Verdict forms have been prepared for you.  After you have reached unanimous agreement on a verdict for the claims by each plaintiff, your foreperson will fill out the forms that have been given to you, sign and date them, and advise the court through the marshal that you are ready to return to the courtroom.

## Instruction No. 22

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone--including me--how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote-count in any note to the court.