```
ALDON L. BOLANOS, ESQ., SBN. 233915
LAW OFFICES OF ALDON BOLANOS
925 G STREET
SACRAMENTO, CA 95814
PH.  916.446.2800
Fx.  916.446.2828
WWW.ALDONLAW.COM
```

Attorney for Plaintiffs V. McCarthy and K. Schmitt

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Victoria McCarthy, Katherine Schmitt,<br><br>        Plaintiffs,<br><br>         vs.<br><br>R.J. Reynolds Tobacco Co., DOES 1-10,<br><br>Defendants. | Case No.  2:09-CV-02495-WBS-DAD<br><br>NOTICE OF MOTION AND MOTION FOR STATUTORY ATTORNEYS' FEES<br><br>**Date: August 1, 2011<br>Time: 02:00 p.m.<br>Ctrm: 05**<br><br>**Hon. William B. Schubb** |

   TO THE HONORABLE COURT AND DEFENDANT R.J. REYNOLDS AND ITS ATTORNEYS OF RECORD:

   PLEASE TAKE NOTICE that Plaintiffs' Motion for Attorneys' Fees will come on for hearing before this Honorable Court in Courtroom 5 on August 1, 2011, at 02:00 p.m.  Based on 42 USC 1988 and the arguments more fully set forth in the contemporaneously filed memorandum, plaintiffs respectfully request that the

court enter an order granting attorneys' fees in the amount of **$195,787.50.**

DATED: JUNE 15, 2011              */s/ Aldon L. Bolanos, Esq.*

                                  ALDON L. BOLANOS, ESQ.
                                  ATTORNEY FOR PLAINTIFFS

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1.  Introduction**

On June 14, 2011, the Court entered a judgment for $800,000.00 against defendant R.J. Reynolds and in favor of plaintiff's Victoria McCarthy and Katherine Schmitt on their federal claims for hostile work environment sex harassment and retaliation under Title VII of the Civil Rights Act of 1964.  Said judgment made Ms. McCarthy and Ms. Schmitt both "prevailing parties" under the the Civil Rights Attorneys' Fees Awards Act of 1976, codified as 42 USC section 1988.

As prevailing parties, the plaintiffs are entitled to an award of reasonable attorneys' fees incurred in bringing and prevailing in the suit.  Accordingly, plaintiffs herein move the court for an award of fees and costs incurred in the amount of $195,787.50.

**2.  Lodestar**

The Ninth Circuit has held that a prevailing civil rights plaintiff should generally recover her attorneys' fees unless special circumstances would render an award unjust.  Vernon v. City of Los Angeles, (9th Cir. 1994) 27 F. 3d 1385, 1402.  The amount of fees is determined by the facts of each case.  Hensley v. Eckerhart, (1983) 461 U.S. 424, 429.  In exercising its discretion under section 1988, the Court calculates using the "lodestar" method, in which the number of hours reasonably expended in the litigation is

1 multiplied by the reasonably hourly rate charged.
2 Ferland v. Conrad Credit Corp., (9th Cir. 1996) 96 F. 3d
3 359, 363.  This figure is then a presumptively
4 reasonable fee award.  Id.

### 3.  Reasonable Hourly Rate

The first step in the Court's analysis is to determine the reasonableness of the prevailing party's attorney's rates.  In determining reasonableness, the court is guided by the customary billing rates of the attorneys, as well as by the prevailing rate charged by other attorneys of similar skill and experience for comparable legal services in the community. Blum v. Stetson, (1984) 465 U.S. 886, 895.  To this end, the fee applicant bears the burden of producing satisfactory evidence that the requested rates are consistent with the rates charged by other lawyers in the community who have similar skill and reputation. Id. At 895.  "Affidavits of plaintiff's attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiff's attorney, are satisfactory evidence of the prevailing market rate."  United Steelworkers of America v. Phelps Dodge Corp., (9th Cir. 1990) 896 F. 2d 403, 407, *see also* Davis v. City and County of San Francisco, (9th Cir. 1992) 976 F. 2d 1536, 1547.

Here, because the case was litigated in the United States District Court, Eastern District of California, in the County of Sacramento, by a trial team based in Downtown Sacramento, the relevant legal community for determining reasonableness is the Sacramento legal community.

The trial attorney, Aldon L. Bolanos, Esq., has already distinguished himself in the legal community despite a relatively short career of seven years' practicing law.  He is a graduate of the University of California, Hastings College of the Law.  His career began with the Legal Division of the California Department of Insurance in Sacramento, during which time he personally drafted language which would become law in the California Labor Code dealing with fixes to California's broken workers' compensation system.

Next, he joined the Los Angeles firm of Roxborough, Pomerance & Nye LLP, where he again distinguished himself as being on the forefront of pressing legal issues.  At Roxborough, the pressing issue of the day was whether staffing agencies, including Native American staffing agencies, were being unfairly targeted for higher than normal workers' compensation premium rates.  Compounding matters, a government "safety net" program called CIGA was becoming insolvent, another government "insurer of last resort" called State Fund was also nearing insolvency, and the rights and responsibilities of government and

1 business needed to be ascertained to avoid a total
2 breakdown in California's employment market.  During
3 this time, Mr. Bolanos, under the instruction of
4 supervising attorneys but with substantial latitude to
5 handle cases independently given the sheer magnitude of
6 the problem, led the charge to save the system by
7 producing the first and still the precedential decision
8 before the Workers' Compensation Appeals Board (WCAB)
9 to hold that the staffing agencies were not "other
10 insurance" to which CIGA could look for contribution
11 when an insurance company went insolvent.  To that
12 point, the issue had been extensively litigated by all
13 stakeholders and no clear decision had been rendered.
14 It was an important turning point in the dispute and
15 saved businesses and taxpayers thousands of hours in
16 litigation by providing a roadmap to move forward.

