JEFFREY L. ADAMS, Bar No. 148393
ANNE-MARIE WAGGONER, Bar No. 267609
TARUN MEHTA, Bar No. 267886
LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard, Suite 600
Walnut Creek, CA 94597
Telephone: 925.932.2468
Facsimile: 925.946.9809
jadams@littler.com
awaggoner@littler.com
tmehta@littler.com

Attorneys for Defendant
R.J. REYNOLDS TOBACCO COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA MCCARTHY, KATHERINE SCHMITT,<br><br>Plaintiffs,<br><br>v.<br><br>R.J. REYNOLDS TOBACCO CO., and DOES 1-10,<br><br>Defendants. | Case No. 09-cv-02495-WBS-DAD<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO STAY ENFORCEMENT OF JUDGMENT PURSUANT TO RULE 62 OF THE FEDERAL RULES OF CIVIL PROCEDURE, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: August 1, 2011<br>Time: 2:00 p.m.<br>Courtroom 5; 14th Floor<br>The Honorable William B. Shubb<br><br>Action Filed: September 4, 2009<br>Trial Date: June 1, 2011 |

TO PLAINTIFFS VICTORIA MCCARTHY AND KATHERINE SCHMITT, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 1, 2011 at 2:00 p.m., in the United States District Court for the Eastern District of California, located at 501 I Street in Sacramento, California, in Courtroom 5, 14th Floor, the Honorable William B. Shubb, presiding, Defendant R.J. Reynolds Tobacco Company ("Defendant") will and hereby does move for an order to stay enforcement of

DEFENDANT'S MOTION TO STAY ENFORCEMENT
OF JUDGMENT PURSUANT TO RULE 62 OF THE
FRCP

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

judgment pursuant to Rule of 62 of the Federal Rules of Procedure, in the above-captioned action, on the following grounds.

## I. INTRODUCTION

Defendant R.J. Reynolds Tobacco Company ("Defendant" or "R.J. Reynolds") moves this Court pursuant to Federal Rule of Civil Procedure 62(b) for a stay of enforcement of the judgment entered in this case on June 14, 2011. (Docket No. 108). Defendant requests that the Court issue a stay of enforcement of judgment because: (1) the award amounted exceeds the statutory cap available under Title VII; and (2) there was insufficient evidence to establish that sexual harassment or retaliation occurred, or that punitive damages were warranted.

## II. ARGUMENT

Federal Rule of Civil Procedure 62(b) provides:

> On appropriate terms of the opposing party's security, the court may stay the execution of a judgment—or any proceedings to enforce it—pending disposition of any of the following motions: (1) under Rule 50, for judgment as a matter of law; . . . (3) under Rule 59, for a new trial or to alter or amend a judgment . . . .

Defendant intends to file both a renewed motion for judgment pursuant to Rule 50(b) and, in the alternative, a motion for a new trial, pursuant to Rule 59, and therefore seeks a stay of enforcement of judgment. *See A.H.D.C. v. City of Fresno*, 2002 U.S. Dist. LEXIS 28471, *30-31 (E.D. Cal. Oct. 17, 2002); *Roman v. Western Mfg.*, 2010 U.S. Dist. LEXIS 120334, *2-3 (W.D. LA Oct. 27, 2010).

In determining whether to issue such a stay, courts consider four factors: (1) the likelihood of success on the merits of the post-trial motions; (2) whether the movant will be irreparably injured absent a stay; (3) whether granting the stay will substantially injure the non-movant; and (4) whether the public interest will be served by granting the stay. *Sabatini v. Its Amore Corp.*, 2009 U.S. Dist. LEXIS 108225, *7-8 (M.D. Pa. Nov. 19, 2009).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT'S MOTION TO STAY
ENFORCEMENT OF JUDGMENT PURSUANT TO
RULE 62 OF THE FRCP

1.

