JEFFREY L. ADAMS, Bar No. 148393
ANNE-MARIE WAGGONER, Bar No. 173407
TARUN MEHTA, Bar No. 262886
LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard, Suite 600
Walnut Creek, CA  94597
Telephone:   925.932.2468
jadams@littler.com
awaggoner@littler.com
tmehta@littler.com

Attorneys for Defendant
R.J. REYNOLDS TOBACCO COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| VICTORIA MCCARTHY, KATHERINE SCHMITT, | Case No.  2:09-CV-02495-WBS-DAD |
|---|---|
| Plaintiffs, | **DECLARATION OF TARUN MEHTA IN SUPPORT OF DEFENDANT R.J. REYNOLDS TOBACCO COMPANY'S MOTION TO STAY ENFORCEMENT OF JUDGMENT PURSUANT TO RULE 62 OF THE FEDERAL RULES OF CIVIL PROCEDURE** |
| v. | |
| R.J. REYNOLDS TOBACCO CO., and DOES 1-10, | |
| Defendants. | Date:   August 1, 2011<br>Time:   2:00 p.m.<br>Courtroom 5; 14th Floor<br>The Honorable William B. Shubb |
| | Action Filed: September 4, 2009<br>Trial Date:   June 1, 2011 |

I, TARUN MEHTA, declare:

1.       I am an attorney at law duly licensed to practice before the courts of the State of California.  I am a Shareholder at Littler Mendelson, P.C., attorneys of record for Defendant R. J. Reynolds Tobacco Company ("Defendant") in the above-entitled action.  I make this declaration of my own personal knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.  If called as a witness, I could and would testify competently to the facts stated in this declaration.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DECLARATION OF TARUN MEHTA IN SUPPORT OF
DEFENDANT'S MOTION TO STAY JUDGMENT

1.

1        2.    Attached to my declaration as Exhibit "1" is a true and correct copy of

2   selected pages from the trial transcript taken in the above-entitled action before a duly certified

3   shorthand reporter.

4        I declare under penalty of perjury under the laws of the United States of America that

5   the foregoing is true and correct.

6        Executed on June 27, 2011 at Walnut Creek, California.

7

8                    /s/ *Tarun Mehta*
                 TARUN MEHTA

9

10

11

12

13   Firmwide:102491153.1 006886.1028

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DECLARATION OF TARUN MEHTA IN SUPPORT OF
DEFENDANT'S MOTION TO STAY JUDGMENT     2.

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

---oOo---

BEFORE THE HONORABLE WILLIAM B. SHUBB, JUDGE

---oOo---

VICTORIA MC CARTHY,
KATHERINE SCHMITT,

        Plaintiffs,

vs.                                No. Civ.S-09-2495

R.J. REYNOLDS TOBACCO CO.,
and DOES 1-10,

        Defendants.

_____/


---oOo---

REPORTER'S TRANSCRIPT

JURY TRIAL

VOLUME 5

THURSDAY, JUNE 9, 2011

---oOo---


Reported by:    KATHY L. SWINHART, CSR #10150

                    KELLY O'HALLORAN, CSR #6660

1   we know that they sell tobacco products.  That's in evidence.

2   I think that's enough.  If the award turns out to be too much

3   based upon the evidence of the financial condition, that's

4   another story.

5        All right.  Now, other than that, is there anything

6   else that wasn't raised in the motion for summary judgment?

7        MR. MEHTA:  Well, a lot of these issues weren't raised

8   because a large part of the opposition to summary judgment

9   was based on evidence that would have been presented in

10  court, particularly testimony of someone named Jared LaLonde.

11  Now we've actually had trial, the plaintiffs have rested,

12  their evidence is closed --

13       THE COURT:  I never paid any attention to the

14  testimony of Jared LaLonde anyway.  I didn't even think it

15  was relevant.  Did I even refer to it in my order?

16       MR. MEHTA:  It was referred to in the order.

17       THE COURT:  What did I say about it?

18       MR. MEHTA:  That I can't recall off the top of my

19  head.

