JEFFREY L. ADAMS, Bar No. 148393
ANNE-MARIE WAGGONER, Bar No. 267609
TARUN MEHTA, Bar No. 267886
LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard, Suite 600
Walnut Creek, CA  94597
Telephone:   925.932.2468
Facsimile:    925.946.9809

Attorneys for Defendant
R.J. REYNOLDS TOBACCO COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA MCCARTHY, KATHERINE SCHMITT, <br><br> Plaintiffs, <br><br> v. <br><br> R.J. REYNOLDS TOBACCO CO., and DOES 1-10, <br><br> Defendants. | Case No.  09-cv-02495-WBS-DAD <br><br> **DEFENDANT R.J. REYNOLDS TOBACCO COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY'S FEES** <br><br> Date:   August 1, 2011 <br> Time:  2:00 p.m. <br> Courtroom 5; 14th Floor <br> The Honorable William B. Shubb <br><br> Action Filed: September 4, 2009 <br> Trial Date:    June 1, 2011 |

Defendant R.J. Reynolds Tobacco Company ("Defendant") respectfully submits this opposition to Plaintiffs' motion for attorney's fees.

## I.   INTRODUCTION

While Defendant does not object to the hourly rate charged by Plaintiffs' counsel, nor to the award of an appropriate sum for attorney's fees incurred in prosecution of Plaintiffs' Title VII claims, Defendant does object to the extent that the attorney's fees claimed were incurred in the unsuccessful prosecution of Plaintiffs' Second Cause of Action for disability discrimination and related claims in violation of the California Fair Employment and Housing Act and Third Cause of

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

1.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

Action for tortious adverse employment action. Likewise, Defendant requests that the Court hold its ruling on the motion for attorney's fees in abeyance until it rules on Defendant's post-trial motions. Finally, Defendant reserves the right to recover any attorney's fees should Defendant be successful on its post-trial motions or any appeal(s).

## II.  ARGUMENT

Plaintiffs filed a four-count Complaint, divided into three causes of action, against Defendant: two claims under Title VII (First Cause of Action for sexual harassment and retaliation), and one claim for disability discrimination under the Fair Employment and Housing Act (Second Cause of Action), and one claim for tortious adverse employment action (Third Cause of Action). Defendant obtained summary judgment on Plaintiffs' Second Cause of Action under the Fair Employment and Housing Act. (Docket No. 59.) Likewise, Plaintiffs withdrew their Third Cause of Action for tortious adverse employment action prior to submission of the case to the jury.

Accordingly, to the extent that the attorney's fees requested include fees incurred on those causes of action, those fees should be stricken because Plaintiffs were not "prevailing parties" on those claims, and those claims were unrelated to the sexual harassment and retaliation claims. *See Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001); *Fine v. Ryan Int'l Airlines*, 305 F.3d 746, 756-57 (7th Cir. 2002). Where a party prevails on some claims but not on other, unrelated claims, that party cannot recover fees incurred on the unrelated claims. *El-Hakem v. BJY Inc.*, 415 F.3d 1068, 1075-76 (9th Cir. 2005); *Schwarz v. Secretary of Health & Human Services*, 73 F.3d 895, 902, 905 (9th Cir. 1995) (fees apportioned between successful and unsuccessful claims); *Mateyko v. Felix*, 924 F.2d 824, 828 (9th Cir. 1990); *Harris v. Marhoefer*, 24 F.3d 16, 18-19 (9th Cir. 1990) (affirming the district court's use of a flat 50% reduction to a merits fees award, which was based in part on "the number of claims prevailed upon versus the number of claims dismissed or decided in defendant's favor.").

### A.  The Second Cause of Action For Disability Discrimination Is Unrelated To The Claims For Sexual Harassment and Retaliation.

The Second Cause of Action for disability discrimination under the FEHA is unrelated to a claim for sexual harassment and retaliation because the elements for these causes of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT'S OPPOSITION TO PLAINTIFFS'
MOTION FOR ATTORNEY'S FEES

2.

action are fundamentally different. The *prima facie* elements to a disability discrimination claim are: (1) Plaintiffs suffered from a disability; (2) Plaintiffs could perform the essential duties of the job with or without accommodations (i.e., they were "qualified individuals"); and (3) they suffered an adverse employment action because of their disability. (Docket No. 59, pp. 18-19.) (and cases cited therein). To establish a failure to accommodate claim under the FEHA, Plaintiffs were required to establish the same first two elements of their disability discrimination claim, and also that the employer failed to accommodate their disability. (Id.) Needless to say, their causes of action for disability discrimination and failure to accommodate a disability under the FEHA bear no resemblance to their claims for sexual harassment and retaliation under Title VII. As such, Plaintiffs should not be awarded any attorney's fees for time spent prosecuting the Second Cause of Action. *Harris*, 24 F.3d at 18-19.

### B. The Third Cause of Action Is Unrelated To The Claims For Sexual Harassment and Retaliation.

Likewise, in their Third Cause of Action for Tortious Adverse Employment Action in Violation of Public Policy, Plaintiffs alleged disability discrimination, and that Defendant violated California Labor Code § 1102.5(c), which prohibits employers from retaliating against an employee "for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation." (Docket No. 59, p. 24, n.14.) As with their claims of FEHA disability discrimination and failure to accommodate, this claim is unrelated to their Title VII claims for sexual harassment and retaliation. Therefore, Plaintiffs should not be awarded any attorney's fees for time spent prosecuting the Third Cause of Action to the extent it was predicated upon California Labor Code § 1102.5(c). *Harris*, 24 F.3d at 18-19.

### C. The Court Should Stay Its Ruling on Plaintiffs' Motion Until It Rules on Defendant's Post-Trial Motions.

Defendant requests that this Court hold its ruling on the motion for attorney's fees in abeyance until the Court rules on Defendant's post-trial motions. *See Petties v. District of Columbia*, 227 F.3d 469, 473 (DC Cir. 2000). Defendant also objects to any fees requested to the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

3.

extent Defendant is successful on all or any of its post-trial motions or appeal(s). Defendant reserves the right to seek redress and obtain any and all fees ordered to be paid to Plaintiffs' counsel should any fees be paid and Defendant is later successful in its post-trial motions or appeal(s).

## III.   CONCLUSION

For the foregoing reasons, Defendant requests that this Court reduce the total amount of attorney's fees by denying fees that were accumulated in prosecution of the Second and Third Causes of Action that were unrelated to the Title VII sexual harassment and retaliation claims. Defendant also requests that the Court stay any ruling on Plaintiffs' motion for attorney's fees until the Court rules on Defendant's post-trial motions. Likewise, should Defendant be ordered to pay any attorney's fees and is later successful in either its post-trial motions or any appeal(s), Defendant reserves the right to seek redress against Plaintiffs for said fees.

Dated: July 18, 2011                        Respectfully submitted

                                                  /s/ Anne-Marie Waggoner
JEFFREY L. ADAMS
ANNE-MARIE WAGGONER
TARUN MEHTA
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
R.J. REYNOLDS TOBACCO COMPANY

Firmwide:102551947.1 006886.1028

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEY'S FEES        4.