1
2
3
4

Aldon L. Bolanos, Esq., SBN. 233915
Law Offices of Aldon Bolanos
925 "G" Street
Sacramento, CA 95814
PH.  916.446.2800
Fx.  916.446.2828
www.aldonlaw.com

5

Attorney for Plaintiffs V. McCarthy and K. Schmitt

6

7

UNITED STATES DISTRICT COURT

8

EASTERN DISTRICT OF CALIFORNIA

9

10

11   Victoria McCarthy, Katherine
     Schmitt,

Case No.  2:09-CV-02495-WBS-DAD

12

13                Plaintiffs,

**Opposition to Ex Parte Application**

14                   vs.

15   R.J. Reynolds Tobacco Co., DOES
     1-10,

16

17   Defendants.

18

19

20       The defense seems to think only of its own

21   schedule, and its own motion(s), and never anything

22   else.  First it noticed a motion for stay to be heard

23   August 1st, then it moved ex parte to have that motion

24   heard on shortened time.  After using the ex parte

25   application as leverage for a stipulation to stay the

26   case, the defense now wants to re-calendar plaintiff's

27   motion merely because the defense motion is now off-

28   calendar.

1

1        Also notable is the calculated timing of these

2   maneuverings.  The ex parte request to stay the case

3   came only after plaintiffs prepared full briefs on that

4   motion and timely filed them.  Could the ex parte

5   application have not been brought sooner?  Now this ex

6   parte is brought only after plaintiffs labored to

7   prepare a timely reply, and only after plaintiffs set

8   their summer vacation schedules to attend hearings on

9   August 1st.  Again, could the defense have not brought

10  this matter to the court's attention sooner, so as to

11  avoid these hasty correspondences?  As it stands this

12  brief is being written from a Tahoe City library!

13       Plaintiffs are prevailing parties and entitled to

14  be heard on the day their motion was noticed.  Indeed,

15  plaintiffs are prejudiced by further continuances on

16  their motion for statutory fees and costs because after

17  three years of unpaid litigation, any award of fees and

18  costs are crucial to fund the expense of post-trial and

19  appellate advocacy for civil rights plaintiffs.  From

20  this perspective, the defense application to continue

21  this hearing could legitimately be viewed as a delay

22  tactic, designed to "starve out" the plaintiffs and

23  force their capitulation on appeal or in negotiations

24  to resolve the case for less than the jury verdict.

25

26

27

28       ///

1      Such a result is counter to the letter and spirit

2  of Title VII, and this court should decline such an

3  invitation to do material harm to the plaintiffs.

4      Respectfully submitted,

5

DATED: JUNE 26, 2011          */s/ Aldon L. Bolanos, Esq.*

6

7

8                              ALDON L. BOLANOS, ESQ.
                               ATTORNEY FOR PLAINTIFFS

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28