Aldon L. Bolanos, Esq., SBN. 233915
Law Offices of Aldon Bolanos
925 "G" Street
Sacramento, CA 95814
Ph. 916.446.2800
Fx. 916.446.2828
www.aldonlaw.com

Attorney for Plaintiffs V. McCarthy and K. Schmitt

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Victoria McCarthy, Katherine Schmitt,<br><br>         Plaintiffs,<br><br>     vs.<br><br>R.J. Reynolds Tobacco Co., DOES 1-10,<br><br>Defendants. | Case No.  2:09-CV-02495-WBS-DAD<br><br>NOTICE OF MOTION AND MOTION FOR STATUTORY ATTORNEYS' FEES INCURRED AFTER TRIAL AND COSTS<br><br>Date: October 11, 2011<br>Time: 02:00 p.m.<br>Ctrm: 05<br><br>**Hon. William B. Schubb** |

    TO THE HONORABLE COURT AND DEFENDANT R.J. REYNOLDS TOBACCO COMPANY AND ITS ATTORNEYS OF RECORD:

    NOTICE IS HEREBY GIVEN that prevailing Plaintiffs Victoria McCarthy and Katherine Schmitt will and hereby do bring a motion for statutory attorneys' fees incurred after trial in this matter, and for costs incurred.  The motion will come on for hearing on October 11, 2011, at 02:00 p.m., in Courtroom 5 of the United States District Court, Eastern District of

1

1  California, Sacramento Division, located at 501 "I"
2  Street, Sacramento, California 95814.  The motion will
3  be based on 42 USC section 1988 and the accompanying
4  memorandum of points and authorities, as well as the
5  declarations of Aldon L. Bolanos, Esq., and Curt W.
6  Molloy, Esq.
7       On this basis, plaintiffs respectfully request a
8  court order to pay fees incurred after trial in this
9  matter, as well as costs incurred in this matter, in
10 the amount of $68,210.00.

12 Dated: September 09, 2011    /s/ Aldon L. Bolanos, Esq.
13                              ALDON L. BOLANOS, ESQ.
14                              ATTORNEY FOR PLAINTIFFS

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1.  Introduction**

On June 14, 2011, the Court entered a judgment against defendant R.J. Reynolds and in favor of plaintiffs Victoria McCarthy and Katherine Schmitt on their federal claims for hostile work environment sex harassment and retaliation under Title VII of the Civil Rights Act of 1964.  Said judgment made Ms. McCarthy and Ms. Schmitt both "prevailing parties" under the Civil Rights Attorneys' Fees Awards Act of 1976, codified as 42 USC section 1988.

As prevailing parties, plaintiffs did bring a timely motion for attorneys' fees incurred in prosecution of the civil rights suit and said motion was heard by the court on August 1, 2011.

However, at the same time, R.J. Reynolds launched an assault on the judgment, claiming it was unsupported by the evidence and demanding a new trial, and further demanding that the judgment against it be stayed immediately.

The defense motion was heard by this court on August 29, 2011.  The motion was denied on September 8, 2011.  Therefore, as prevailing parties the plaintiffs are entitled to an award of reasonable attorneys' fees incurred in defending the judgment against post-trial attack.  Plaintiffs are also entitled to recover costs incurred in this suit, a precise calculation of which

1  could not take place until after all post-trial motions
2  had been adjudicated.
3     Notably, the defense did seek to amend the
4  judgment to reduce it to statutory caps on compensatory
5  and punitive damages.  Plaintiff resisted this effort,
6  but ultimately the court found that the judgment should
7  be so amended.  Therefore, no fees or costs incurred by
8  plaintiffs in opposing or resisting RJR's effort to
9  amend the judgment are being sought by this motion.
10    That said, plaintiffs herein move the court for an
11 award of fees and costs incurred in the amount of
12 AMOUNT.
13
14 **2.   Lodestar**
15    The Ninth Circuit has held that a prevailing civil
16 rights plaintiff should generally recover her
17 attorneys' fees unless special circumstances would
18 render an award unjust.  Vernon v. City of Los Angeles,
19 (9th Cir. 1994) 27 F. 3d 1385, 1402.  In exercising its
20 discretion under section 1988, the Court calculates
21 using the "lodestar" method, in which the number of
22 hours reasonably expended in the litigation is
23 multiplied by the reasonably hourly rate charged.
24 Ferland v. Conrad Credit Corp., (9th Cir. 1996) 96 F. 3d
25 359, 363.  This figure is then a presumptively
26 reasonable fee award.  Id.
27
28

**3. Reasonable Hourly Rate**

The first step in the Court's analysis is to determine the reasonableness of the prevailing party's attorney's rates. In determining reasonableness, the court is guided by the customary billing rates of the attorneys, as well as by the prevailing rate charged by other attorneys of similar skill and experience for comparable legal services in the community. Blum v. Stetson, (1984) 465 U.S. 886, 895.

