UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| VICTORIA McCARTHY, KATHERINE SCHMITT, | NO. CIV. 2:09-2495 WBS DAD |
| Plaintiffs, | MEMORANDUM AND ORDER RE: MOTION FOR ATTORNEY'S FEES |
| v. | |
| R.J. REYNOLDS TOBACCO CO., and DOES 1-10, | |
| Defendants. | |

----oo0oo----

Plaintiffs Victoria McCarthy and Katherine Schmitt brought this action against their former employer, defendant R.J. Reynolds Tobacco Co., alleging claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2, 2000e-3, for sexual harassment and retaliation, under California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940, for disability discrimination and failure to accommodate, and for tortious adverse employment actions in violation of public policy. Following entry of judgment pursuant to a jury verdict

1

in plaintiffs' favor on their Title VII claims for a total of $800,000.00, including $500,000.00 in punitive damages, plaintiffs now move for attorney's fees.

Title VII provides for reasonable attorney's fees to a prevailing party. See 42 U.S.C. § 2000e-5(k); see also Cal. Gov't Code § 12965 (FEHA attorney's fees provision). "Because the provision for attorney's fees in [42 U.S.C. § 1988] was patterned upon the fee provision in 42 U.S.C. § 2000e-5(k), standards for an award of fees under section 1988 are the same as those under section 2000e-5(k)." Proctor v. Consolidated Freightways Corp. of Del., 795 F.2d 1472, 1478 (9th Cir. 1986).

To determine reasonable attorney's fees, the court must first calculate the lodestar by taking the number of hours reasonably expended by the litigation and multiplying it by a reasonable hourly rate. Fisher v. SJB-P.D. Inc., 214 F.3d 1115, 1119 (9th Cir. 2000) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). Except as discussed in section II below, the court finds the number of hours spent here to be reasonable. A reasonable rate is typically based upon the prevailing market rate in the community for "similar work performed by attorneys of comparable skill, experience, and reputation." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986); see also Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984) ("[T]he burden is on the fee applicant to produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the community.").

    I.    Reasonable Hourly Rate

Plaintiffs request the court to award $375.00 as a

2

reasonable hourly rate for plaintiffs' counsel, Aldon L. Bolanos, and $75.00 as a reasonable hourly rate for counsel's law clerk, Roger Kosla. The court finds the law clerk's hourly rate of $75.00 to be reasonable. See Yeager v. Bowlin, No. Civ. 2:08-102 WBS JFM, 2010 WL 2303273, at *6 (E.D. Cal. June 7, 2010) ("[T]he paralegal rate 'favored in this district' is $75 per hour."). However, for Mr. Bolanos's hourly rate, plaintiffs have failed to meet their burden of establishing a prevailing market rate in the community for "similar work performed by attorneys of comparable skill, experience, and reputation." Chalmers, 796 F.2d at 1210; see Blum, 465 U.S. at 896 n.11.

The declarations submitted in other cases that plaintiffs have filed with this court do not assist plaintiffs. First, in Millard v. Poswall, No. Civ. 2:03-01467 WBS GGH, slip op. (E.D. Cal. Apr. 6, 2005), an Americans with Disabilities Act of 1990 case, and in the related cases, this court used hourly rates of $250 and $225. Second, in Taylor v. Chaing, the court used a $335 hourly rate. No. Civ. 2:01-2407 JAM GGH, 2009 WL 453050, at *11 (E.D. Cal. Feb. 23, 2009), adopted by No. Civ. 2:01-2407 JAM GGH, 2009 WL 1119390 (E.D. Cal. Apr. 24, 2009), aff'd by 405 F. App'x 167 (9th Cir. 2010). Taylor was a highly publicized case involving California's escheat system and did not involve employment discrimination or personal injury. Third, in Cosby v. Autozone, Inc., No. Civ. 2:08-505 LKK DAD 2011 WL 445088 (E.D. Cal. Feb. 8, 2011), an employment discrimination case, the court stayed the motion for attorney's fees pending appeal, which was recently decided. See Cosby v. Autozone, Inc., No. 10-16189, 2011 WL 3267704 (9th Cir. Aug. 1, 2011) (reversing on the issue

3

of damages).

