JEFFREY L. ADAMS, Bar No. 148393
ANNE-MARIE WAGGONER, Bar No. 173407
TARUN MEHTA, Bar No. 262886
LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard, Suite 600
Walnut Creek, CA  94597
Telephone:   925.932.2468
jadams@littler.com
awaggoner@littler.com
tmehta@littler.com

Attorneys for Defendant
R.J. REYNOLDS TOBACCO COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| VICTORIA MCCARTHY, KATHERINE SCHMITT,<br><br>Plaintiffs,<br><br>v.<br><br>R.J. REYNOLDS TOBACCO CO., and DOES 1-10,<br><br>Defendants. | Case No.  09-cv-02495-WBS-DAD<br><br>**DEFENDANT R.J. REYNOLDS TOBACCO COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES INCURRED AFTER TRIAL AND COSTS**<br><br>Date:  October 11, 2011<br>Time:  2:00 p.m.<br>Courtroom 5; 14th Floor<br>The Honorable William B. Shubb |
|---|---|

I.    INTRODUCTION

Plaintiffs Victoria McCarthy and Katherine Schmitt ("Plaintiffs") request that this Court rule on an issue involving attorneys' fees and costs **after** Defendant has already filed a notice of appeal regarding attorneys' fees and costs. Plaintiffs essentially request that this Court amend its prior order awarding $147,738.00, in fees and costs, and increase that amount by $68,210.00. (Docket No. 147.)  However, the Court cannot amend an opinion once a notice of appeal has been filed on that issue. *See Pro Sales, Inc. v. Texaco U.S.A., Inc.*, 792 F.2d 1394, 1396 n.1 (9th Cir. 1986).  For this reason, Plaintiffs' second motion for attorneys' fees should be denied.

Should the Court choose to grant Plaintiffs' second motion for attorneys' fees, thereby amending its prior opinion regarding attorneys' fees (and necessitating the filing a second notice of appeal on this issue), the Court should drastically reduce the amount sought by Plaintiffs.

In their second motion for attorneys' fees and costs, Plaintiffs claim to have incurred $68,210.00 (Sixty-Eight Thousand, Two Hundred and Ten Dollars) in filing two opposition briefs: (1) an opposition to the motion for a new trial or for judgment, or, in the alternative, to amend the judgment to conform to the statutory caps in Title VII, and (2) an opposition to the motion to stay enforcement of the judgment. At an hourly rate of $300.00 (Three Hundred Dollars), Plaintiffs purport to have spent over **198 (One Hundred and Ninety-Eight)** hours to draft two opposition briefs.

The Court should deny Plaintiffs' motion for three reasons: (1) This Court cannot amend an opinion regarding attorneys' fees and costs once a notice of appeal has been filed on that issue; (2) The Court has already ruled that the hourly rate of $300.00 (Three Hundred Dollars) is excessive; and (3) The amount of time purportedly spent drafting two opposition briefs (198 hours) is flagrantly excessive.

## II.    ARGUMENT

### A.    The Court Cannot Amend An Opinion Once A Notice Of Appeal Is Filed.

As stated above, the Court has already ruled on Plaintiffs' motion for attorneys' fees and costs, awarding $147,738.00. (Docket No. 151.)  Defendant timely filed its notice of appeal regarding the issue of attorneys' fees.  (Docket No. 152) (Notice of Appeal as to Order on Motion for Attorneys' Fees and Costs.)  The Court cannot now amend its prior opinion and award a different amount of attorneys' fees and costs because this would render the notice of appeal filed by Defendant moot, and necessitate filing a new notice of appeal on the issue of attorneys' fees and costs. *See Pro Sales, Inc.*, 792 F.2d at 1396 n.1.

