Aldon L. Bolanos, Esq., SBN. 233915
Law Offices of Aldon Bolanos
925 "G" Street
Sacramento, CA 95814
Ph. 916.446.2800
Fx. 916.446.2828
www.aldonlaw.com

Attorney for Plaintiffs V. McCarthy and K. Schmitt

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Victoria McCarthy, Katherine Schmitt,<br><br>　　　　Plaintiffs,<br><br>　　　　vs.<br><br>R.J. Reynolds Tobacco Co., DOES 1-10,<br><br>Defendants. | Case No. 2:09-CV-02495-WBS-DAD<br><br>REPLY BRIEF IN SUPPORT OF MOTION FOR STATUTORY ATTORNEYS' FEES INCURRED *AFTER* TRIAL AND COSTS<br><br>**Date: October 11, 2011**<br>**Time: 02:00 p.m.**<br>**Ctrm: 05**<br><br>**Hon. William B. Schubb** |

I.   INTRODUCTION

　　The defense advances three arguments in opposition to this motion: 1) a second award of attorneys' fees for fees incurred in successfully opposing post-trial motions, and after an initial award for fees incurred in prevailing at trial, is somehow procedurally deficient; 2) the requested hourly rate is too high; and 3) the number of hours expended is unreasonably high.

1

## II. PROCEDURAL BACKGROUND

Immediately after a jury of peers returned a substantial verdict in favor of Ms. McCarthy and Ms. Schmitt in this case, they moved for an award of reasonable attorneys' fees as prevailing parties to a civil rights lawsuit. But after that attorneys' fee motion was filed, defendant R.J. Reynolds filed several substantial post-trial motions in an effort to defeat the jury's decision. These motions included a motion to stay enforcement of the judgment, for a new trial, a motion for judgment notwithstanding the verdict, and a motion to alter or amend the judgment.

Opposing these motions involved a substantial outlay of time and energy for plaintiffs' counsel. For example, the motions for judgment as a matter of law, for a new trial, and to alter the judgment consisted of citation to no fewer than **_sixty separate appellate cases_** over the course of **_forty-three pages of legal analysis_** in the motion alone, with another twenty-six pages of legal analysis in an overlong reply brief containing citation to such diverse legal authority as the Columbia Law Review and Congressional debate records for the Employment Non-Discrimination Act of 1994, 1995, and 1996, and as it points out in opposition "extensive citation to over 1100 pages of transcripts."

The parties then stipulated that enforcement of both the underlying judgment, and the first award of

2

attorneys' fees, and any subsequent fees or costs that "may be awarded" would be stayed, in light of the substantial bond posted by the defendant.  See Docket 160, page 2, line 3.

III. PROCEDURAL PROPRIETY OF A SECOND MOTION FOR FEES

FRCP 50(b) requires that motions for fees be brought within 14 days after entry of judgment.  There is no defense argument that the initial motion was timely brought.  Nor is there a dispute that the first motion for fees was brought prior to the defense bringing their phalanx of post-trial motions.  Rather, the defense contends that "Plaintiffs could have waited…until 14 days after the Court entered judgment on Defendant's post-trial motions."  Opposition, page 2 lines 26-27.

Is there any doubt that had plaintiffs "waited" for the defense, an argument would have been advanced that the motion was untimely filed under Rule 50(b)? Indeed that is exactly what the defendants in Bailey v. County of Riverside, cited in the Defense Opposition, attempted to accomplish: they argued that because the plaintiffs "waited" for the court to resolve post-trial motions before bringing a motion for fees, the motion was untimely!  Bailey v. County of Riverside, 414 F. 3d 1023, 1024.

Indeed, under the simple logic advanced in opposition to this motion, the defense could certainly

have avoided the necessity for a second motion by simply not filing any post-trial motions at all. But the fact remains that the first motion for fees was filed *well before* any subsequent defense motions to throw out the verdict. And the further undisputed reality is that the defense again did not prevail in its efforts to overturn the jury's verdict with its motions. So plaintiffs remained the "prevailing party" under 42 USC 1988, and plaintiffs did incur additional fees in defending the jury's verdict. Those additional fees are unquestionably compensable.

Additionally, it merits consideration that defendant conceded the propriety of this second motion when it sought a stipulation to stay enforcement of both the underlying judgment, the first award of fees, and any subsequent award of fees which "may be awarded" under plaintiff's "pending" second motion for fees and costs. Docket 160, page 1, lines 24-27 ("Defendant has previously posted a bond…which is more than 125% of the total amount awarded to Plaintiffs in judgment and as attorneys' fees and costs (including any fees or costs that may be awarded in connection with Plaintiffs' remaining resolved motion for post-judgment fees).