17     Mr. Bolanos then continued his career with the
18 civil rights office of Waukeen McCoy, in San Francisco.
19 With Mr. McCoy, Mr. Bolanos obtained first-hand civil
20 rights trial experience in several cases against a very
21 well-armed defendant similar to the one faced in this
22 case.[1]  More importantly, Mr. McCoy's office
23 represented the nine same-sex plaintiffs in an action
24 called *In re Marriage cases* before the California
25 Supreme Court to decide the right to marry.  It was Mr.

---

27 [1] One of those cases, Boswell v. FedEx, was substantially similar to the McCarthy v. RJ Reynolds case in terms of legal issues.  As a prevailing
28 party, Mr. McCoy's reasonable rate, for substantially the same work performed by Mr. Bolanos, was $575 per hour. See Bolanos Declaration.

6

1   Bolanos who prepared all briefs to the Court on these
2   issues, drawing the key connection between the
3   arbitrary nature of race-based restrictions on marriage
4   and the corollary to gender-based restrictions.  In its
5   subsequent decision, the California Supreme Court
6   latched on tightly to this corollary in deciding the
7   right to marry, a profound civil rights victory for all
8   Californians.
9        Next Mr. Bolanos joined the firm of Hardy Erich
10  Brown & Wilson in Sacramento where we continued to work
11  on employment and labor matters.  During that time, he
12  was routinely billed out *as an associate* at $275 per
13  hour.  See Bolanos Declaration.
14       Finally, Mr. Bolanos launched his own firm in
15  early 2009.  He routinely represents business
16  litigation clients at rates in excess of $300 per hour
17  and can justify this market-based rate to his clientele
18  because he achieves the desired results.  Moreover, he
19  continues to focus his practice on civil rights work,
20  most notably in the areas of age and race
21  discrimination, in both state and federal courts
22  throughout the state. He is admitted to the Northern,
23  Central and Eastern Districts, and often takes clients
24  who report a profound difficulty in even locating an
25  attorney who practices in the area of civil rights.
26  Therefore, given his distinguished history and
27  willingness to tackle difficult legal issues against
28  well-funded opponents often and successfully, and

further given his current market rates, **Mr. Bolanos submits a reasonable hourly rate for an attorney of similar caliber in this legal community is $375 per hour.** The rate for his law clerk, Roger Kosla, is $75 per hour.

Certainly, the *three* defense attorneys combined who litigated this case for defendant over the course of three years did so at an hourly rate at or near $1000 per hour.

**4.   Hours Expended In This Case As a Lodestar**

Plaintiffs also bear the burden of proving the reasonableness of the number of hours expended. *See* Hensley, 461 U.S. at 437, ("The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended…"). To this end, there is a "strong presumption" that the total lodestar value, as the "guiding light of…fee shifting jurisprudence," represents the "reasonable amount of attorneys' fees." City of Burlington v. Dague, (1992) 505 U.S. 557, 562.

Here, Mr. Bolanos kept exacting time records of all actions taken in this and all his cases. His method of keeping track of time, as more fully set forth in the concurrently-filed declaration, is by a Microsoft Word document, which is opened and revised each day to reflect the date, the case name, and the services rendered and/or tasks performed. This time is

kept for two important purposes: 1) to track legal services rendered to clients making hourly payments on a monthly basis; and 2) in the event a fee-shifting case does go to trial, and the plaintiffs prevail, there is an accurate and contemporaneous record of time.

A third consideration for keeping time on civil rights cases, which are generally prosecuted on a contingency basis (after all, the people have for the most part lost their jobs and are having enough trouble with meeting the cots for the necessities of life) is to facilitate settlement, as it permits the parties an accurate snapshot of potential liability prior to trial, such that it gives defendants a rational basis for resolving a case.

For this motion, the time entries have been "cut and pasted" from the original billing document, which is over 100 pages long and contains billing for all clients going back to the inception of the Law Offices of Aldon Bolanos. Then the entries have been attached to the Declaration of Bolanos. They are true and accurate and depict time actually and reasonably spent on this case and are the result of reasonable billing judgment.

### 5. Conclusion

An attorney fee award is just and proper in this case because the case vindicated important and

9

1  fundamental civil rights regarding the freedom to be
2  free from harassment and retaliation in the workplace.
3  Plaintiffs and their counsel were outmanned from the
4  beginning, with only one attorney and a part-time staff
5  at various points throughout the life of the case.
6  They were forced to put in extra hours, forgoing other
7  cases, their families, and their own health in order to
8  keep up with the multiplicity of written discovery,
9  three days' of deposition of each plaintiff, and
10 numerous motions, objections, and filings with the
11 court.
12     In fact, this case was a perfect microcosm for
13 exactly why attorneys' fees are awarded in these types
14 of cases: there is an important and fundamental right
15 at stake on the one hand, but the defendant, the party
16 with all the power and all the resources, uses its
17 weight to attempt to overpower and overwhelm a
18 plaintiff litigant into capitulation.  But there was no
19 capitulation here.  So plaintiffs are entitled to
20 recover their fees.

22 DATED: JUNE 19, 2011          /s/ Aldon L. Bolanos, Esq.

24                               ALDON L. BOLANOS, ESQ.
25                               ATTORNEY FOR PLAINTIFFS