**A. Defendant's Post-Trial Motions Have A Strong Likelihood of Success On The Merits.**

**1. The Jury Verdict and Resulting Judgment Exceeds the Statutory Damages Cap under Title VII.**

Plaintiffs presented two claims to the jury, one for sexual harassment and one for retaliation. Both of these claims were pursued under Title VII of the Civil Rights Act of 1964. Each Plaintiff was awarded $150,000 for compensatory damages, and $250,000 for punitive damages. (Docket No. 107). In other words, each Plaintiff was awarded $400,000 total for compensatory and punitive damages. However, under Title VII, all compensatory and punitive damages for an employer of Defendant's size (over 500 employees) is capped at a total of $300,000. *Hemmings v. Tidyman's, Inc.*, 285 F.3d 1174, 1195 (9th Cir. 2002); 42 U.S.C. § 1981a(b)(3) ("The sum of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages awarded under this section, shall not exceed . . . $300,000.") The Title VII damage caps apply on a per suit, not a per claim, basis. *Baty v. Willamette Indus.*, 172 F.3d 1232, 1245-46 (10th Cir. 1999) (rejecting plaintiff's claim that her sexual harassment and retaliation claims under Title VII should be capped at $300,000 each, as opposed to $300,000 total); *See also*, *Hudson v. Chertoff*, 473 F. Supp. 2d 1286, 1289 (S.D. Fla. 2007) (citing numerous appellate court decisions). Hence, Defendant is likely to prevail in its post-trial motions at the very least to the extent the motions request that the Court modify the judgment to adhere to the statutory caps.

**2. The Court Should Issue a Stay Pending Resolution of the Substantive Issues Raised In Defendant's Post-Trial Motions.**

Defendant is also likely to prevail on the substance of its motion—namely, that judgment should be entered in its favor on Plaintiffs' sexual harassment and retaliation claims. The Court acknowledged that there was limited evidence of sexual harassment, and the Court's Order denying summary judgment expressly found that there was no evidence of "quid-pro-quo" harassment. (Docket No. 59, p. 11.) Despite this finding, *the jury* concluded that there *was* evidence of quid-pro-quo harassment. (Docket No. 107.) The jury verdict expressly found that each Plaintiff

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT'S MOTION TO STAY
ENFORCEMENT OF JUDGMENT PURSUANT TO
RULE 62 OF THE FRCP

2.

"suffered a tangible employment action as a result of the sexual harassment." (Docket No. 107, Question No. 2.) This conclusion is at odds with the Court's holding on this issue, wherein the Court explained at length:

> Plaintiffs seem to argue that Madsen's comments about her employees' relationships, while not conditioning employment benefits on having or not having a sexual relationship with <u>her</u>, did condition employment benefits on having or not having a sexual relationship <u>in general</u>. Even if such conduct could constitute harassment, there is no evidence to support this argument. Madsen appears to have made conversational remarks about the correlation between the quality of employees' work and whether they were in a relationship, but **plaintiffs point to no evidence to indicate that their employment benefits would change based on their relationship status.** (Docket No. 59, at pp. 11-12, n.8.) (emphasis added).[1]

In Defendant's motion for judgment as a matter of law pursuant to Rule 50(a), Defendant, out of an abundance of caution, reasserted that there was no quid-pro-quo harassment, and therefore Plaintiffs' hostile work environment claim was subject to the *Faragher-Ellerth* defense. (Docket No. 95, pp. 6-7.) The Court overruled the motion, and, as a result, the jury was given a verdict form which allowed them to find quid-pro-quo harassment, which they did, in spite of the evidence and Defendant's objections. As the Court record clearly indicates, there is no evidence of quid-pro-quo harassment, just as there was not any when the Court ruled on summary judgment. Defendant will address these issues in its Rule 50(b) renewed motion for judgment as a matter of law, and explain that, because no quid-pro-quo harassment occurred, Defendant's *Faragher-Ellerth* defense precludes a finding of liability against R.J. Reynolds. The Court will, at a minimum, need to address these conflicting findings, and will likely maintain its earlier holding that there was no evidence of any quid-pro-quo harassment. As such, the Court should refrain from enforcing judgment until a ruling is made on the post-trial motions.

Moreover, the Court has acknowledged that there was virtually no evidence of *any* sexual harassment at the close of Plaintiffs evidence. (Tr. 1042:20-1044:7.) When discussing the

---

[1] Though the Court found that there was no quid-pro-quo harassment, the Court's Order did not address Defendant's affirmative defense under *Faragher-Ellerth*. Hence, the post-trial motion shall be the first instance in which the Court addresses this defense. This is yet another reason to stay enforcement of the judgment.

sexual harassment claim, the Court said, "I have a really hard time seeing how the evidence presented even in the light most favorable to the plaintiffs creates a sexually abusive or hostile work environment. I can't see it." (Tr. 1043:24-1044:2.) The Court should grant the stay to resolve the jury's finding of sexual harassment (including quid-pro-quo harassment) with its concerns that no such harassment occurred.