20       THE COURT:  All right.  Well, I think for the reasons

21  stated by the Court in its order denying the motion for

22  summary judgment that the Rule 50 motion will be denied.  And

23  I must tell you that I think if you take the evidence in the

24  light most favorable to the plaintiffs, the retaliation claim

25  should clearly go to the jury.  But the sexual harassment

```
 1   claim is something that I struggled with.  And I will be
 2   candid with you.  I had an order written up that granted the
 3   motion with regard to the sexual harassment claim but denied
 4   it with regard to the retaliation.  But I got to thinking
 5   about it, and I thought that since the retaliation claim has
 6   to go to the jury, it's going to be impossible for the Court
 7   to separate the evidence that would relate to the harassment
 8   claim from the evidence that would relate to the retaliation
 9   claim, and it would create a more confusing, longer trial
10   than if we just went to trial on the harassment and the
11   retaliation.
12        And I thought further that these cases were meant to
13   go to the jury.  I'm looking at the instructions here that
14   I'm going to give you in a few minutes.  On the harassment
15   claim, the plaintiff has to prove that she was subjected to
16   sexual harassment in the form of sexual advances, requests
17   for sexual conduct, or other verbal or physical conduct of a
18   sexual nature by a supervisor; that the conduct was because
19   she was a female; that it was unwelcome; that it was
20   sufficiently severe or pervasive to alter the conditions of
21   the plaintiff's employment; and create a sexually abusive or
22   hostile work environment; and that a reasonable woman in her
23   circumstances would consider the working environment to be
24   sexually abusive or hostile.  And I just have a really hard
25   time seeing how the evidence presented even in the light most
```

1044

1    favorable to the plaintiffs creates a sexually abusive or

2    hostile work environment.  I can't see it.  But I am not a

3    woman, and I was raised in a different time.  What was

4    commonplace when I was a young man in the workforce may not

5    be what is acceptable today.  What is acceptable to men may

6    not be acceptable to women.  And I just thought it's better

7    to leave it to the jury.

8        You've got nine women on the jury.  They're in a

9    better position to know what a reasonable woman in the

10    plaintiffs' circumstances would consider to be sexually

11    abusive or hostile.  I don't have any special training in

12    that.  I'm the last person that ought to know the answer to

13    that question.  And so I still think it's better to leave

14    that up to the jury.  So I'm going to deny the motion under

15    Rule 50.

16        Now, I've got some instructions.  I didn't know until

17    this last witness got on whether we were going to have expert

18    witness testimony so I have to make sure I've got that in

19    there.  But I've got a draft of the jury instructions, which

20    if you'll just give me a couple of minutes, I'll get

21    finalized and get back to you, and then you can have them to

22    look at overnight.  If you still want to talk about jury

23    instructions tomorrow and make your arguments, I'll be

24    available on that schedule.  So just wait, and I'll get you

25    the instructions.

1       I certify that the foregoing is a correct transcript

2 from the record of proceedings in the above-entitled matter.

3

4

5                   /s/ Kelly O'Halloran

6                   KELLY O'HALLORAN, CSR #6660

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

KELLY O'HALLORAN, OFFICIAL COURT REPORTER, USDC -- (916) 448-2712

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

---oOo---

BEFORE THE HONORABLE WILLIAM B. SHUBB, JUDGE

---oOo---

VICTORIA MC CARTHY,
KATHERINE SCHMITT,

       Plaintiffs,

vs.                          No. Civ.S-09-2495

R.J. REYNOLDS TOBACCO CO.,
and DOES 1-10,

       Defendants.

_____/

---oOo---

REPORTER'S TRANSCRIPT

JURY TRIAL

VOLUME 6

FRIDAY, JUNE 10, 2011

---oOo---

Reported by:    KATHY L. SWINHART, CSR #10150

                  KELLY O'HALLORAN, CSR #6660

1  and it chose to exclude sexual orientation.

2        THE COURT:  I can do it two ways here, Mr. Mehta, I

3  can lump race, age, sex, sexual orientation all together in

4  one instruction and one sentence, as I have in this proposed

5  jury instruction, in which case if Mr. Mehta is right, then

6  I've committed error.

7        On the other hand, Mr. Bolanos, if you just wanted to

8  go on the theory that they were retaliated against for

9  complaining about a hostile work environment based on sex,

10  then you'd be covered, and I'm not committing the error that

11  Mr. Mehta is complaining about.

12        So would you rather than have them lumped together and

13  then, if he's right, I've committed error; or would you rather

14  just take out sexual orientation and make your argument based

15  on the fact that they were complaining about sex

16  discrimination or harassment?

17        MR. BOLANOS:  We would rather they remain together.

18  The term sexual orientation is rather new in the lexicon of

19  the English language and the courts, and we would take our

20  chances on appeal.

21        THE COURT:  All right.  That's what I'm going to do.

22  I think that ultimately by the time the matter gets squarely

23  presented to the Ninth Circuit, sexual orientation is going to

24  be included.

25        MR. MEHTA:  Okay.  We obviously object to that, and I

KATHY L. SWINHART, OFFICIAL COURT REPORTER, USDC -- (916) 446-1347

1          I certify that the foregoing is a correct transcript

2     from the record of proceedings in the above-entitled matter.

3

4
                    /s/ Kathy L. Swinhart
5                   KATHY L. SWINHART, CSR #10150

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25