To this end, the fee applicant bears the burden of producing satisfactory evidence that the requested rates are consistent with the rates charged by other lawyers in the community who have similar skill and reputation. Id. At 895. "Affidavits of plaintiff's attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiff's attorney, are satisfactory evidence of the prevailing market rate." United Steelworkers of America v. Phelps Dodge Corp., (9th Cir. 1990) 896 F. 2d 403, 407, *see also* Davis v. City and County of San Francisco, (9th Cir. 1992) 976 F. 2d 1536, 1547.

Here, because the case was litigated in the United States District Court, Eastern District of California, in the County of Sacramento, by a trial team based in Downtown Sacramento, the relevant legal community for determining reasonableness is the Sacramento legal community.

1  The trial attorney, Aldon L. Bolanos, Esq., has
2  already briefed the court on his extensive record of
3  distinguished service to the cause of civil rights in
4  the great State of California and will therefore will
5  not belabor the point here.  Additionally, based on the
6  custom and practice in the Eastern District, his
7  reasonable rate is $300.00 per hour.
8  Curtis W. Molloy, Esq., is a highly experienced
9  litigator brought in specifically to assist Mr. Bolanos
10 in defending the judgment against post-trial attack by
11 R.J. Reynolds.  He has been practicing law for fourteen
12 years in the State of California, and is also licensed
13 in Texas.  His most recent experience was with one of
14 the state's largest litigation firms, Lewis Brisbois
15 Bisgaard and Smith, where he distinguished himself as
16 the lead litigator on a massive water pollution lawsuit
17 in the Central Valley.  Accordingly, and as further set
18 forth in his accompanying declaration, his reasonable
19 hourly rate is $300.00.

21 **4.  Hours Expended In This Case As a Lodestar**
22 Plaintiffs also bear the burden of proving the
23 reasonableness of the number of hours expended.  *See*
24 *Hensley*, 461 U.S. at 437, ("The fee applicant bears the
25 burden of establishing entitlement to an award and
26 documenting the appropriate hours expended…").  To this
27 end, there is a "strong presumption" that the total
28 lodestar value, as the "guiding light of…fee shifting

jurisprudence," represents the "reasonable amount of attorneys' fees." City of Burlington v. Dague, (1992) 505 U.S. 557, 562.

Here, Mr. Bolanos and Mr. Molloy kept exacting time records of all actions taken post-trial in this case. The method of keeping track of time, as more fully set forth in the concurrently-filed declarations, is by a Microsoft Word document, which is opened and revised each day to reflect the date, the case name, and the services rendered and/or tasks performed. This time is kept for two important purposes: 1) to track legal services rendered to clients making hourly payments on a monthly basis; and 2) in the event a fee-shifting case does go to trial, and the plaintiffs prevail, there is an accurate and contemporaneous record of time.

A third consideration for keeping time on civil rights cases, which are generally prosecuted on a contingency basis (after all, the people have for the most part lost their jobs and are having enough trouble with meeting the cots for the necessities of life) is to facilitate settlement, as it permits the parties an accurate snapshot of potential liability prior to trial, such that it gives defendants a rational basis for resolving a case.

For this motion, the time entries have been "cut and pasted" from the original billing document, which is over 100 pages long and contains billing for all

clients going back to the inception of the Law Offices of Aldon Bolanos.  Then the entries have been attached to the Declarations of Bolanos and Molloy.  They are true and accurate and depict time actually and reasonably spent on this case and are the result of reasonable billing judgment.

**5.   Conclusion**

A second attorneys' fees award for fees incurred after the case was tried by the jury is just and proper because this case vindicated important and fundamental civil rights regarding the freedom to be free from harassment and retaliation in the workplace.  The defense has engaged in vigorous law and motion practice after the trial, necessitating extensive attention to the multiple complex legal arguments advanced in order to protect the judgment.  Traditional notions of justice and fairness, and federal statutory and case authority, all militate in favor of granting this motion and awarding the fees and costs requested.

In fact, this case was a perfect microcosm for exactly why attorneys' fees are awarded in these types of cases: there is an important and fundamental right at stake on the one hand, but the defendant, the party with all the power and all the resources, uses its weight to attempt to overpower and overwhelm a plaintiff litigant into capitulation.  But there was no capitulation here.  So plaintiffs are entitled to

recover their fees and costs incurred in the amount of **$68,210.00.**

Dated: September 09, 2011   */s/ Aldon L. Bolanos, Esq.*

                                    ALDON L. BOLANOS, ESQ.
                                    ATTORNEY FOR PLAINTIFFS