This court recognizes that some courts have used hourly rates in excess of $300. See, e.g., Cosby No. Civ. 2:08-505 LKK DAD, 2010 WL 5232992 (E.D. Cal. Dec. 16, 2010) (previous order in Cosby setting forth method of calculation in which court stated that it would use an hourly rate of $375, reducing the hourly rate of the attorneys who assisted lead counsel to the rate billed by lead counsel); Beecham v. City of W. Sacramento, No. Civ. 2:07-1115 JAM EFB, 2009 WL 3824793, at *4 (E.D. Cal. Nov. 16, 2009) ($375 hourly rate in a case involving excessive force and false arrest claims); Alaniz v. Robert M. Peppercorn, M.D., Inc., No. Civ. 2:05-02576, 2008 WL 5000191, at *3 (E.D. Cal. Nov. 21, 2008) ($275 and $350 hourly rates in Title VII case); cf. Jadwin v. Cnty. of Kern, 767 F. Supp. 2d 1069, 1130-31 (E.D. Cal. 2011) (Wanger, J.) ($275 and $350 hourly rates for Fresno community in employment discrimination case).

However, plaintiffs have failed to demonstrate that Mr. Bolanos possesses comparable skill, experience, and reputation to the attorneys in the above cases. Plaintiffs' counsel has "a relatively short career of seven years[] practicing law," (Pls.' Mot. at 5:9-10 (Docket No. 109)), and appears to have had minimal trial experience as either lead or co-counsel. The legal briefs submitted by plaintiffs' counsel did not demonstrate a particularly high level of expertise, and his degree of preparation did not demonstrate any particular intensity or

comprehensiveness.[1]

---

[1] Without unnecessarily going into extensive detail, a brief history of Mr. Bolanos' performance in this action might shed light on the reasons for the court's refusal to award fees at the requested rate of $375 per hour. In response to defendant's motion for summary judgment, Mr. Bolanos filed a six-page opposition one day late, and then asked for additional time to file a more complete opposition, which the court granted. (Docket Nos. 23, 28, 31.) He did not propound any discovery, instead relying solely on defendant's depositions of plaintiffs in his opposition to the summary judgment motion. At the hearing on the motion, after the discovery period had closed, Mr. Bolanos asked the court for leave to conduct discovery in order to present evidence responsive to defendant's evidentiary objections. The court granted leave to conduct three limited depositions. (Docket No. 44.) Mr. Bolanos ultimately conducted only one of his proposed depositions. (Docket No. 51.)

Contrary to Federal Rule of Civil Procedure 26(a)(1), Mr. Bolanos failed to provide defendant with initial disclosures. Instead, he simply told defendant that over two thousand pages of documents in several banker's boxes were available for defendant to copy. As a result of this failure to disclose, defendant requested that the court prevent plaintiffs from presenting any witnesses or evidence at trial, as was within the court's discretion. See Fed. R. Civ. P. 37(c)(1). The court denied defendant's request and allowed Mr. Bolanos to call the plaintiffs and one other witness at trial. (Docket No. 60.) Mr. Bolanos ultimately called the two plaintiffs but not the other witness at trial.

Mr. Bolanos filed his pretrial statement ten days late, (Docket No. 56), his proposed voir dire three days late, (Docket No. 72), and his trial brief seven days late. (Docket No. 84.) During the trial, when settling jury instructions, Mr. Bolanos held himself out as an expert on the issue of sexual orientation discrimination. He stated to the court that Title VII prohibits discrimination on the basis of "sex or gender." In fact, Title VII mentions only sex, not gender. See 42 U.S.C. § 2000e-2(a).