Judgment was entered on June 14, 2011, and Defendant filed its motion for judgment, or, in the alternative, a new trial, on July 11, 2011.  (Docket No. 116.)  Plaintiffs therefore were aware that the Court would rule on Defendant's post-trial motions, and that Plaintiffs would incur some post-judgment costs and fees associated with opposing Defendant's motions as of July 11, 2011 (three weeks prior to the date set for the Court's hearing their motion for attorneys' fees and costs).  Plaintiffs could have waited for the Court to hear their motion for attorneys' fees until 14 days after the Court entered judgment on Defendant's post-trial motions without waiving their rights to attorneys' fees and costs.  *Bailey v. County of Riverside*, 414 F.3d 1023, 1025 (9th Cir. 2005).

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES INCURRED AFTER TRIAL AND COSTS         2.         (No. 09-cv-02495-WBS-DAD)

However, Plaintiffs chose to have the Court rule on their motion for attorneys' fees *prior* to this Court's ruling on the post-trial motions. This caused Defendant to file a notice of appeal on the issue of attorneys' fees. (Docket No. 152.) Hence, as a result of Plaintiffs' decision to have the Court rule on their motion for attorneys' fees prior to accumulating all fees and costs associated with this case, Plaintiffs will now have to wait for the attorneys' fees issue to be resolved post-appeal.[1]

### B. The Court Has Ruled That Plaintiffs' Counsel Is Entitled To An Hourly Rate Not To Exceed $285.

In the event the Court does rule on the attorneys' fees issue, the Court should drastically reduce the amount sought by Plaintiffs. In the Court's order granting Plaintiffs' attorneys' fees motion, the Court noted that Plaintiffs requested rate of $375 per hour was excessive, and ordered the hourly rate be reduced to $285. (Docket No. 151.) Based on the Court's rationale in that memorandum and order, the Court should again award a rate not to exceed $285 per hour.[2]

Likewise, Plaintiffs' counsel's representation that his co-counsel should be awarded an hourly rate of $300 is unpersuasive. (Docket No. 147, p. 6.) Plaintiffs represent that Curtis W. Molloy, "is a highly experienced litigator brought in specifically to assist Mr. Bolanos in defending the judgment against post-trial attack by R.J. Reynolds. He has been practicing law for fourteen years in the State of California . . . ." (Id.) However, the only information Plaintiffs have previously

---

[1] Plaintiffs may argue that the district court retains jurisdiction over the issue of attorneys' fees even once a notice of appeal is filed, citing *Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956 (9th Cir. 1983). This argument misses the mark for two reasons: First, Defendant is not arguing that the Court lacks jurisdiction to rule on the issue, and second, *Masalosalo* is easily distinguishable. In that case, the Ninth Circuit held that when a notice of appeal is filed **on the merits** of the underlying case, it does not divest the district court of jurisdiction to rule on the issue of attorneys' fees. *Id.* However, unlike in *Masalosao*, where there was no notice of appeal filed regarding attorneys' fees, in the instant case, Defendant has filed a notice of appeal specifically based on the attorneys' fees award. (Docket No. 152.) Hence, though the issue of jurisdiction is not relevant to Defendant's principal argument, the Court does in fact lack jurisdiction over the attorneys' fees issue because filing the notice of appeal divests this Court of jurisdiction "with respect to all matters involved in the appeal." *See Masalosalo*, 718 F.2d at 956.

[2] Indeed, based on the Court's rationale in the order granting attorneys' fees, Defendant contends that even the rate of $285 per hour is excessive for Plaintiffs' counsel. A more appropriate fee, based on the Court's analysis, would be $200 per hour, as Mr. Bolanos' performance mirrored that of a relatively new associate, rather than a well-established attorney. *See e.g.*, *Millard v. Poswall*, No. Civ. 2:03-01467 WBS GGH, slip op. (E.D. Cal. Apr. 6, 2005) (using hourly rates of $250 and $225) (cited in Docket No. 151, p. 3.); *See also*, *Schultz v. Ichimoto*, No. 1:08-CV-526-OWW-SMS, 2010 U.S. Dist. LEXIS 97602, *26-28 (E.D. Cal. Sept. 7, 2010), citing *Yeager v. Bowlin*, No. 2:08-102-WBS-JFM, 2010 U.S. Dist. LEXIS 63399, * (E.D. Cal. June 3, 2010) (setting attorneys' fees rate at $150 per hour for associates.) In its order setting an attorneys' fees rate of $285 per hour in this case, the Court thoroughly explained why Plaintiffs' counsel failed to demonstrate the skill set necessary to justify a significant hourly rate. (Docket No. 151, pp. 5-6, n.1.) ("In short, Mr. Bolanos' repeated failure to comply with the Local Rules and this court's orders could have resulted in this case being dismissed or plaintiffs being required to proceed to trial without the ability to call witnesses or present evidence.")

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT'S OPPOSITION TO PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES INCURRED
AFTER TRIAL AND COSTS

3.

(No.  09-cv-02495-WBS-DAD)

made available regarding Mr. Molloy's work product is that he was the individual who could not find two Lexis cases cited by Defendant. (Docket No. 140, p.2.)

In Defendant's motion for judgment, or, in the alternative, for a new trial, Defendant provided Lexis citations of two cases which stand for the proposition that Plaintiffs' failure to provide a computation of damages barred them from seeking punitive damages. (Docket No. 117, pp. 31-32.) Plaintiffs filed their opposition to the motion for judgment, and claimed that they could not find those two cases. (Docket No. 139, p. 18.) Plaintiffs then filed an *ex parte* application to continue the hearing on Defendant's motion for judgment, where Plaintiffs represented that Mr. Molloy (who was referred to as "another member of the office") was the attorney who conducted research regarding the issue of whether Plaintiffs were barred from seeking punitive damages. (Docket No. 140, p. 2.) Plaintiffs then represented that Mr. Molloy found two different cases (not those cited by Defendant) and relied on those cases instead of finding the actual cases cited by Defendant. (Id.) Indeed, it was presumably based on Mr. Molloy's "research" that Plaintiffs sought Rule 11 sanctions against Defendant for using an asterisk when citing to cases found on the Lexis database, based on the proper Bluebook format. (Docket No. 139, p. 18, n.4.)

Hence, the only known representation of the work performed by Mr. Molloy demonstrates a complete lack of understanding of the Bluebook format, which lead him to fail to find easily accessible Lexis cases, and make a frivolous demand for sanctions.[3] Even a relatively new associate would reasonably have been expected to avoid these basic errors, as most law students master the Bluebook format while still in law school. Hence, a more appropriate rate for Mr. Molloy is an hourly rate that is less than an average associate. For these reasons, Defendant suggests a more appropriate fee for Mr. Molloy should be an hourly rate not to exceed $125. *See Yeager v. Bowlin*, No. 2:08-102-WBS-JFM, 2010 U.S. Dist. LEXIS 63399, *17-19 (E.D. Cal. June 3, 2010) (setting attorneys' fees rate at $150 per hour for associates.)

---

[3] Mr. Molloy's declaration provides little assistance in ascertaining what work he actually performed post-trial, as his billing entries are simply generic references to "legal research" and meeting with Mr. Bolanos. (Docket No. 147-2, pp. 5-6.)

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANT'S OPPOSITION TO PLAINTIFFS'
MOTION FOR ATTORNEYS' FEES INCURRED
AFTER TRIAL AND COSTS

4.

(No. 09-cv-02495-WBS-DAD)

**C.      Plaintiffs' Claim That Counsel Spent 198 Hours Drafting Two Briefs Is Patently Unreasonable.**

As noted above, Plaintiffs contend that their counsel spent **over 198 (One Hundred and Ninety-Eight)** hours to draft two opposition briefs.[4] However, previously, Plaintiffs only billed for 489.3 hours for the <u>entire case</u> – including trial. (Docket No. 151, p. 7.) This means that preparation of these two opposition briefs purportedly took almost one-third the amount of time Plaintiffs' counsel spent on the entire case. This is an incredible assertion considering that the case has lasted over two years, and in that time Plaintiffs' counsel had to gather information and evidence to draft the Complaint, draft said Complaint, respond to discovery, file two opposition briefs to a summary judgment motion, prepare an opposition to Defendant's motion for judgment, prepare for and attend 7 days of depositions, and prepare for and attend 10 days of trial.[5]

By contrast, Defendant's counsel (where three attorneys were working on the case) billed a total of only 154.2 hours to draft these same two post-trial motions *and* reply papers. (Declaration of Tarun Mehta ¶ 2.) In other words, Defendant billed significantly less hours to file twice as many papers as Plaintiffs. The most Plaintiffs could reasonably claim for filing these two opposition briefs (and all related work pertinent to filing those oppositions) would be half of what Defendant billed (i.e., 77.1 hours). However, even the total hours of 77.1 seems excessive based on the finished work product that constituted Plaintiffs' opposition to the motion for judgment or a new trial. For instance, in both the moving papers and the reply papers in support of the motion for judgment or a new trial, Defendant extensively cited to the record evidence, the transcript and exhibits, whereas Plaintiffs failed to cite to the record at all in their opposition briefs. (Docket Nos.

---

[4] Plaintiffs' total fee request of $68,210.00, at a rate of $300.00 per hour, amounts to 227 hours. However, Mr. Bolanos claims that he spent 122.2 hours on the post-trial motions (Docket No. 147-1, p. 10), whereas Mr. Molloy purportedly spent 76 hours (Docket No. 147-2, p. 6), for a total of 198.2 hours. Plaintiffs also claim to have incurred $8,750.00 in costs. (Docket No. 147-1, p. 4.) It is unclear whether these costs were associated only with filing two opposition briefs or if these costs were incurred throughout the entire trial, as Plaintiffs' counsel does not explain these alleged costs in his declaration. In any event, whether viewed as fees or "costs," the amount requested by Plaintiffs' counsel in drafting two opposition briefs, along with any work pertinent to drafting those briefs, is unreasonable.

[5] Plaintiffs further claim that they did not bill any time for their arguments based on the motion to amend the judgment to conform to the statutory caps in Title VII. (Docket No. 147, p. 4.) That portion of their opposition papers constituted nearly 1/3 of their entire opposition (5 out of 17 pages of their argument). Hence, had Plaintiffs billed for that time as well, one could presumably infer that the total amount demanded by Plaintiffs for filing two opposition briefs may well have exceeded $80,000.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES INCURRED AFTER TRIAL AND COSTS        5.        (No. 09-cv-02495-WBS-DAD)

117, 139, 143.) If Defendant was able to draft these papers with extensive citation to over 1100 pages of transcripts in 154.2 hours, it strains credulity to believe that it would have taken Plaintiffs even 77.1 hours to draft a single opposition with **no** citation to the reporter's transcript.

For these reasons, the Court should reduce the total number of hours billed to no more than 77.1 hours.

### III.  CONCLUSION

The Court may not amend an opinion regarding attorneys' fees and costs now that a notice of appeal has been filed on this issue. For this reason, the Court should deny the motion for attorneys' fees outright. If the Court does rule on the attorneys' fees motion, the Court should reduce Plaintiffs' counsel's hourly rate to an amount not to exceed $285 for Mr. Bolanos, and not to exceed $125 for Mr. Molloy, and should reduce the total number of hours billed so as not to exceed 77.1 hours.

Dated: September 27, 2011

/s/ Tarun Mehta
JEFFREY L. ADAMS
ANNE-MARIE WAGGONER
TARUN MEHTA
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
R.J. REYNOLDS TOBACCO CO.

Firmwide:103790324.1 006886.1028

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES INCURRED AFTER TRIAL AND COSTS      6.      (No. 09-cv-02495-WBS-DAD)