Surely this court would not countenance the chicanery of a party stipulating to the propriety of a motion when it suits that party (to avoid judgment enforcement) but then allow that party to successfully

1 break the pact and complain the second motion is
2 procedurally improper.
3    Finally, this is not, as defendant suggests, a
4 motion to alter or amend a prior judgment.  This is a
5 motion for an entirely new and separate judgment in
6 favor of plaintiffs in an amount equal to the
7 reasonable fees incurred *after* plaintiffs brought their
8 initial motion for fees and only necessitated *after* the
9 trial in this case.  As the record reflects, it was
10 only *after* the initial motion for fees was brought,
11 that this defendant brought several substantive post-
12 trial motions which required the plaintiffs to incur
13 further attorneys' fees in protecting their jury
14 verdict and subsequent judgment.  Thus, the defense
15 should not be heard to claim that this second motion
16 for fees and costs was unnecessary or precluded or
17 should have been subsumed with the first, because the
18 work reflected in the motion was necessary only after
19 trial, and only after plaintiffs brought their initial
20 timely motion, and only after plaintiffs "prevailed" on
21 those post-trial motions, making them "prevailing
22 parties" under the <u>Civil Rights Attorneys' Fees Awards</u>
23 <u>Act of 1976</u>, codified as 42 USC section 1988.
24
25 IV.  <u>REASONABLENESS OF HOURLY RATE</u>
26    On the issue of a reasonable hourly rate, the
27 defense is correct to suggest that the rate should be
28 $285 per hour, instead of the requested $300, based on

5

1 the court's prior order.  That point is conceded here.
2 **Both Mr. Bolanos and Mr. Molloy accept that their**
3 **reasonable hourly rate is properly $285 per hour.**
4     The defense goes on to personally disparage Mr.
5 Bolanos in footnote 2 of the opposition, stating his
6 performance "mirrored that of a relatively new
7 associate."  Bluntly, we will allow the unanimous 10-0
8 verdict for *eight hundred thousand dollars* to speak to
9 the relative performance in legal advocacy in this
10 matter.
11     Regarding further mudslinging against Mr. Molloy,
12 the defense makes assumptions at its own peril.  The
13 "basic error" in Bluebook citation was not made by Mr.
14 Molloy, but was in fact made by Mr. Kosla, the "other
15 member of the office" whom plaintiff declined to
16 identify by name so as to maintain some semblance of
17 professional decorum.  At the time, Mr. Kosla was a
18 second year law student at the local law school, and
19 yet now his trial experience and success already
20 substantially outstrips that of Mr. Mehta, author of
21 the slanderous remarks.
22     Notwithstanding the foregoing, the fact remains
23 that Mr. Molloy is an indispensible part of the
24 plaintiff's legal team. He has assumed control of the
25 case on appeal, with experience comparable to that of
26 the defense's two trial attorneys and well-exceeding
27 their junior attorney helper.  And while his reasonable
28 hourly rate in this legal community in fact far

6

outpaces $285 per hour, for purposes of crystallizing issues now before the court the plaintiffs do concede that $285 is a reasonable rate in calculating this motion.[1]

## V.   REASONABLENESS OF NUMBER OF HOURS EXPENDED

With respect to the third defense argument, that the number of hours expended is unreasonably high because it is equivalent to almost 1/3rd of the hours spent on the underlying case, the defense is making a false comparison.  The underlying case was handled solely by Mr. Bolanos, and for a substantial period of time only required him to review documents and prepare witnesses for deposition.  It was only as trial approached, as trial occurred, and on post-trial proceedings that substantially more time and attention was required, as the defense engaged in scorched earth litigation by engaging in substantial law and motion work right up to the date of trial and thereafter. Thus, in many respects, due to the defense's own litigation strategy, substantially more attorney hours are required in this case after trial than before, as obscure and needling points of law are raised as a defense to the people's decision.

---

[1] Let us not fail to remember that defense counsel had not previously quibbled with the hourly rate of $375 requested by plaintiffs, doubtlessly in order to avoid any discovery into what they themselves were charging their client.

7

1  In the Ninth Circuit, attorneys meet their burden
2 of demonstrating the reasonableness of hours worked and
3 rates claimed by simply listing their hours and
4 identifying the general subject matter of the time
5 expenditures. <u>Fischer v. SJB-P.D. Inc</u>., 214 F. 3d
6 1115.
7  Therefore, the billing sheets are substantial
8 evidence when viewed in light of the defense post-trial
9 motions and the legal trivia buried in those papers.
10 Indeed these various subplots required plaintiffs
11 counsel, cognizant of this court's prior admonishment
12 to engage in a fundamentally more thorough prosecution
13 of the case, to devote substantial time and energy to
14 protecting the jury's verdict from collateral attack.
15 The work of two attorneys necessarily means the
16 expenditure of more attorney hours, and the numerous
17 and varied legal arguments advanced in the defense
18 motions absolutely necessitated a substantial outlay of
19 time and analysis to ensure an adequate and competent
20 response.

## VI.  CONCLUSION

 Based on the foregoing, it is respectfully
requested that this court enter an order awarding fees
to prevailing plaintiffs in the amount of ,
representing x hours worked at the rate of $285 per
hour, along with costs incurred of x, for a total of y.

Dated: October 04, 2011       /s/ Aldon L. Bolanos, Esq.

                              ATTORNEY FOR PLAINTIFFS