Similarly, there was insufficient evidence to support the jury's award of $250,000 in punitive damages to each Plaintiff. If the Court had "a really hard time seeing how the evidence . . . creates a sexually abusive or hostile work environment," then the Court surely cannot see how Defendant acted in "reckless disregard of Plaintiffs' federally protected rights." *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 534 (1999). As the Supreme Court explained, when an employer has undertaken good faith efforts at Title VII compliance, the employer cannot be said to be acting in reckless disregard of federally-protected rights. *Id.* at 544. In the instant case there is no dispute that in response to Plaintiffs' August 2007 complaints of harassment, the company initiated two division-wide meetings and reprimanded the alleged bad actor, Michelle Madsen. Hence, there was no basis for which the jury could have found punitive damages. The Court should stay enforcement of the judgment while these issues are pending.

Likewise, there is a strong likelihood that there could be a new trial on Plaintiffs' retaliation claims because the jury instructions contained an instruction stating that "sexual orientation" was protected under Title VII, while the Ninth Circuit has held that it is not. *See DeSantis v. Pacivi Telephone & Telegraph Co.*, 608 F.2d 327, 329-30 (9th Cir. 1979).

**B.  Defendant Will Be Irreparably Injured If the Judgment Is Enforced Pending Disposition of Its Post-Trial Motions.**

Plaintiff Victoria McCarthy does not work and has testified that she is unable to work. If the Defendant were to pay the judgment to her, and she was to spend any of the money on necessities, Defendant would have no means of reacquiring the monies paid. In other words, Defendant could not seek to garnish her wages because she has no such wages, nor may she ever have any wages. Plaintiff Katherine Schmitt, while employed, does not earn enough income to repay Defendant for any portion of the amount of the Judgment, either. Similarly, both Plaintiffs—

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT'S MOTION TO STAY ENFORCEMENT OF JUDGMENT PURSUANT TO RULE 62 OF THE FRCP

4.

by receiving $400,000 each—would each be receiving $100,000 in excess of what the statute provides that they are entitled to, even if they are successful upon the conclusion of Defendant's appeals. *See Petties v. District of Columbia*, 227 F.3d 469, 473 (DC Cir. 2000) (in context of awarding prevailing party attorney fees, the Court stated "irreparable injury can be shown only where the party awarded fees will likely be unable to repay the fees if the award is later reduced or overturned.") (internal citations and quotations omitted).

### C. Plaintiffs Will Not Be Substantially Injured If a Stay Is Granted.

Plaintiffs will not be substantially injured because the judgment entitles them to monetary relief only. Plaintiffs initiated this lawsuit in September 2009, and therefore cannot reasonably claim that waiting another few months for these important issues to be decided will substantially injure them. This is because Defendant, unlike either Plaintiff, is certain to be able to pay any judgment affirmed on appeal. *Los Angeles Memorial Coliseum v. NFL*, 634 F.2d 1197, 1202 (9th Cir. 1980).

Moreover, Plaintiffs knowingly took the risk that a post-trial motion would be forthcoming should Plaintiffs be successful on their claims. The Court specifically asked Plaintiffs' counsel whether they wished to include the term "sexual orientation" in jury instruction number 12, regarding categories of protected groups under Title VII. Plaintiffs' counsel stated that he wished for the jury instruction to read that sexual orientation *is* protected under Title VII and that Plaintiffs "would like to take our chances on appeal." (Tr. 1091:2-20.) Having made this conscious decision, Plaintiffs cannot now complain that they will have to wait for the resolution of that issue in the post-trial motions.

### D. The Public Interest Will Be Served by Granting The Stay.

Because Defendant has demonstrated a reasonable likelihood of success on the merits of its post-trial motions, public policy considerations weigh in favor of granting the stay. *SoftMan Prods. Co. v. Adobe Sys.*, 171 F. Supp. 2d 1075, 1093 (C.D. Cal. 2001).

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT'S MOTION TO STAY
ENFORCEMENT OF JUDGMENT PURSUANT TO
RULE 62 OF THE FRCP

5.

## III. CONCLUSION

For the reasons aforementioned, Defendant respectfully requests that this Court issue a stay of enforcement of the judgment in this case pending its resolution of Defendant's post-trial motions.

Dated: June 27, 2011

/s/ *Tarun Mehta*
JEFFREY L. ADAMS
ANNE-MARIE WAGGONER
TARUN MEHTA
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
R.J. REYNOLDS TOBACCO CO.

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT'S MOTION TO STAY
ENFORCEMENT OF JUDGMENT PURSUANT TO     6.
RULE 62 OF THE FRCP