After trial, Mr. Bolanos sought a postponement of defendant's post-trial motion and an opportunity to file a second opposition on the ground that defendant had cited two LexisNexis cases in its memorandum of points and authorities and Mr. Bolanos does not have a subscription to LexisNexis. (Docket No. 140.) The court denied Mr. Bolanos's request and provided him with four suggestions for ways in which he could have found the cases. (Docket No. 142.) His opposition also complained that "[t]hickening the plot, the defense motion contains an asterisk (*) next to these two cases as if to denote some additional reference. . . . Plaintiffs request the Court consider sua sponte Rule 11 sanctions for this apparent bad faith." (Pls.' Opp'n to Def.'s Mot. for New Trial at 14 n.4 (Docket No. 139).) That argument reflected a complete lack of understanding of the citation rules regarding unpublished cases, which state that

5

Accordingly, the court finds that an hourly rate of **$285.00** is a reasonable hourly rate under the circumstances of this case. See O'Quinn v. Raley's, No. Civ. 2:02-0308 MCE KJM, 2008 WL 3889573, at *2 (E.D. Cal. Aug. 19, 2008) ($250 in Title VII case); cf. Riker v. Distillery, No. 2:08-cv-00450 MCE JFM, 2009 WL 4269466, at *2 (E.D. Cal. Nov. 25, 2009) ("Courts within the Eastern District have repeatedly capped the award of a reasonable fee for an experienced ADA attorney at $250.00 per hour."); Davis v. Sundance Apartments, No. Civ. 2:07-1922, 2008 WL 3166479, at *4 (E.D. Cal. Aug. 05, 2008) ("[A]fter consideration of Mr. Fagan's eighteen years of experience, the last ten of which have been devoted exclusively to fair housing discrimination claims, and similar cases decided in this district, the court finds that $275.00 per hour is a reasonable hourly rate in this case."). The two factors which cause the court not to assess a lower rate are the undeniably successful result Mr. Bolanos achieved in this case and defendant's apparent lack of any vigorous opposition to the hourly rate proposed.

## II. Partial or Limited Success

The remaining issue is the effect of plaintiffs' failure to succeed on the FEHA and tort claims. "[T]he extent of a plaintiff's success is a crucial factor in determining the

---

"page numbers, if the database assigns them, should be preceded by an asterisk." See The Bluebook: A Uniform System of Citation R. 10.8.1(a), at 104 (Columbia Law Review Ass'n et al. eds., 19th ed. 2010).

In short, Mr. Bolanos' repeated failure to comply with the Local Rules and this court's orders could have resulted in this case being dismissed or plaintiffs being required to proceed to trial without the ability to call witnesses or present evidence.

6

proper amount of an award of attorney's fees under 42 U.S.C. § 1988." Hensley, 461 U.S. at 440. Attorney's time spent on the unsuccessful state law claims will not be disallowed if the same time would have been spent on the successful federal claim. Conversely, time spent on the unsuccessful claims which could not reasonably be expected to be spent on the successful claims should not be allowed. See Schwarz v. Sec. of Health & Human Servs., 73 F.3d 895, 904 (9th Cir. 1995) ("Once a district court concludes that a plaintiff has pursued unsuccessful claims that are unrelated to the successful claim, its task is to exclude from the calculation of a reasonable fee all hours spent litigating the unsuccessful claims."). But cf. Thomas v. City of Tacoma, 410 F.3d 644, 649 (9th Cir. 2005) ("However, a determination that certain claims are not related does not automatically bar an award of attorney's fees associated with those unrelated claims; work performed in pursuit of the unrelated claims may be inseparable from that performed in furtherance of the related or successful claims.").

Here, plaintiffs have identified 10.7 hours that were spent on the unsuccessful claims that were not necessary for plaintiffs' counsel to spend on the successful claims. The court will eliminate these hours from the calculation. Otherwise, the parties have not pointed to any time spent on the unsuccessful claims which would not have been spent on the successful claim.

Accordingly, the court will award fees for **489.3 hours** at an hourly rate of **$285** for plaintiffs' counsel, totaling **$139,450.50.** The court will award fees for **110.5 hours** at an hourly rate of **$75** for the law clerk, totaling **$8,287.50**. The

total fees awarded will be **$147,738.00.**

   IT IS THEREFORE ORDERED that plaintiffs' motion for attorney's fees be, and the same hereby is, GRANTED, and plaintiffs are awarded fees in the amount of $147,738.00. Pursuant to the July 18, 2011, Stipulation and Order, (Docket No. 127), fees are payable from the bond.

DATED:  September 13, 2011

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE